SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
ANNE KRAMER (SBN 315131)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
*Attorneys for Plaintiff Kent Hassell,*
on his own behalf and on behalf of
all others similarly situated

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENT HASSELL, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., d/b/a UBER EATS,<br><br>Defendant. | Case No. ___________________<br><br>**CLASS ACTION COMPLAINT**<br><br>1. FAILURE TO REIMBURSE FOR BUSINESS EXPENSES (CAL. LAB. CODE § 2802, WAGE ORDER 9-2001)<br>2. MINIMUM WAGE (CAL. LAB. CODE §§ 1197, 1194, 1182.12, 1194.2, 1197.1, 1199, WAGE ORDER 9-2001)<br>3. OVERTIME (CAL. LAB. CODE §§ 1194, 1198, 510, AND 554, WAGE ORDER 9-2001)<br>4. FAILURE TO PROVIDE ACCURATE ITEMIZED PAY STATEMENTS (CAL. LAB. CODE §§ 226(A) AND WAGE ORDER 9-2001)<br>5. UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES CAL. LAB. BUS. & PROF. CODE §§ 17200-17208)<br>6. DECLARATORY JUDGMENT (28 U.S.C. §§ 2201-02) |

## I. INTRODUCTION

1. This case is brought by Kent Hassell, who has worked as an Uber Eats driver in California. Uber Eats, a division of Uber Technologies, Inc., provides on-demand food delivery services. Uber Eats is based in San Francisco, California, and it does business across the United States and extensively throughout California.

2. As described further below, Uber Eats has misclassified its delivery drivers as independent contractors (just as Uber Technologies, Inc. has miclassified its rideshare drivers). Uber Eats has thereby deprived its drivers, including Plaintiff Kent Hassell, of protections they are entitled to under the California Labor Code. Based on the delivery drivers' misclassification as independent contractors, Uber Eats has unlawfully required the drivers to pay business expenses (including, but not limited to, the cost of maintaining their vehicles, gas, insurance, phone and data expenses, and other costs) in violation of Cal. Lab. Code § 2802. Uber Eats has also failed to guarantee and pay its drivers minimum wage for all hours worked, and it has failed to pay overtime premiums for hours worked in excess of eight hours per day or forty hours per week in violation of Cal. Lab. Code §§ 1182.12., 1194.2, 1194, 1197, 1197.1, 1198, 1199, 510, and 554. Uber Eats has also failed to provide proper itemized wage statements that include all of the requisite information, including hours worked and hourly wages that are accessible outside the Uber Eats Application in violation of Cal. Lab. Code § 226(a). Uber Eats has also failed to provide sick leave as required by California law in violation of Cal. Lab. Code § 246. Uber Eats' continued misclassification of its delivery drivers as independent contractors is willful misclassification in violation of Cal. Lab. Code § 226.8.

3. Indeed, the California legislature has now passed a statute known as Assembly Bill 5 (or "A.B. 5"), which codifies the 2018 California Supreme Court decision, Dynamex Operations W., Inc. v. Superior Court (2018) 4 Cal.5th 903, 416 P.3d1, reh'g denied (June 20, 2018), under which an alleged employer cannot justify classifying workers as independent

contractors who perform services within its usual course of business. See Cal. Lab. Code § 2750.3. It has been widely recognized by the California legislature, including the bill's author, that the purpose and intent of this statute is to ensure that companies, including specifically Uber, stop misclassifying their workers as independent contractors. Although Uber attempted to obtain a "carve-out" from this statute, it did not obtain such an exemption, and the legislature passed the statute so that it would include Uber Eats drivers. Nevertheless, Uber Eats has defied this statute and continued to classify its delivery drivers as independent contractors – in violation of the clear intent of the California legislature. This ongoing defiance of the law constitutes willful violation of California law.

4. Uber Eats has harmed delivery drivers like Kent Hassell by these violations, as delivery drivers struggle to support themselves without the employment protections mandated by the State of California.

5. Plaintiff brings these claims on behalf of himself and others similarly situated pursuant to Fed. R. Civ. P. 23. He seeks recovery of damages for himself and the class, as well as declaratory and injunctive relief, requiring Uber Eats to reclassify its drivers as employees in California.

## II. PARTIES

6. Plaintiff Kent Hassell is an adult resident of Cypress, California, where he has worked as an Uber Eats driver since January 2020. Plaintiff opted out of Uber's arbitration clause.

7. The above-named plaintiff has brought this action on his own behalf and behalf of all others similarly situated, namely all other individuals who have worked as Uber Eats delivery drivers in California.

8. Defendant Uber Technologies, Inc. d/b/a Uber Eats ("Uber Eats") is a corporation headquartered in San Francisco, California.

## III. JURISDICTION

9. This Court has jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since Defendant is a California citizen and, upon the filing of this complaint, members of the putative plaintiff class may reside in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

10. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and Rule 57 of the Federal Rules of Civil Procedure.

## IV. STATEMENT OF FACTS

11. Uber Eats is a San Francisco-based food delivery service, which engages drivers across the state of California to deliver food to its customers at their homes and businesses.

12. Uber Eats offers customers the ability to order food via a mobile phone application, which its drivers then deliver.

13. Plaintiff Kent Hassell has driven for Uber Eats since January 2020.

14. Although Uber Eats has classified Plaintiff (like all of its delivery drivers) as an "independent contractor," Plaintiff has actually been Uber Eats' employee under California law.

15. Uber Eats drivers, including Plaintiff, provide a service in the usual course of Uber Eats' business because Uber Eats is a food delivery service that provides on-demand meals to its customers, and delivery drivers such as Plaintiff perform that food delivery service. Uber Eats holds itself out as a food delivery service, and it generates revenue primarily from customers paying for the very food delivery services that its delivery drives provide. Without delivery drivers to provide the food delivery, Uber Eats would not exist.

16. Uber Eats also requires its drivers, including Plaintiff, to abide by a litany of policies and rules designed to control the delivery drivers' work performance. Uber Eats both retains the right to, and does in fact exercise, control over the delivery drivers' work.

17. Uber Eats delivery drivers, including Plaintiff, are not typically engaged in their own transportation business. When delivering for Uber Eats, they wear the "hat" of Uber Eats." Customers cannot request specific Uber Eats delivery drivers; instead, Uber Eats assigns particular deliveries to drivers.

18. Uber Eats communicates directly with customers and follows up with delivery drivers if the customer complains that the delivery failed to meet their expectations. Based on any customer feedback, Uber Eats may suspend or terminate delivery drivers at its sole discretion.

19. Uber Eats drivers are engaged in interstate commerce. Indeed, drivers frequently transport food and beverages that originated across state lines (including food and beverages, such as sodas and chips, that are not transformed at the restaurants from which drivers deliver the meals to customers).

20. Uber Eats does not require delivery drivers to possess any skill above and beyond that necessary to obtain a regular drivers' license.

21. Delivery drivers' tenure with Uber Eats is for an indefinite amount of time.

22. Uber Eats provides the delivery drivers with the primary instrumentality with which they can perform services for Uber Eats, namely the Uber Eats' software.

23. Uber Eats sets the rate of pay for delivery drivers' services and changes the rate of pay in its sole discretion.

24. Drivers' vehicles must meet Uber Eats' quality standards, which it determines and may change at any time at its sole discretion.

25. Uber Eats may make promotional offers to customers that reduce delivery drivers' income without consulting drivers.

26. Uber Eats monitors deliver drivers' performance and may suspend or terminate delivery drivers who do not accept enough deliveries, cancel too many deliveries, do not

maintain high customer satisfaction ratings, or engage in other conduct that Uber Eats, in its sole discretion, may determine constitutes grounds for suspension or termination.

27. Uber Eats does not reimburse delivery drivers for any expenses they incur while working for Uber Eats, including, but not limited to, the cost of maintaining their vehicles, gas, insurance, and phone and data expenses for running the Uber Eats Application. Delivery drivers incur these costs as a necessary expenditure to work for Uber Eats, which California law requires employers to reimburse.

28. Uber Eats has violated Cal. Lab. Code §§ 1194 and 1197 by failing to assure that delivery drivers, including Plaintiff, make the applicable minimum wage for all hours worked, after accounting for their expenses and other deductions taken from their pay. The hours they work include hours driving to a restaurant to pick up food, driving to the customer to deliver food, and driving between deliveries while awaiting their next delivery assignment.

29. For example, the week of May 6, 2020 to May 10, 2020, Plaintiff Hassell only earned $ 9.90 per hour when accounting for all of his time spent on the Uber Eats Application and after deducting expenses for mileage driven picking up and delivering food items and between deliveries (calculated at the IRS standard reimbursement rate).

30. Uber Eats has violated Cal. Lab. Code §§ 1194, 1198, 510 and 554 by failing to pay its delivery drivers like Plaintiff the appropriate overtime premium for all overtime hours worked beyond forty per or eight per day.

31. For example, Plaintiff Hassell has worked more than eight hours per day and more than forty per week at various times since he began delivering for Uber Eats and was never paid the appropriate premium for all hours worked beyond eight per day or forty per week. For example, for the week of February 3, 2020 to February 10, 2020, Plaintiff Hassell worked forty-four (44) hours and two minutes. However, he did not receive time-and-a-half his regular rate of pay for the time he spent driving beyond forty hours that week. The hours that drivers such as

Plaintiff have worked include hours spent picking up deliveries, dropping off deliveries, and time spent between deliveries while awaiting the next delivery assignment.

32. Uber Eats has violated Cal. Lab. Code § 226(a) by failing to provide proper itemized wage statements that include all of the requisite information required by California law, including hours worked and hourly wages and has failed to provide pay statements that are accessible to drivers outside of the Uber Eats Application.

33. Uber Eats is in violation of Cal. Lab. Code § 246 by not providing paid sick days to its delivery drivers such as Kent Hassell as required by California law. This provision requires employers to allow employees to accrue sick days at the rate of not less than one hour for every thirty hours worked, which they can use after working for the employer for 30 days within a year from the start of their employment and allows employees to use up to 24 hours of sick leave annually. Plaintiff Hassell has not been accruing paid sick days since starting to work for Uber Eats in January 2020.

34. On April 30, 2018, the California Supreme Court issued its decision in Dynamex, which makes clear that Uber Eats delivery drivers should be classified as employees rather than independent contractors under California law for purposes of wage-and-hour statutes. Under the "ABC" test adopted in Dynamex, in order to justify classifying the delivery drivers as independent contractors, Uber Eats would have to prove that its delivery drivers perform services outside its usual course of business, which it cannot do. Notwithstanding this decision, Uber Eats has continued to misclassify its drivers as independent contractors.

35. Furthermore, the California legislature has now taken steps to clarify and codify the "ABC" test set forth in the Dynamex decision by passing Assembly Bill 5, which has been passed into law by the California legislature and went into effect on January 1, 2020. The legislature has clearly intended for Uber to be covered by this statute; indeed, the author of the statute, Assemblywoman Lorena Gonzalez, has made clear that Uber (and similar "gig economy"

companies) would not be exempted from the law. Although Uber specifically lobbied to obtain a "carve-out" exemption from the law, it did not receive a carve-out from the legislature. Uber is now one of several "gig economy" companies that have pledged more than $100 million to fund a ballot initiative seeking a carve-out for "gig economy" companies from A.B. 5. Uber's actions in opposing the law – and its expressed concern that the law would have a major impact on its business – are an acknowledgment that this law requires it to classify its drivers as employees and provide employees with the protection of the California Labor Code.

## V. CLASS ALLEGATIONS

36. Plaintiff Kent Hassell brings this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Uber Eats drivers who have worked in California.

37. The class representative and other class members have uniformly been misclassified as independent contractors.

38. The members of the class are so numerous that joinder of all class members is impracticable.

39. Common questions of law and fact regarding Uber Eats' conduct exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether the work performed by class members – providing food delivery service to customers – is within Uber Eats' usual course of business, and whether such service is fully integrated into Uber Eats' business;

b. Whether class members have been required to work under Uber Eats' direction and control;

c. Whether class members are engaged in an independently established business or occupation while they are delivering food to Uber Eats' customers;

d. Whether class members have been required to bear the expenses of their employment, such as expenses for their vehicle, gas, and other expenses;

e. Whether class members have suffered other violations of the California Labor Code and Wage Orders, as described herein.

40. The class representative is a member of the class who suffered damages as a result of Defendant's conduct and actions alleged herein.

41. The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as other members of the class.

42. The named plaintiff will fairly and adequately represent and protect the interests of the class. The named plaintiff has retained able counsel experienced in class action litigation. The interests of the name plaintiff is coincident with, and not antagonistic to, the interests of the other class members.

43. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, the relief sought here – that Uber Eats should be ordered to classify its delivery drivers as employees and provide them with expense reimbursement in compliance with California law – is relief that would affect a class of delivery drivers. Also, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

**COUNT I**
**Declaratory Judgment**
**Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202**

45. An actual controversy of sufficient immediacy exists between the Parties as to whether Uber Eats has failed to comply with its obligations under the California Labor Code, as described above.

46. Uber Eats' conduct in misclassifying its drivers, including Plaintiff Hassell, as independent contractors, failing to ensure that they are reimbursed for their necessary business expenditures, failing to ensure that they receive minimum wage for all hours worked, overtime pay, and other protections of California's Labor Code and Wage Orders, contravenes California state law, including newly enacted A.B. 5 and Cal. Lab. Code § 2750.3.

47. As a result of the factual allegations above, Plaintiff Hassell and all Uber Eats drivers in California have suffered actionable harm, as they are not properly compensated for their work for Uber Eats.

48. Plaintiff seeks an order of this Court pursuant to 28 U.S.C. §§ 2201-02 and Fed. R. Civ. P. 57 declaring that, as a result of its misclassification of its delivery drivers, Uber Eats has violated the California Labor Code and Wage Orders and declaring that Uber Eats must comply with the Labor Code and Wage Orders.

**COUNT II**
**Expense Reimbursement**
**Violation of Cal. Lab. Code § 2802; Wage Order 9-2001**

49. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. Uber Eats' conduct, as set forth above, in misclassifying its delivery drivers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, including but not limited to, gas, insurance, car

maintenance, and phone and data charges, constitutes a violation of California Labor Code Sections 2802, 2750.3(a) and Wage Order 9-2001.

50. This claim is brought on behalf of a class of similarly situated individuals who have worked as delivery drivers for Uber Eats in the State of California.

**COUNT III**
**Minimum Wage**
**Violation of Cal. Lab. Code §§ 1197, 1194, 1182.12, 1194.2, 1197.1, 1199; Wage Order 9-2001**

51. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. Uber Eats' conduct, as set forth above, in failing to ensure its delivery drivers receive minimum wage for all hours worked as required by California law, violates Cal. Lab. Code §§ 1197, 1194, 1182.12, 1197.1, 1199, 2750.3, and Wage Order 9-2001.

52. This claim is brought on behalf of a class of similarly situated individuals who have worked as delivery drivers for Uber Eats in the State of California.

**COUNT IV**
**Overtime**
**Violation of Cal. Lab. Code §§ 1194, 1198, 510, and 554; Wage Order 9-2001**

53. Plaintiff Hassell realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. Defendant's conduct, as set forth above, in failing to pay its employees the appropriate overtime premium for overtime hours worked as required by California law, violates Cal. Lab. Code §§ 1194, 1198, 510, 554, 2750.3, and Wage Order 9-2001.

54. This claim is brought on behalf of a class of similarly situated individuals who have worked as delivery drivers for Uber Eats in the State of California.

**COUNT V**
**Failure to Provide Accurate Itemized Pay Statements**

**Violation of Cal. Lab. Code § 226(a), Wage Order 9-2001**

55. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. Uber Eats' conduct, as set forth above, in failing to provide itemized wage statements, as required by California state law, violates Cal. Lab. Code §§ 226(a), 2750.3 and Wage Order 9-2001.

56. This claim is brought on behalf of a class of similarly situated individuals who have worked as delivery drivers for Uber Eats in the State of California.

**COUNT VI**
**Unfair Business Practices**
**Violation of Cal. Bus. & Prof. Code § 17200, *et seq.***

57. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. Defendant's conduct, as set forth above, in continuing to classify delivery drivers as independent contractors notwithstanding the California Supreme Court's decision in Dynamex Operations W., Inc. v. Superior Court (2018) 4 Cal.5th, 903, 416 P.3d 1, reh'g denied (June 20, 2018), the California Legislature's passage of A.B. 5, and the newly amended Cal. Lab. Code § 2750.3, which sets forth the "ABC" test to define "employee" for purposes of the California Labor Code, all of which makes clear that Uber Eats drivers are employees under California law, violates Cal. Lab. Code § 226.8.

58. Uber Eats' willful misclassification and other conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"). Uber Eats' conduct constitutes unlawful business acts or practices, in that Uber Eats has violated California Labor Code §§ 2802, 1194, 1198, 510, 554, 1197, 1194, 1182.12, 1194.2, 1197.1, 226.8, 226(a), and 246.

59. As a result of Uber Eats' unlawful conduct, Plaintiff and class members have suffered injury in fact and lost money and property, including, but not limited to, business expenses that drivers were required to pay and wages that drivers were due. Pursuant to

California Business and Professions Code § 17203, Plaintiff and class members seek declaratory and injunctive relief for Uber Eats' unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and class members who worked for Uber Eats are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

60. This claim is brought on behalf of a class of similarly situated individuals who have worked as delivery drivers for Uber Eats in the State of California.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Declare that Uber Eats' actions described in this Complaint violate the rights of Plaintiff and Uber Eats delivery drivers throughout California;

b. Declare and find that Uber Eats has violated Wage Order 9-2001, and the UCL, and Cal. Lab. Code §§ 226(a), 226.3, 226.7, 246, 510, 554, 1197, 1194, 1182.12, 1194.2, 1197.1, 2802, 2750.3.

c. Certify a class action under Count I through VI and appoint Plaintiff Kent Hassell, and his counsel, to represent a class of Uber Eats drivers who have worked in the State of California;

d. Award compensatory damages including all expenses and wages owed, in an amount according to proof;

e. Award pre- and post-judgment interest;

f. Award reasonable attorneys' fees, costs, and expenses;

g. Issue a declaratory judgment that Uber Eats has violated the California Labor Code and Wage Orders, and local ordinances set forth herein, in connection with its misclassification of drivers as independent contractors;

h. Issue public injunctive relief in the form of an order requiring Uber Eats to comply with the California Labor Code and Wage Orders and other provisions cited herein; and

i. Any other relief to which Plaintiff and the class may be entitled.

Respectfully submitted,

KENT HASSELL, on behalf of himself and all others similarly situated,

By his attorneys,

Shannon Liss-Riordan

Shannon Liss-Riordan, SBN 310719
Anne Kramer, SBN 315131
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com, akramer@llrlaw.com

Dated: June 18, 2020