ANDREW M. SPURCHISE, Bar No. 245998
aspurchise@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
Telephone:   212.583.9600
Facsimile:   212.832.2719

SOPHIA BEHNIA, Bar No. 289318
sbehnia@littler.com
BRIDGET O'HARA, Bar No. 313945
bohara@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone:   415.433.1940
Facsimile:   415.399.8490

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KENT HASSELL, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., d/b/a UBER EATS,<br><br>Defendants. | Case No. 4:20-cv-04062-PJH<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      September 9, 2020<br>Time:      9:00 a.m.<br>Ctrm.:    3, 3rd Floor |

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT AND STRIKE CLASS
ALLEGATIONS; MPA

CASE NO. 4:20-CV-04062-PJH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 9, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Phyllis J. Hamilton, in Courtroom 3 of the United States District Court for the Northern District of California in the Oakland Courthouse, Third Floor, 1301 Clay Street, Oakland, California, Defendant Uber Technologies, Inc. ("Uber") will and hereby does move this Court, pursuant to Rules 12 and 23(d)(1)(D) of the Federal Rules of Civil Procedure, for an order dismissing with prejudice Plaintiff Kent Hassell's ("Hassell") Class Action Complaint and striking his class allegations. This motion is brought on the grounds that Hassell's claims fail as a matter of law. Uber therefore moves the Court to dismiss the action in its entirety. In the alternative, to the extent the Court permits some of Hassell's claims to proceed, the Court should strike Hassell's class allegations because the Court cannot certify a class in which the vast majority of members are required to individually arbitrate their claims. At a minimum, Hassell's class claims should be stricken to the extent they are brought on behalf of those bound by arbitration agreements.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Brad Rosenthal filed herewith, the Request for Judicial Notice filed herewith, all papers and pleadings from this case on file with the Court, all other matters of which the Court may take judicial notice, any further evidence or argument offered to the Court at the hearing on this Motion, and any other matters that the Court may consider.

Dated: August 4, 2020

/s/ Sophia Behnia
ANDREW M. SPURCHISE
SOPHIA BEHNIA
BRIDGET O'HARA
LITTLER MENDELSON, P.C.
Attorneys for Defendant
UBER TECHNOLOGIES, INC.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

CASE NO. 4:20-CV-04062-PJH

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED............................ 9

II.   FACTUAL AND PROCEDURAL BACKGROUND............................................... 10

    A.  Uber's Platform Access Agreement And Arbitration Agreement. ......................... 10

    B.  Plaintiff's Claims. ...................................................................... 11

III.  THE COURT SHOULD DISMISS HASSELL'S CLAIMS.................................... 12

    A.  Legal Standard for Motion to Dismiss. ................................................. 12

    B.  Hassell Fails to Adequately Plead His Allegations..................................... 12

        1. Hassell Fails to State a Claim for Reimbursement of Business Expenses (Count II)......... 12

        2. Hassell Fails to State a Claim for Minimum Wage Violations (Count III). ...................... 15

        3. Hassell Fails to State a Claim for Failure to Pay Overtime Premiums (Count IV). ........... 18

        4. Hassell Fails to State a Claim for Failure to Provide Accurate Itemized Pay Statements (Count V). ...................................................................... 20

        5. Hassell Fails to State a Claim for Unfair Business Practices (Count VI).......................... 21

        6. Hassell Fails to State a Claim for Declaratory Judgment (Count I). ................................. 24

IV.   HASSELL'S SWEEPING CLASS ALLEGATIONS SHOULD BE DISMISSED OR STRICKEN ............................................................................ 26

    A.  Legal Standard for Motion to Strike. ................................................... 27

    B.  Hassell Cannot Make an Adequate Showing Under Rule 23. ............................ 28

    C.  Hassell's Claims Lack Commonality, Predominance, and Superiority................... 30

    D.  Hassell is Not a Typical or Adequate Class Representative. ............................ 31

    E.  Hassell's Class Claims Should Be Dismissed With Prejudice. .......................... 32

V.    CONCLUSION .......................................................................... 33

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

1.

CASE NO. 4:20-CV-04062-PJH

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Barnett*,
   2011 WL 2415383 (N.D. Cal. June 15, 2011) ........................................................22

*Amchem Prod., Inc. v. Windsor*,
   521 U.S. 591 (1997).................................................................................................31

*Angeles v. U.S. Airways, Inc.*,
   2013 WL 622032 (N.D. Cal. Feb. 19, 2013) ...........................................................21

*Armour & Co. v. Wantock*,
   323 U.S. 126 (1944).................................................................................................17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................... *passim*

*Avilez v. Pinkerton Gov't Servs., Inc.*,
   596 F. App'x 579 (9th Cir. 2015) .......................................................................28, 31

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................... *passim*

*Biederman v. Nw. Tr. Servs., Inc.*,
   2015 WL 3889371 (C.D. Cal. June 24, 2015) .........................................................25

*Bruno v. Quten Research Inst., LLC*,
   280 F.R.D. 524 (C.D. Cal. 2011) ............................................................................32

*by ZB, N.A. v. Superior Court*,
   8 Cal. 5th 175 (2019)...............................................................................................26

*Byrd v. Masonite Corp.*,
   2016 WL 756523 (C.D. Cal. Feb. 25, 2016)......................................................20, 21

*Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*,
   217 F. Supp. 2d 1028 (C.D. Cal. 2002) ..................................................................27

*Capriole v. Uber Techs., Inc.*,
   2020 WL 2563276 (N.D. Cal. May 14, 2020) .........................................................11

*Carter v. Rasier-CA, LLC*,
   724 F. App'x 586 (9th Cir. 2018) ............................................................................16

*Carter v. Rasier-CA, LLC*,
   2017 WL 4098858 (N.D. Cal. Sept. 15, 2017) ........................................................16

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

2.

CASE NO. 4:20-CV-04062-PJH

*Cervantes v. Countrywide Home Loan Servs., Inc.*,
   656 F.3d 1034 (9th Cir. 2011) ...................................................................................32

*In re Checking Account Overdraft Litig.*,
   780 F.3d 1031 (11th Cir. 2015) .................................................................................31

*Christie v. Tuesday Morning, Inc.*,
   2015 WL 12781053 (C.D. Cal. May 27, 2015) ........................................................19

*Colopy et al. v. Uber Techs. Inc.*,
   2019 WL 6841218 (N.D. Cal Dec. 1, 2019) ...............................................................9

*Colopy et al. v. Uber Techs. Inc.*,
   No. 19-cv-06462-EMC, 2020 WL 3544982 (N.D. Cal June 30, 2020)..............................9, 24

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013)......................................................................................................30

*Cont'l Cas. Co. v. Nationwide Mut. Ins. Co.*,
   2014 WL 12607694 (C.D. Cal. Nov. 3, 2014) ..........................................................25

*Del Rio v. Uber Techs., Inc.*,
   2016 U.S. Dist. LEXIS 40615 (N.D. Cal. Mar. 28, 2016).........................................17

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (2014)...................................................................................................13

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) ...................................................................................27

*Flores v. Supervalu, Inc.*,
   509 F. App'x 593 (9th Cir. 2013) ..............................................................................32

*Francisco v. Emeritus Corp.*,
   2017 WL 7790038 (C.D. Cal. July 14, 2017) ...........................................................27

*Franke v. Anderson Merchandisers LLC*,
   2017 WL 3224656 (C.D. Cal. July 28, 2017) ...........................................................14

*Gardner v. Safeco Ins. Co. of Am.*,
   2014 WL 2568895 (N.D. Cal. June 6, 2014) ............................................................22

*Gattuso v. Harte-Hanks Shoppers, Inc.*,
   42 Cal. 4th 554 (2007)...............................................................................................14

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982).............................................................................................27, 31

*Graham v. U.S. Bank, Nat'l Ass'n*,
   2015 WL 10322087 (D. Or. Dec. 2, 2015) ...............................................................25

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

3.

CASE NO. 4:20-CV-04062-PJH

*Hammitt v. Lumber Liquidators*,
   19 F. Supp. 3d 989 (S.D. Cal. 2014)...............................................................15, 16

*Harding v. Time Warner, Inc.*,
   2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) ...................................................12

*Harris v. Best Buy Stores, L.P.*
   2018 WL 984220 (N.D. Cal. Feb. 20, 2018) ....................................................20

*Iolani Islander, LLC v. Stewart Title Guar. Co.*,
   2017 WL 11139924 (D. Haw. Nov. 7, 2017) ...................................................26

*Iqbal. Reilly v. Recreational Equip., Inc.*,
   2019 WL 1024960 (N.D. Cal. Mar. 4, 2019)............................................. *passim*

*Joyce v. Office of Architect of Capitol*,
   966 F.Supp.2d 15 (D.D.C. 2013) ....................................................................24

*Kellgren v. Petco Animal Supplies, Inc.*,
   2015 WL 5167144 (S.D. Cal. Sept. 3, 2015) ...................................................23

*Lee v. Postmates Inc.*,
   2018 WL 6605659 (N.D. Cal. Dec. 17, 2018) .......................................14, 16, 26

*Lee v. Postmates*,
   2018 WL 4961802 (N.D. Cal. Oct. 5, 2018) ....................................................29

*Levin v Caviar, Inc.*,
   146 F.Supp.3d 1146 (N.D. Cal May 1, 2019) ..................................................29

*Loo v. Toyota Motor Sales, USA, Inc.*,
   2019 WL 7753448 (C.D. Cal. Dec. 20, 2019) .................................................22

*Lopez v. Wendy's Int'l, Inc.*,
   2011 WL 6967932 (C.D. Cal. Sept. 19, 2011) .................................................18

*Lozano v. AT & T Wireless Servs., Inc.*,
   504 F.3d 718 (9th Cir. 2007) ..........................................................................28

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992).......................................................................................13

*Magadia v. Wal-Mart Assocs., Inc.*,
   384 F. Supp. 3d 1058 (N.D. Cal. 2019) ..........................................................21

*Magana v. DoorDash, Inc.*,
   343 F. Supp. 3d 891 (N.D. Cal. 2018) ............................................................29

*Mangindin v. Wash. Mut. Bank*,
   637 F. Supp. 2d 700 (N.D. Cal. 2009) ............................................................25

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

4.

CASE NO. 4:20-CV-04062-PJH

*Mantolete v. Bolger*,
    767 F.2d 1416 (9th Cir. 1985) ..................................................................28

*McMillan v. Bank of America, N.A.*,
    2014 WL 12521701 (S.D. Cal. Nov. 12, 2014) ........................................25

*Melendres v. Arpaio*,
    784 F.3d 1254 (9th Cir. 2015) ..................................................................32

*Mohamed v. Uber Techs., Inc.*,
    848 F.3d 1201 (9th Cir. 2016) ..................................................................10

*Mohammad v. King City Police Dep't*,
    2017 WL 2617980 (N.D. Cal. June 16, 2017)...........................................32

*Mort v. United States*,
    86 F.3d 890 (9th Cir. 1996) ......................................................................22

*Mullins v. Premier Nutrition Corp.*,
    2018 WL 510139 (N.D. Cal. Jan. 23, 2018) .............................................23

*O'Connor v. Uber Techs. Inc.*,
    58 F.Supp.3d 989 (N.D. Cal. 2014) ................................................. *passim*

*O'Connor v. Uber Techs., Inc.*,
    904 F.3d 1087 (9th Cir. 2018) .........................................................9, 28, 31

*Philips v. Ford Motor Co.*,
    2015 WL 4111448 (N.D. Cal. July 7, 2015)..............................................22

*Pickrell v. Sorin Grp. USA, Inc.*,
    293 F. Supp. 3d 865 (S.D. Iowa 2018) .....................................................25

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011) ....................................................................27

*Price v. Starbucks Corp.*,
    192 Cal. App. 4th 1136 (2011) .................................................................21

*Pryor v. Aerotek Sci., LLC*,
    2011 WL 13133757 (C.D. Cal. Mar. 14, 2011).........................................19

*Rice v. Fox Broad. Co.*,
    330 F.3d 1170 (9th Cir. 2003) ..................................................................22

*Schroeder v. United States*,
    569 F.3d 956 (9th Cir. 2009) ....................................................................22

*Seattle Audubon Soc. v. Moseley*,
    80 F.3d 1401 (9th Cir. 1996) ....................................................................25

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

5.

CASE NO. 4:20-CV-04062-PJH

*Skidmore v. Swift & Co.*,
  323 U.S. 134 (1944)................................................................................................17

*Stuart v. RadioShack Corp.*,
  641 F. Supp. 2d 901 (N.D. Cal. 2009) ...................................................................15

*Tan v. GrubHub, Inc.*,
  171 F. Supp. 3d 998 (N.D. Cal. 2016) ..........................................................*passim*

*Thomas- Byass v. Michael Kors Stores (Cal.), Inc.*,
  2015 WL 13756100 (C.D. Cal. Sept. 16, 2015). ...................................................20

*Thurman v. Bayshore Transit Mgmt., Inc.*,
  203 Cal. App. 4th 1112 (2012) ..............................................................................26

*Tietsworth v. Sears*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) .................................................................28

*In re Titanium Dioxide Antitrust Litig.*,
  962 F. Supp. 2d 840 (D. Md. 2013) .......................................................................30

*Titsworth v. SKO Brenner Am., Inc.*,
  2012 WL 13013042 (C.D. Cal. Aug. 15, 2012).....................................................27

*Titus v. McLane Foodservice, Inc.*,
  2016 WL 4797497 (E.D. Cal. Sept. 14, 2016)........................................................26

*Tschudy v. J.C. Penney Corp., Inc.*,
  2015 WL 8484530 (S.D. Cal. Dec. 9, 2015)...........................................................29

*Vinole v. Countrywide Home Loans, Inc.*,
  571 F.3d 935 (9th Cir. 2009) .................................................................................27

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ................................................................................................30

*Wallace v. Grubhub Holdings Inc.*,
  2020 WL 4463062 (7th Cir. Aug. 4, 2020)............................................................30

*Wilson v. Hewlett-Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) ...............................................................................15

*Yucesoy v. Uber Techs., Inc.*,
  2016 WL 493189 (N.D. Cal. Feb. 9, 2016) ....................................................17, 19

*Zapata Fonseca v. Goya Foods Inc.*,
  2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) ........................................................22

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

6.

CASE NO. 4:20-CV-04062-PJH

**Statutes**

9 U.S.C. § 1 ............................................................................................................29, 30

Business and Professions Code § 17200 .............................................................22, 23

Cal. Lab. Code

    § 226 ................................................................................................................20, 21

    § 226(a) ...........................................................................................................11, 20

    § 226.8 .............................................................................................................23, 26

    § 226.8(i)(4) ...........................................................................................................23

    § 246 ..................................................................................................................9, 26

    § 246(m) .................................................................................................................24

    § 246.5(a) ...............................................................................................................24

    §§ 246 and 2750.3 .................................................................................................26

    §§ 1194, 1198, 510 and 554 ..................................................................................18

    § 2750.3(j) ..............................................................................................................26

    § 2802 .......................................................................................................11, 13, 14

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

7.

CASE NO. 4:20-CV-04062-PJH

**Other Authorities**

Federal Rule of Civil Procedure

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

Plaintiff Kent Hassell filed a class action complaint asserting that Defendant Uber Technologies, Inc., d/b/a Uber Eats ("Uber") failed to pay business expense reimbursements, minimum wage, overtime premiums, and failed to provide accurate itemized wage statements to him and other similarly situated individuals. Each of these allegations is premised on Uber's purported misclassification of individuals who use the Uber Eats App as delivery people.

Uber disputes that it misclassified Hassell and other similarly situated individuals as independent contractors. But setting aside Hassell's contention that delivery people should instead be classified as employees, Hassell's Complaint nonetheless fails to allege sufficient factual allegations to state a plausible claim for relief as to any of the Complaint's six counts. Indeed, the Complaint is comprised of nothing more than boilerplate recitals of the legal elements of Hassell's claims and conclusory allegations that lack factual detail of any kind.

These multiple, significant deficiencies in the Complaint are fatal and require dismissal of all claims with prejudice. *Colopy et al. v. Uber Techs. Inc.*, No. 19-cv-06462-EMC, 2020 WL 3544982 (N.D. Cal June 30, 2020) (dismissing Plaintiff's claim for violation of Labor Code section 246 which serves as a predicate for UCL and DJA claims); *Colopy et al. v. Uber Techs. Inc.*, No. 19-cv-06462-EMC, 2019 WL 6841218 (N.D. Cal December 1, 2019) (dismissing claims for willful misclassification, minimum wage violations and overtime violations); *O'Connor v. Uber Techs. Inc.*, 58 F.Supp.3d 989 (2014).[1]

Further, it is undisputed that the vast majority of putative class members entered into binding agreements to individually arbitrate their disputes with Uber, yet Hassell still attempts to bring this action and to certify a class "of all Uber Eats drivers who have worked in the state of California," not just the subset of individuals whose claims are not subject to arbitration. Compl. ¶ 36. As a result, Uber moves, in the alternative, to strike all class allegations because the vast majority of the putative class is bound to arbitrate their claims on an individual basis. *See O'Connor v. Uber Techs., Inc.*, 904

---

[1] *O'Connor* and *Colopy* are brought by the same attorney that represents Hassell in this action.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

9.

CASE NO. 4:20-CV-04062-PJH

F.3d 1087, 1094–95 (9th Cir. 2018). At a minimum, the Court should strike Hassell's class allegations to the extent they are asserted on behalf of those bound to arbitrate.

In sum, Hassell's claims are deficient as a matter of law and should be dismissed with prejudice and in the alternative the class allegations should be stricken.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Uber's Platform Access Agreement And Arbitration Agreement.

Uber developed a smartphone application (the "Uber Eats App") that offers the Uber Eats marketplace, which functions in a variety of ways, and connects individuals in need of food delivery services ("customers") with restaurants offering food and individuals who can provide that delivery ("delivery people"). *See generally* Compl. ¶¶ 11-12. Restaurant customers can also place orders for pick up or delivery with participating restaurants through the Uber Eats platform. In addition, restaurants are free to utilize their own delivery workers to fulfill orders placed via the Uber Eats platform. Delivery people who wish to use the Uber Eats App to generate "leads" for their business may do so by executing a Platform Access Agreement (formerly known as a Technology Services Agreement) with Portier, LLC. *Id.*; Declaration of Brad Rosenthal ("Rosenthal Decl.") at ¶ 3. The agreement is periodically revised and reissued to delivery people and includes an Arbitration Agreement. *Id.*

The Arbitration Agreement requires signatories to arbitrate all disputes—except for certain expressly enumerated disputes not relevant here. *Id.* Ex. A at § 13.1. The Arbitration Agreement also expressly requires signatories to arbitrate any challenges to the validity or enforceability of the Arbitration Agreement, including whether any opt out is valid. *Id.* at § 13.1(b). Further, the Arbitration Agreement provides that signatories may pursue any claims in arbitration solely on an individual basis, and not on a class or collective basis. *Id.* at § 13.4. Finally, the Arbitration Agreement contains an opt-out provision that affords signatories 30 days to opt out of the Arbitration Agreement. *Id.* at § 13.8(b). California federal and state courts, including the Ninth Circuit on multiple occasions, have confirmed that the arbitration agreements issued by Uber, back to its first iteration from 2013 and including the Arbitration Agreement at issue here is valid and enforceable. *See Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1212 (9th Cir. 2016) (enforcing Uber's 2013 and 2014 arbitration agreements); *O'Connor,*

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

10.

CASE NO. 4:20-CV-04062-PJH

904 F.Supp.3d at 1093-94 (enforcing Uber's 2015 arbitration agreement); *Capriole v. Uber Techs., Inc.*, No. 20-cv-02211, 2020 WL 2563276 at *9 (enforcing Uber's 2020 arbitration agreement); Request for Judicial Notice ("RJN"), Exh. 1 (Orange County Superior Court enforcing arbitration agreement between Uber and a delivery person using the Uber Eats App in *Adolph v. Uber Technologies, Inc.*, No. 30-2019-01103801-CU-OE-CXC ).

Hassell, for his part, first signed up to use the Uber Eats App on March 3, 2019. Rosenthal Decl. at ¶ 6. He agreed to the Platform Access Agreement on January 20, 2020, and exercised his opt-out right by sending his opt-out notice to Uber on February 3, 2020. *Id.*

### B.    Plaintiff's Claims.

Hassell initiated this class action on June 18, 2020, on behalf of himself and other similarly situated individuals, alleging that Uber misclassified delivery people as independent contractors. (Compl. ¶¶ 2, 57-60). He also alleges that Uber required delivery people to pay business expenses in violation of Labor Code § 2802. (*Id.* ¶ 2). Hassell also contends that Uber failed to pay delivery people minimum wage and overtime premiums. *Id.* Further, Hassell asserts that Uber failed to provide complete and accurate wage statements under Labor Code § 226(a) (*Id.* ¶ 55).  These allegations, along with Hassell's claim that Uber willfully misclassified delivery people and failed to pay sick leave, form the basis of Hassell's claim that Uber violated California's Unfair Competition Law ("UCL") (Business and Professions Code § 17200, et seq.). (*Id.* ¶¶ 57-58). Hassell also requests declaratory relief pursuant to the Uniform Declaratory Judgment Act (28 U.S.C. §§ 2201, 2202). (*Id.* ¶¶ 45-60).

The Complaint does not allege, however, even an estimate of the number of hours Hassell has purportedly worked for Uber, his average hours worked per workweek, what time periods Hassell worked, what activities Hassell considers to be compensable and thus how Hassell calculates his hours "worked," or facts supporting any out-of-pocket business expenditures he allegedly incurred and for which he now seeks reimbursement. Nor does the Complaint allege any of this information on behalf of any putative class member. Rather, Hassell's Complaint simply recites the language of various Labor Code provisions and contends with threadbare support that Uber violated them. That is insufficient to state a claim.

LITTLER MENDELSON, P.C.
333 Bush Street, 34ᵗʰ Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

11.

CASE NO. 4:20-CV-04062-PJH

## III.   THE COURT SHOULD DISMISS HASSELL'S CLAIMS

### A.   Legal Standard for Motion to Dismiss.

Where a complaint asserts Labor Code claims, federal courts apply the standards provided in *Twombly* and *Iqbal*. *Reilly v. Recreational Equip., Inc.*, No. 18-CV-07385-LB, 2019 WL 1024960, at *3 (N.D. Cal. Mar. 4, 2019). "To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* at 678.

Courts follow a two-step approach when applying the plausibility standard. First, all conclusory statements and allegations must be pared from the complaint. *Twombly*, 550 U.S. at 555; *Harding v. Time Warner, Inc.*, No. 09-cv-1212–WQH–WMC, 2009 WL 2575898, at *3 (S.D. Cal. Aug. 18, 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; see also *Id.* (Rule 8 requires more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]," or "naked assertions devoid of further factual enhancement" (citations omitted)).

Second, after paring all conclusory allegations from the complaint, a court should review the complaint's remaining contents to determine whether they "plausibly" entitle the plaintiff to relief. For a claim to be "plausible," it is insufficient that the facts alleged are "'consistent with' a defendant's liability," or that a violation is "conceivable." *Iqbal*, 556 U.S. at 678–80 (citations omitted). Further, facts that raise a "mere possibility of misconduct" are insufficient—they must actually "show," in a plausible way, that the plaintiff is entitled to relief. *Id.* at 679.

### B.   Hassell Fails to Adequately Plead His Allegations.

#### 1.   Hassell Fails to State a Claim for Reimbursement of Business Expenses (Count II).

Hassell alleges that because Uber classified delivery people as independent contractors, they

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

12.

CASE NO. 4:20-CV-04062-PJH

were not reimbursed for expenses allegedly incurred while using the Uber Eats App pursuant to California Labor Code section 2802 and Wage Order 9-2001. Compl. ¶ 49.  Hassell alleges that his business expenses generally included "gas, insurance, car maintenance, and phone data charges." Compl. ¶ 49.  But, the Complaint fails to specifically allege that he was not reimbursed for business expenses; thus, Hassell has not alleged any injury-in-fact as to himself and has not established standing to pursue this claim.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (constitutional standing requires, at an "irreducible" minimum, that the plaintiff has suffered an "injury in fact").

Beyond this threshold standing defect, Hassell's allegations also lack "sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (2014) (quoting *Twombly*, 550 U.S. at 557).  To start, the Complaint provides no detail whatsoever about the expenses that members of the putative class, let alone Hassell himself, actually incurred. See Compl. ¶ 49; Cal. Lab. Code § 2802(a).  Instead, Hassell merely alleges that delivery people in general incurred expenses such as "gas, insurance, car maintenance, and phone data charges."  Compl. ¶ 49.  However, Hassell does not allege a single instance in which he incurred a particular expense that he would not have incurred otherwise if not for his use of the Uber Eats App. Hassell does not allege, for example, what type of vehicle maintenance expenses he incurred, when he incurred them, or whether he would have incurred them had he not contracted with Uber.  Nor does Hassell allege what additional vehicle insurance expenses he was required to incur as a direct result of his use of the Uber Eats App. In fact, Hassell *does not even allege that he drove a motor vehicle*, as opposed to delivering on a bicycle or some other equipment.

Similarly, while the Complaint includes a single, vague reference to "phone data charges," Hassell has not alleged that he purchased a cell phone or incurred any related costs as a result of his use of the Uber Eats App.  Indeed, he alleges no facts regarding what kind of cell phone service plan he has (i.e., whether it is an unlimited plan, provides a specific amount of minutes or text messages per month, or charges for each individual call or text message), or whether under that plan he incurred any charges for calls or cellular data as a result of work-related cell phone usage.  Nor does Hassell allege that he incurred specific work-related expenses in any particular week that he used the Uber Eats App.  Without factual allegations demonstrating that Hassell actually "incurred" out-of-pocket

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

13.

CASE NO. 4:20-CV-04062-PJH

"expenditures or losses" in at least a single week, Hassell cannot state a plausible section 2802 claim. Nearly identical, defective expense reimbursement claims were recently dismissed for this very reason. *Lee v. Postmates Inc.*, No. 18-CV-03421-JCS, 2018 WL 6605659, at *10 (N.D. Cal. Dec. 17, 2018), motion to certify appeal granted, No. 18-CV-03421-JCS, 2019 WL 1864442 (N.D. Cal. Apr. 25, 2019) ("This case must be viable as an individual action before it can be certified as a class action, and general allegations regarding 'couriers' do not substitute for allegations pertaining to [plaintiff] specifically…Other than the last two sentences—which are the sort of broad, conclusory assertions held insufficient under *Iqbal* and *Twombly*—there is no allegation that [plaintiff] incurred any expenses for which he was not reimbursed . . .").

Further, it is unlikely (even if given the opportunity to amend) that Hassell would be able to parse out what expenses he incurred as a consequence of his use of the Uber Eats App versus his personal use or due to his use of competing companies' apps (delivery people can use competitor apps while logged onto the Uber Eats App). At bottom, conclusory allegations that merely "set[] forth the elements of the claim" are insufficient under *Twombly* and *Iqbal*. *See Landers*, 771 F.3d at 640; *see also Franke v. Anderson Merchandisers LLC,* No. CV 17- 3241 DSF (AFMx), 2017 WL 3224656, at *7 (C.D. Cal. July 28, 2017) (dismissing claim for business expenses where complaint merely alleged "use of personal phones for business-related purposes, costs incurred to comply with Defendants' dress code, and costs incurred using their personal vehicles for work travel," but "fail[ed] to provide a single instance when such a cost was incurred").

Hassell also fails to allege facts that any supposed expense was "necessary" to or "in direct consequence" of his "discharge of his . . . duties," as required by Cal. Lab. Code § 2802(a). Hassell makes only the conclusory allegation that the unspecified costs purportedly incurred by Uber Eats delivery people were "necessary expenditure[s] to work for Uber Eats, which California law requires employers to reimburse." Compl. ¶ 27. Section 2802 only requires an employer to reimburse its employees for expenses they "actually and necessarily incur in performing their employment tasks," and whether an expense was necessary "depends on the reasonableness of the employee's choices." *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 567–68 (2007). Hassell fails to allege facts sufficient to support these essential elements of his expense reimbursement claim, and his vague and

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

14.

CASE NO. 4:20-CV-04062-PJH

unspecific allegation that delivery people incur costs as a "necessary expenditure" to provide deliveries using the Uber Eats App is insufficient to cross the plausibility threshold, particularly without any allegation that he was required (as opposed to simply chose, in the case of any motor vehicle expenses) to incur such expenses. As in *Landers*, Hassell has made only "generalized allegations" that such expenses were required, with no supporting factual details about why. *Landers*, 711 F.3d. at 646.

Lastly, Hassell fails to allege any facts establishing that Uber knew or had reason to know that he incurred any expenditures subject to reimbursement. Cf. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012) ("[P]laintiffs must sufficiently allege that a defendant was aware of" the circumstances giving rise to its legal obligations "to survive a motion to dismiss."). Uber disputes that it can properly be deemed an "employer," but even if it were, an employer's duty to reimburse is not triggered unless it "either know[s] or has reason to know that the employee has incurred a reimbursable expense." *Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 903 (N.D. Cal. 2009). Only after "the employer has such knowledge" does it have a "duty to exercise due diligence and take any and all reasonable steps to ensure that the employee is paid for the expense." *Id.* And while driving to make food deliveries (if Hassell in fact drove) necessarily will involve certain expenses, delivery people often work on multiple apps simultaneously. Consequently, the facts alleged are at most "merely consistent with" liability but "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678.

Because Hassell fails to plead the required elements of his claims under 2802, his claim fails as a matter of law and should be dismissed. *Hammitt v. Lumber Liquidators*, 19 F. Supp. 3d 989, 1001 (S.D. Cal. 2014).

### 2. Hassell Fails to State a Claim for Minimum Wage Violations (Count III).

Hassell also fails to plead sufficient factual allegations to support his minimum wage claims. *Landers* is instructive; there, the Ninth Circuit addressed a claim for violations of the minimum wage, and explained that the complaint must provide more than "generalized allegations asserting violations of the minimum wage" laws in order to survive a motion to dismiss.[2] *Landers*, 171 F.3d at 646. To

---

[2] "Although *Landers* discussed FLSA claims," courts have determined that "its reasoning applies to California Labor Code claims as well." *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1006 (N.D. Cal.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

15.

CASE NO. 4:20-CV-04062-PJH

meet this threshold, plaintiffs must provide facts "regarding a given workweek when [they] . . . [were] not paid minimum wages." *Id.* Plaintiffs must also provide sufficient detail about the number of compensable hours worked and the amount of wages paid in order to "support a reasonable inference" of under-compensation. *See id.* For example, "[a] plaintiff may establish a plausible [minimum wage] claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, or any other facts that will permit the court to find plausibility." *Id.* at 645. These specific factual allegations are necessary, the court held, in light of *Twombly* and *Iqbal's* mandate that "a complaint must contain sufficient factual content 'to state a claim to relief that is plausible on its face,'" and not "merely set[] forth the elements of the claim." *Id.* at 640–41 (quoting *Twombly*, 550 U.S. at 570). *Lee v. Postmates Inc.* dismissed plaintiff's minimum wage claims even though the "plaintiff's burden at the pleading stage is relatively light." 2018 WL 6605659 at *9. Plaintiff's "general allegations," simply could not "substitute" for more specific allegations as to plaintiff himself where he merely described defendants' "typical conduct with respect to couriers in general," and contended that he and other class members "suffered damages as a result of [defendant's] conduct and actions." *Id.* at *10.

And in *Carter v. Rasier-CA, LLC*, the plaintiff "allege[d] in conclusory fashion that Defendants 'did not pay [him] the prevailing minimum wage, for each hour worked.'" *Carter v. Rasier-CA, LLC*, No. 17-cv-00003-HSG, 2017 WL 4098858 at *3 (N.D. Cal. Sept. 15, 2017). The plaintiff further alleged that "there were periods or hours where Uber paid [him] $3.75 or less in fares." *Id.* The court determined that the plaintiff "critically fail[ed] to explain how he calculated this figure, his hours worked, or his related hourly rate of pay." *Id.* Moreover, it was "unclear from the complaint whether Plaintiff's definition of 'hours worked' include[d] time spent simply logged into the Uber application in 'driver mode' or why such hours should be considered compensable time." *Id.* Because this court "did not find his claims plausible," it dismissed the minimum wage claim, *Id.*, and the Ninth Circuit affirmed, *Carter v. Rasier-CA, LLC*, 724 F. App'x 586 (9th Cir. 2018).

As in *Carter*, Hassell must also allege facts explaining whether he defines all time logged onto

---

2016).

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

16.

CASE NO. 4:20-CV-04062-PJH

the Uber Eats App ("On App Time") as compensable time, which he fails to do. The Supreme Court has recognized that on-call time is compensable only under limited circumstances. *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944); *Skidmore v. Swift & Co.*, 323 U.S. 134, 136 (1944).  Judge Chen of this District previously faced the issue of whether drivers adequately alleged compensability of On App Tme in two other lawsuits against Uber.  In both cases, Judge Chen ordered dismissal, finding the plaintiffs' allegations regarding the compensability of on-app time lacking.  *Yucesoy v. Uber Techs., Inc.*, No. 15-cv-00262-EMC, 2016 WL 493189, at *5-6 (N.D. Cal. Feb. 9, 2016) (dismissing, with prejudice, plaintiffs' Massachusetts minimum wage and overtime claims against Uber for failing to allege facts sufficient for the court to conclude that time spent connected to the Uber App was compensable); *Del Rio v. Uber Techs., Inc.,* No. 15-cv-03667-EMC, 2016 U.S. Dist. LEXIS 40615, at *8 (N.D. Cal. Mar. 28, 2016) (dismissing FLSA claim for failure to pay overtime and minimum wages, as "Plaintiffs do not explain how they define 'work,' *i.e.* whether Plaintiffs contend that they [sic] drivers [sic] at work whenever the Uber app is on").

Here, Plaintiff has not even attempted to allege, as the plaintiffs had in *Yucesoy*, that his ability to engage in personal endeavors during his on-call time was so circumscribed that it effectively restricted his ability to use the time for personal pursuits. *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1008 (N.D. Cal. 2016) (dismissing minimum wage claim where "[t]here are no allegations about what period of time or type of conduct Plaintiffs are counting as hours worked").

The allegations in this case are materially similar to the cases above, and the result should be the same.  Hassell's lone allegation that he "earned $9.90 per hour" for the week of "May 6, 2020 to May 10, 2020" (Compl. ¶ 29) cannot save his minimum wage claim, given the claim's litany of deficiencies.   Compl. ¶ 29; cf. *Yucesoy,* 2015 WL 6955140, at *3 (dismissing minimum wage claims where Plaintiff only contended that "Plaintiff Morris calculates that in some weeks (including the week of June 16, 2015), considering the hours he was logged in to receive ride requests from Uber, and after deducting the cost of his car and gas expenses, the amount he received for his work driving for Uber came to less than the Massachusetts minimum wage of $9.00 per hour.")  Specifically, Hassell fails to allege when (if at all) he completed deliveries using Uber Eats App, the length of his average workweek, whether his definition of hours worked includes all time merely logged into the Uber Eats

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

17.

CASE NO. 4:20-CV-04062-PJH

App and why that is compensable, what he was paid and for what activities, the amount of expenses that allegedly contributed to the underpayment, or any other facts that would allow the Court to infer the plausibility of a violation of minimum wage requirements.  Moreover, Hassell never attempts to explain the methods by which Hassell calculates the minimum wages he is allegedly owed.  *Landers*, 171 F.3d at 645 ("A plaintiff may establish a plausible [minimum wage] claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid . . . .")  Without "basic factual allegations" to support his minimum wage claims, Hassell cannot show a plausible entitlement to relief. *Tan*, 171 F. Supp. 3d at 1008; *see also Landers*, 171 F.3d at 646.

Furthermore, Hassell's minimum wage claim must also fail because it is derivative of his claim for business expenses reimbursement, which is deficient for the reasons stated above.  Section III.B.1 supra.  Hassell does not allege which costs, or even what types of costs, he chose to deduct when making any minimum wage calculations. See Compl. ¶¶ 28, 51.  Hassell's vague references to "the cost of maintaining [delivery people's] vehicles, gas, insurance, and phone and data expenses," Compl. ¶ 27, without more, leaves Uber with no way of determining whether these alleged "costs" were even conceivably reimbursable expenses under any California law.   See Section III.B.1, supra. Because Hassell's minimum wage claim relies on his conclusory business expenses reimbursement claim, Hassell's minimum wage claim should be dismissed.  *See Lopez v. Wendy's Int'l, Inc.*, No. CV 11-00275 MMM (JCx), 2011 WL 6967932, at *12 (C.D. Cal. Sept. 19, 2011) (minimum wage claim that was possibly derivative of a meal and rest break claim was insufficiently pleaded because the break claim on which it relied was also conclusory).

### 3. Hassell Fails to State a Claim for Failure to Pay Overtime Premiums (Count IV).

Hassell further complains that Uber "has violated Cal. Lab. Code §§ 1194, 1198, 510 and 554 by failing to pay its delivery peoples like Hassell the appropriate overtime premium for all overtime hours worked beyond forty per week or eight per day," and that "Mr. Hassell has worked more than eight hours per day and more than forty hours per week at various times since he began driving for Uber Eats ...." Compl. ¶ 31.  He contends that his hours worked included "hours spent picking up deliveries, dropping off deliveries, and the time spent between deliveries while awaiting the next

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

18.

CASE NO. 4:20-CV-04062-PJH

1   delivery assignment." *Id.* Hassell provides one example of the amount of overtime he claims to have

2   worked in a given week, alleging he worked "forty-four (44) hours and two minutes" between

3   February 3, 2020 and February 10, 2020. *Id*.

4   While a plaintiff alleging overtime claims need not allege overtime compensation owed with

5   mathematical precision, he must still provide "sufficient detail about the length and frequency of [his]

6   unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week."

7   *Landers*, 771 F.3d 638 at 646. Hassell's overtime claim suffers from the same deficiencies as his

8   minimum wage claim. He did not allege (1) a general estimate of the number of hours he worked per

9   week, (2) any indication of how he calculated his hours "worked," or otherwise an explanation as to

10  why time spent logged into the Uber Eats App but not making deliveries is compensable, or (3) details

11  on what he was paid for any overtime hours worked. *See Christie v. Tuesday Morning, Inc.*, No.

12  214CV06505PSGAGR, 2015 WL 12781053, at *5 (C.D. Cal. May 27, 2015) ("While Plaintiff's claim

13  that she was 'not paid for overtime hours worked' raises the 'possibility' of under compensation, 'a

14  possibility is not the same as plausibility.'").

15  These allegations are nearly identical to the overtime claims in *Yucesoy v. Uber Technologies*[3],

16  *Inc.*, which Judge Chen dismissed. *Yucesoy* 2015 WL 6955140. Specifically, in *Yucesoy*, plaintiffs

17  alleged only that they "often worked more than 40 hours per week." *Id.* at *4. Plaintiffs did not,

18  however, allege "how the basic rate of pay is calculated," or "their precise theory of overtime"; rather,

19  they effectively argued that "there is a per se violation based solely on the failure to set a policy

20  providing for overtime pay whenever an individual works more than forty hours," without pleading

21  any "specific facts supporting their theory." *Id.* The court rejected this argument, finding that

22  plaintiffs must plead "*specific* facts supporting their theory, including what qualifies as 'work.'" *Id*

23  (emphasis original).

24  In short, Hassell's "conclusory allegations that merely recite the statutory language" are not

25  sufficient to survive a motion to dismiss. *Landers*, 771 F.3d at 644; *see also*, *Pryor v. Aerotek Sci.*,

26  *LLC*, No. CV1006575MMMAJWX, 2011 WL 13133757, at *4 (C.D. Cal. Mar. 14, 2011) ("Rather

27

28  _____
[3] The same attorney who represented plaintiffs in *Yucesoy* represents Hassell in this action.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

19.

CASE NO. 4:20-CV-04062-PJH

than specifically alleging that she worked pre-shift hours for which she was not compensated, [Plaintiff] asks the court to infer from the general allegations found in the first amended complaint that she complied with [Defendant]'s policy. Under the pleading standard articulated in *Twombly* and *Iqbal*, the court is not at liberty to do so.").

### 4.   Hassell Fails to State a Claim for Failure to Provide Accurate Itemized Pay Statements (Count V).

Hassell's Fifth Count, alleging failure to maintain required records and non-compliant wage statements, fails to state a claim because it is derivative of his other claims. *See, e.g.*, *Harris v. Best Buy Stores, L.P.* No. 17-CV-00446-HSG, 2018 WL 984220, at *9 (N.D. Cal. Feb. 20, 2018) (dismissing derivative wage statement claims where underlying overtime claims failed); cf. *Thomas-Byass v. Michael Kors Stores (Cal.), Inc.*, No. EDCV 15-369 JGB (KKx), 2015 WL 13756100, at *7–8 (C.D. Cal. Sept. 16, 2015). Independent of this factor, the claims fail on their own, as they are just as conclusory as Hassell's other claims.

First, Hassell merely recites the requirements of Labor Code Section 226(a) and avers that Uber has not met those requirements. *Compare* Compl. ¶ 32 ("Uber Eats has violated Cal. Lab. Code § 226(a) by failing to provide proper itemized wage statements that include all the requisite information required by California law, including hours worked and hourly wages and has failed to provide pay statements that are accessible to drivers outside of the Uber Eats Application") with Cal. Lab. Code § 226 ("An employer . . . shall furnish . . . an accurate itemized statement in writing showing[:] gross wages earned, [] total hours worked by the employee, . . . all deductions, . . . net wages earned, . . . the inclusive dates of the period for which the employee is paid, . . . and [] all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee"). Hassell "does not identify a single deficient wage statement or inadequate payroll record." *See Byrd*, 2016 WL 756523, at *3. In fact, based on the Complaint, it is impossible to determine whether Hassell received any documentation at all in connection with the payments he received for completing deliveries, and if so, in the specific ways that documentation was insufficient.

Second, a wage statement claim under Labor Code section 226 can only stand where an

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

20.

CASE NO. 4:20-CV-04062-PJH

employee has suffered "injury as a result of a knowing and intentional failure by an employer" to provide accurate wage statements.  But here, Hassell does not prove each of these elements, as he does not contend that any purported failure to provide wage statements was "knowing and intentional."  *See Magadia v. Wal-Mart Assocs., Inc.*, 384 F. Supp. 3d 1058, 1080–82 (N.D. Cal. 2019) ("the knowing and intentional requirement of § 226 is akin to a willfulness requirement.  That is, in order to be liable, Wal-Mart must have willfully intended to issue wage statements that were out of compliance with § 226.").  And, he does not allege that he or any putative class members were injured as a result of any purported wage statement defects.  Such conclusory allegations are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and subject to dismissal. *See Iqbal*, 556 U.S. at 678.  Nor does Hassell allege "injury" within the meaning of Section 226(e) as a result of Uber's purported violation.  "By employing the term "'suffering injury,'" the statute requires that an employee may not recover for violations of section 226, subdivision (a) unless he or she demonstrates *an injury* arising from the missing information." *Price v. Starbucks Corp.,* 192 Cal. App. 4th 1136, 1142–43 (2011).  Hassell demonstrates no such injury, instead merely and conclusory alleging he suffered "injury in fact" (Comp. ¶ 59) without tying the injury to his wage statement claim.  Accordingly, Count V must be dismissed.

### 5. Hassell Fails to State a Claim for Unfair Business Practices (Count VI).

#### i. Hassell's UCL Claim Fails Because his Labor Code Claims Fail.

Hassell's claim under the California Business and Professions Code is derivative of his inadequate Labor Code claims, and thus should also be dismissed.  *Byrd v. Masonite Corp*., 2016 WL 756523, at *4 (C.D. Cal. Feb. 25, 2016) (dismissing plaintiff's unfair competition law claim "premised on [underlying dismissed] California Labor Code claims"); *Angeles v. U.S. Airways, Inc*., No. C 12–05860 CRB, 2013 WL 622032, at *10–11 (N.D. Cal. Feb. 19, 2013) (dismissing waiting time penalty and unfair competition claims based on failed overtime, meal period, and rest break claims).

Specifically, Hassell alleges that Uber's conduct "constitutes unlawful business acts or practices, in that Uber has violated California Labor Code §§ 2802, 1194, 1198, 510, 554, 1197, 1194, 1182.12, 1194.2, 1197.1, 226.8, 226(a), and 246."  Compl. ¶ 58.  Because Hassell has failed to state a plausible claim for relief under any of the predicate statutes this derivative claim also fails and should

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

21.

CASE NO. 4:20-CV-04062-PJH

be dismissed. *See, e.g.*, *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1010–11 (N.D. Cal. 2016) (where "UCL claim is premised on the same acts alleged in the complaint's other causes of action, and those causes of action fail, the UCL claim likewise must be dismissed because the plaintiff has not adequately alleged any predicate unlawful acts"); *see also Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1182 (9th Cir. 2003) (where a "claim under § 17200 is dependent" on another claim, the two claims "rise and fall together" (internal quotation marks omitted)).

### ii. Hassell's UCL Claim Fails Because He Does Not Lack an Adequate Remedy at Law.

In addition, the Court should dismiss Hassell's UCL claim because he does not lack an adequate remedy at law and has not plausibly alleged he suffered any injury in fact. "It is a basic doctrine of equity jurisprudence that courts of equity should not act … when the moving party has an adequate remedy at law …." *Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992)); *accord Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) ("[E]quitable relief is not appropriate where an adequate remedy exists at law."). The UCL authorizes only equitable remedies and "is subject to fundamental equitable principles, including inadequacy of the legal remedy." *Allstate Ins. Co. v. Barnett*, 2011 WL 2415383, at *9 (N.D. Cal. June 15, 2011) (Chen, J.) (citation omitted); *see also Philips v. Ford Motor Co.*, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015) ("Apart from civil penalties, which are not at issue in this case, the UCL provides only the equitable remedies of restitution and injunctive relief.").

Hassell may not obtain equitable relief under the UCL because he has an adequate legal remedy. He seeks "compensatory damages" for the alleged violation of various California labor provisions. *See* Compl., Counts II–V, ¶ 70(d). Notably, Hassell does not contend that such damages would fail "to make [him] whole." *Loo v. Toyota Motor Sales, USA, Inc.*, 2019 WL 7753448, at *13 (C.D. Cal. Dec. 20, 2019) (internal quotation marks omitted). Because Hassell "fails to explain how his alleged injury cannot be remedied by the payment of damages," he possesses an adequate remedy at law. *Gardner v. Safeco Ins. Co. of Am.*, 2014 WL 2568895, at *8 (N.D. Cal. June 6, 2014). And since Hassell's UCL claim "rel[ies] upon the same factual predicates as… [their] legal causes of action," it therefore "must be dismissed." *Zapata Fonseca v. Goya Foods Inc.*, 2016 WL 4698942, at

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

22.

CASE NO. 4:20-CV-04062-PJH

*7 (N.D. Cal. Sept. 8, 2016) (noting that, "where an equitable relief claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action" (internal quotation marks and citation omitted)); *Mullins v. Premier Nutrition Corp.*, 2018 WL 510139, at *2 & n.3 (N.D. Cal. Jan. 23, 2018) ("[C]ourts in the Northern District have routinely dismissed equitable claims brought under the UCL … where the plaintiff fails to establish that there is no adequate remedy at law available.").

### iii.   Hassell's References To Willful Misclassification and Paid Sick Leave Do Not Save His UCL Claim.

Hassell's UCL claim is based almost entirely on the deficient predicate claims set forth above. He tries to save his UCL claim from dismissal by alleging that Uber willfully misclassified delivery people as independent contractors in violation of Labor Code § 226.8 and that it failed to provide paid sick leave to delivery people. Neither of these allegations meets the requisite pleading standard.

First, Hassell alleges that Uber violated Labor Code § 226.8, and in turn Business and Professions Code § 17200, by willfully misclassifying Hassell and the putative class as independent contractors. Compl. ¶¶ 2, 58. This claim fails because Hassell has not plausibly alleged that Uber "willfully misclassified" him or other members of the putative class.

To survive a motion to dismiss a "willful misclassification" claim, a plaintiff must plead sufficient facts to support a claim that the defendant "avoid[ed] employee status for an individual by voluntarily and knowingly misclassifying that individual as an independent contractor." Cal. Lab. Code § 226.8(i)(4). Hassell's allegations fall far short of meeting this standard. Indeed, although Hassell alleges in a conclusory fashion that Uber has "willfully continued to misclassify its drivers as independent contractors," (Compl. ¶¶ 2, 3, 58) "[n]oticeably absent from the Complaint are any facts which plausibly suggest that [defendant]'s alleged violations were willful." *Kellgren v. Petco Animal Supplies, Inc.*, No. 13-CV-0644 W (KSC), 2013 WL 12076473, at *3 (S.D. Cal. Sept. 13, 2013) (granting motion to dismiss where plaintiff's allegations that defendant "willfully violated the FLSA" "lack[ed] sufficient factual matter to satisfy the plausibility standard set forth in *Iqbal* and *Twombly*," as it "[c]ontain[ed] no factual allegations demonstrating that *Petco* showed reckless disregard of whether its alleged conduct was prohibited by the FLSA,"). Nor does Hassell's "formulaic recitation

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

23.

CASE NO. 4:20-CV-04062-PJH

of the elements" of the "ABC" test set forth in Dynamex, Compl. ¶¶ 14-16, suffice to state a claim that Uber willfully misclassified him as an independent contractor. *Landers*, 771 F.3d at 641 ("Under *Twombly*, a complaint that offers . . . 'a formulaic recitation of the elements of a cause of action[,]' . . . will not suffice." (quoting *Twombly*, 550 U.S. at 555, 557)).  For these reasons, Hassell fails to state a claim for willful misclassification.

Second, Hassell fails to state a claim under the UCL for failure to provide sick leave.  He alleges no facts showing he worked the minimum number of hours or experienced any qualifying illness or condition that would entitle him to sick pay under California law, or that *any* violation has occurred.  Critically, Hassell does not allege that Uber ever denied a request for paid sick leave or miscalculated the amount he was owed, merely alleging he "has not been accruing paid sick days since starting to work for Uber Eats in January 2020."  Compl. ¶ 33.  *See, e.g., Joyce v. Office of Architect of Capitol*, 966 F.Supp.2d 15, 24 (D.D.C. 2013) (holding that plaintiff's failure to allege that his sick leave was unpaid "prove[d] fatal" to his claim for retaliation as he suffered "no material injury").  Nor does Hassell aver that he provided the requisite notice to Uber of any need for paid sick leave.  *See* Cal. Lab. Code § 246(m) (requiring employee to provide notice).  He does not specify whether he or his loved ones ever suffered from a health condition warranting paid sick leave.  *See* Cal. Lab. Code § 246.5(a).

These failures to allege the fundamental facts supporting Hassell's UCL claim warrant dismissal. *Iqbal*, 556 U.S. at 678.[4]

### 6.    Hassell Fails to State a Claim for Declaratory Judgment (Count I).[5]

Hassell's pursuit of declaratory relief pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for a declaration that Uber has violated the California Labor Code and Wage Orders should also be dismissed along with his other claims because his claims for Labor Code violations, including expense reimbursement, minimum wage, overtime and wage statement, and UCL

---

[4] Hassell's counsel brought a virtually identical claim in *Colopy* and Judge Chen dismissed it for failure to adequately plead the elements of the claim. *Colopy v. Uber Techs., Inc.*, 2020 WL 3544982, at *4 (N.D. Cal. June 30, 2020).

[5] Uber addresses Count I last because the deficiencies in Counts II – V, as discussed above, also doom Count I.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE          24.                    CASE NO. 4:20-CV-04062-PJH
CLASS ALLEGATIONS; MPA

1  claims all fail as a matter of law.

2      Under the Declaratory Judgment Act, a court may award declaratory relief in a case "involving

3  an actual controversy that has not reached a stage at which either party may seek a coercive remedy"

4  or "where a party who could sue for coercive relief has not yet done so." *Seattle Audubon Soc. v.*

5  *Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996). "A claim for declaratory relief is unnecessary where an

6  adequate remedy exists under some other cause of action." *Mangindin v. Wash. Mut. Bank*, 637 F.

7  Supp. 2d 700, 707 (N.D. Cal. 2009). Courts thus routinely refuse to "exercise jurisdiction where a

8  declaratory judgment claim only seeks to review the legality of past conduct, or where it simply

9  duplicates other, more germane causes of action, even if those cause[s] of action fail." *Cont'l Cas.*

10  *Co. v. Nationwide Mut. Ins. Co.*, 2014 WL 12607694, at *7 (C.D. Cal. Nov. 3, 2014) (collecting cases).

11  For instance, in *Fthenakis*, 2011 WL 3501690, at *10, this court dismissed a declaratory relief

12  counterclaim as "needlessly duplicative" where it would neither "resolve any issues aside from those

13  already addressed by the substantive claims" nor afford "any damages or relief beyond the relief

14  requested pursuant to [defendant's] substantive claims." The court in *McMillan v. Bank of America,*

15  *N.A.*, 2014 WL 12521701, at *7 (S.D. Cal. Nov. 12, 2014), likewise dismissed with prejudice a

16  declaratory judgment claim that "[wa]s predicated upon the same allegations supporting [plaintiffs']

17  other causes of action" and provided relief entirely "commensurate with [that] sought through those

18  claims." Count I is wholly duplicative and superfluous because "it seeks to determine the same issues

19  as [their] other claims" (*Biederman v. Nw. Tr. Servs., Inc.*, 2015 WL 3889371, at *6 (C.D. Cal. June

20  24, 2015)): namely, whether Uber misclassified delivery people and denied them certain employee

21  benefits under state law. What's more, declaratory judgment affords no additional relief beyond what

22  Hassell could already obtain from his other claims for damages and injunctive relief—all of which

23  would require the Court to make exactly the same rulings sought in the declaratory judgment count.

24  *See* Compl. Counts II–VI. This Court should therefore dismiss Count I with prejudice.

25      In addition, "[w]here a plaintiff has no private right of action, a declaratory judgment must be

26  dismissed." *Graham v. U.S. Bank, Nat'l Ass'n*, 2015 WL 10322087, at *13 (D. Or. Dec. 2, 2015),

27  *report and recommendation adopted*, 2016 WL 393336 (D. Or. Feb. 1, 2016); *accord Pickrell v. Sorin*

28  *Grp. USA, Inc.*, 293 F. Supp. 3d 865, 869 (S.D. Iowa 2018) ("The [DJA] does not create a substantive

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

25.

CASE NO. 4:20-CV-04062-PJH

cause of action, and a declaratory judgment is improper where the underlying statute contains no private right of action."); *Iolani Islander, LLC v. Stewart Title Guar. Co.*, 2017 WL 11139924, at *8 (D. Haw. Nov. 7, 2017) ("A declaratory judgment action does not lie where the statute in question does not provide for a private right of action."). To the extent Hassell predicates Count I on Uber's alleged violations of California Labor Code §§ 246 or 2750.3, Count I must be dismissed as neither statute confers a private right of action upon Hassell. Indeed, "[P]laintiff cannot bring … individual claim[s] for the alleged violation of section 246(h), because there is no private right of action to enforce that provision." *Titus v. McLane Foodservice, Inc.*, 2016 WL 4797497, at *4 (E.D. Cal. Sept. 14, 2016) The same reasoning applies to Section 2750.3, which serves as the basis for Hassell's claim for willful misclassification with respect to Count I. "It is well settled that there is a private right of action to enforce a statute 'only if the statutory language or legislative history affirmatively indicates such an intent.'" *Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1131–32 (2012), *disapproved of on other grounds by ZB, N.A. v. Superior Court*, 8 Cal. 5th 175 (2019). Nothing in Section 2750.3 evinces any such intent, especially in light of long-established practice under Section 226.8. On the contrary, Section 2750.3 provides that "an action for injunctive relief to prevent the continued misclassification of employees as independent contractors may be prosecuted against the putative employer in a court of competent jurisdiction *by the Attorney General or by a city attorney*." Cal. Lab. Code § 2750.3(j) (emphasis added).

In short, Hassell is simply unable as a matter of law to bring claims under either Sections 246 or 2750.3, and the Court should dismiss Count I with prejudice to the extent it seeks declaratory relief on those grounds. *See Lee*, 2018 WL 6605659, at *9–10 (dismissing misclassification claims with prejudice); *Romano*, 2017 WL 8292778, at *8 (same). In the alternative, the Court should strike references to Labor Code §§ 246 and 2750.3 because they do not supply a private right of action and therefore "can have no possible bearing on the subject matter of [Count I]." *Optrics*, 2018 WL 10604751, at *2 (citation omitted).

## IV.   HASSELL'S SWEEPING CLASS ALLEGATIONS SHOULD BE DISMISSED OR STRICKEN

Hassell's class allegations should be dismissed or stricken pursuant to Rules 12(b)(6), (f) and

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

26.

CASE NO. 4:20-CV-04062-PJH

23(d)(1)(D) of the Federal Rules of Civil Procedure for failure to state a plausible claim for classwide relief, or, in the alternative, because the class as defined cannot be certified.  *See, e.g.*, *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (noting that "[s]ometimes the issues are plain enough from the pleadings" to resolve class certification); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939–40, 944 (9th Cir. 2009) (affirming the "den[ial] [of] class certification before the close of discovery and before the pretrial motion deadline"); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (affirming lower court's decision to strike class allegations where the plaintiff failed to "explain what type of discovery or what type of factual development would alter the central defect in th[e] class claim").

## A.   Legal Standard for Motion to Strike.

Under Rule 12(f), courts may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Redundant matter is defined as "needlessly repetitive or wholly foreign to the issues involved in the action."  *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).  "Immaterial matter 'has no essential or important relationship to the claim[s] for relief pleaded,' and impertinent matter 'does not pertain and is not necessary to the issues in question in the case.'" *Francisco v. Emeritus Corp.*, No. CV 17–02871–BRO (SSx), 2017 WL 7790038, at *2 (C.D. Cal. July 14, 2017).  "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]"  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

Rule 23(c)(1)(A) mandates that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Rule 23(d)(1)(D) similarly permits a court to "issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."

Taken together, these Rules permit district courts to resolve and strike claims at the pleading stage where it is plain from the pleadings that the class cannot be certified as defined.  *See Titsworth v. SKO Brenner Am., Inc.*, CV 12–03457 SJO (SHx), 2012 WL 13013042, at *5 (C.D. Cal. Aug. 15,

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

27.

CASE NO. 4:20-CV-04062-PJH

2012); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146–47 (N.D. Cal. 2010). "[T]he plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (rejecting plaintiff's claim that "the trial court abused its discretion by refusing to allow discovery for an asserted national class"). As with any other claim, to survive a motion to dismiss, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp*, 550 U.S. at 570). The pleading standard of Rule 8 of the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

### B.   Hassell Cannot Make an Adequate Showing Under Rule 23.

In *O'Connor v. Uber Technologies, Inc.*, the Ninth Circuit held that a class cannot be certified where it "includes drivers who entered into agreements to arbitrate their claims" and who "waive[d] their right to participate in a class action with regard to those claims." *O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1094–95 (9th Cir. 2018). Indeed, the existence of these agreements constituted an insurmountable barrier to certification, as the question of whether "those agreements were enforceable was not properly for the district court to answer," because "[t]he question of arbitrability was designated to the arbitrator." *Id.* But even prior to the Ninth Circuit's decision in *O'Connor*, it recognized that arbitration agreements eroded commonality and other requisite certification factors. *See, e.g.*, *Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579 (9th Cir. 2015) ("the district court abused its discretion to the extent it certified classes and subclasses that include employees who signed class action waivers"); *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 728 (9th Cir. 2007) (affirming denial of class certification where defendant sought to enforce arbitration agreement as to class members).

Here, only a small number of putative class members[6] both opted out of arbitration and are not covered by prior releases, while more than 350,000 of the sweeping putative class members are bound

---

[6] For purposes of this brief, Uber accepts a liberal definition of the putative class such that "drivers who have worked in California" includes delivery people who have made even one delivery in California. But Uber reserves the right to challenge this definition for purposes of any class certification opposition and otherwise.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

28.

CASE NO. 4:20-CV-04062-PJH

1   to arbitrate their claims on an individual basis and therefore cannot participate in a class proceeding

2   (see Rosenthal Decl. ¶¶ 4-5).  *See* RJN, Exh. 1 (Orange County Superior Court enforcing arbitration

3   agreement and finding that delivery people using the Uber Eats App are not exempt from the Federal

4   Arbitration Act in *Adolph v. Uber Technologies, Inc.*, No. 30-2019-01103801-CU-OE-CXC); *cf.*

5   *O'Connor*, 904 F.3d at 1094–95; *see also Magana v. DoorDash, Inc.*, 343 F. Supp. 3d 891, 897 (N.D.

6   Cal. 2018) (denying argument that "drivers who agreed to binding arbitration may now be 'deemed'

7   to have opted out of arbitration so long as a single driver opted out of arbitration, and so long as that

8   driver is a named plaintiff in a putative class action").  Indeed, the fact that most putative class

9   members are bound to arbitrate necessarily precludes commonality and predominance.  And it renders

10  Hassell atypical and inadequate class representatives because he is not bound to arbitrate.  A plethora

11  of cases confirm that a class cannot be certified under these circumstances. *See Tan*, 2016 WL

12  4721439, at *3 (class representative who opted out of arbitration agreement "would be unable to

13  credibly make several procedural unconscionability arguments on behalf of unnamed class

14  members"); *Tschudy v. J.C. Penney Corp., Inc.*, No. 11CV1011 JM, 2015 WL 8484530, at *3 (S.D.

15  Cal. Dec. 9, 2015) ("[p]utative class members with arbitration provisions likely cannot be included in

16  the class because they are uniquely subject to having their disputes resolved in a non-judicial forum");

17  *Quinlan Macy's Corp. Servs., Inc.*, No. CV1200737DDPJCX, 2013 WL 11091572, at *3 (C.D. Cal.

18  Aug. 22, 2013) (named plaintiff not typical of class where plaintiff was not subject to arbitration

19  program applicable to most of the putative class).

20        Additionally, to the extent Hassell claims that the class he seeks to represent – comprised of

21  local delivery people – qualifies as "transportation workers" that engage in interstate commerce within

22  the meaning of 9 U.S.C. § 1, his claim will fail.  Courts have consistently and repeatedly held that

23  local delivery people are not transportation workers that engage in interstate commerce for purposes

24  of 9 U.S.C. § 1. S*ee* RJN, Exh. 1; *Magana v. Doordash, Inc.* 343 F.Supp.3d 891 (N.D. Cal. Oct. 22,

25  2018) ("[T]here is no allegation that he engaged in interstate commerce under the definition of the

26  narrowly-construed term. The Agreement is therefore not exempt from the FAA under 9 U.S.C. §

27  1 because Magana is not a transportation worker engaged in interstate commerce"); *Lee v. Postmates*,

28  No. 18-cv-03421-JCS, 2018 WL 4961802, at *8 (N.D. Cal. Oct. 5, 2018) (food delivery courier did

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

29.

CASE NO. 4:20-CV-04062-PJH

1   not qualify for § 1 Exemption of the FAA); *Levin v Caviar, Inc.*, 146 F.Supp.3d 1146, 1154 (local

2   food delivery drivers do not fall within the transportation exemption to the FAA); *Wallace v. Grubhub*

3   *Holdings Inc.*, Nos. 19-1564, 19-2156, 2020 WL 4463062 at*3-4 (7th Cir. August 4, 2020) (affirming

4   district court finding that arbitration agreement is enforceable because "plaintiffs' contracts with

5   Grubhub do not fall within § 1 of the FAA.").

6   **C.   Hassell's Claims Lack Commonality, Predominance, and Superiority.**

7       Hassell's class claims cannot be certified because they do not present common questions of

8   law and fact, and whatever common questions do exist would not predominate over individualized

9   questions. See Fed. R. Civ. P. 23(a)(2), (b)(3).  Plaintiffs bear a heavy burden to establish that common

10  questions will predominate; as the Supreme Court has observed, "Rule 23(b)(3)'s predominance

11  criterion is even more demanding than Rule 23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).

12  This is because "[t]he class action is 'an exception to the usual rule that litigation is conducted by and

13  on behalf of the individual named parties only,'" and Rule 23(b)(3) especially is "an 'adventuresome

14  innovation,'" "designed for situations in which class-action treatment is not as clearly called for." *Id.*

15  at 33–34.

16      The Arbitration Agreement destroys any commonality among putative class members.[7]  "What

17  matters . . . is not the raising of common 'questions'—even in droves—but rather, the capacity of a

18  class-wide proceeding to generate common answers apt to drive the resolution of the litigation."  *Wal-*

19  *Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (internal quotations and citations omitted).  But

20  classwide answers are not possible here given that the Court lacks authority to render any answers for

21  the vast majority of putative class members who agreed to submit their disputes to arbitration.

22  "[W]here certain members of a class are subject to contracts containing arbitration clauses, while other

23  class members are not, those differences in contractual relationships destroy[] the commonality . . . of

24  the class." *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 861 (D. Md. 2013); see *Tan*

---

[7] Of course, even a class comprised only of individuals who were not required to arbitrate their claims would lack commonality and predominance in light of the countless variations among individuals who use the Uber Eats App as delivery people. Uber reserves the right to assert denial of class certification, modification of the class definition, or other appropriate relief (including moving to compel individual arbitration when and if a class including such individuals is certified) if the Court does not dismiss or strike the class allegations at this stage.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

30.

CASE NO. 4:20-CV-04062-PJH

2016 WL 4721439, at *3 (agreeing with *Titanium* that when the vast majority of class members are subject to individual arbitration, the class action will not generate common answers).   Again, *O'Connor* is instructive; there, the Ninth Circuit noted that Rule 23's requirements simply cannot be satisfied where the majority of the putative class is bound by an arbitration agreement and where the named plaintiff is not: "certification of the class by the district court, notably the court's determinations that the requirements of Rule 23 were satisfied, was premised upon the district court's conclusion that the arbitration agreements were not enforceable." 904 F.3d at 1094 (9th Cir. 2018).

For the same reasons, it is apparent that a class action does not provide a superior mechanism for resolving this dispute. See Fed. R. Civ. P. 23(b)(3).

### D.   Hassell is Not a Typical or Adequate Class Representative.

A class may not be certified unless "the claims or defenses of the representative parties are typical of the claims or defenses of the class" and "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3), (4).  These requirements "serve[] to uncover conflicts of interest between named parties and the class they seek to represent," *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997), acting "as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence," *Gen. Tel. Co. of the Sw.*, 457 U.S. at 157 n.13.  Hassell cannot satisfy either of these requirements.

Unlike the vast majority of putative class members, Hassell is not subject to the Arbitration Agreement and, accordingly, is not subject to its class waiver. (Rosenthal Decl. ¶ 6).   As discussed above, the fact that most putative class members are bound by arbitration agreements precludes class certification no matter who purports to represent the class.  But the commonality and predominance problems inherent in the proposed class are compounded where one of the few putative class members who has not signed an arbitration agreement seeks to represent the overwhelming proportion who have done so.  Because Hassell is not bound by the Arbitration Agreement, he cannot challenge it as unenforceable and therefore, he "is not an adequate representative, and h[is] claims lack[] typicality." *Avilez*, 596 F. App'x at 579; *see also In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1039

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

31.

CASE NO. 4:20-CV-04062-PJH

(11th Cir. 2015) ("The named plaintiffs lack standing to assert any rights the unnamed putative class members might have to preclude Wells Fargo from moving to compel arbitration because the named plaintiffs have no cognizable stake in the outcome of that question."); *Tan*, 2016 WL 4721439, at *3 (denying class certification because the named plaintiff, who opted out of arbitration, could not represent a class of individuals bound to arbitrate their claims on an individual basis).  Given these important and undisputed differences between Hassell's relationship with Uber and that of the vast majority of putative class members he seeks to represent, his claims are not typical of the claims of the alleged putative class, and he cannot adequately represent the interests of the putative class, as a matter of law.

Further, given the failure to allege plausible claims, Hassell cannot assert any of his claims on behalf of the class.  As the Ninth Circuit has stated, "representative parties who have a direct and substantial interest have [Article III] standing; the question of whether they may be allowed to present claims on behalf of others" depends "on an assessment of typicality and adequacy of representation." *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015) (citation omitted); *Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 530 (C.D. Cal. 2011) (Carter, J.) (agreeing that it is a question of typicality and adequacy).  Where a named plaintiff has not suffered the harm alleged to have been suffered by absent members of the class, he cannot adequately serve as its representative. *See, e.g.*, *Flores v. Supervalu, Inc.*, 509 F. App'x 593, 594 (9th Cir. 2013) (the named plaintiff "having never been denied appropriate overtime compensation, was not a member of that class and therefore did not have standing").

**E.      Hassell's Class Claims Should Be Dismissed With Prejudice.**

A court may dismiss claims with prejudice where "amendment [] would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loan Servs., Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).  Such is the case here.  As noted above, the fact that the vast majority of putative class members signed the valid Arbitration Agreement precludes commonality and predominance of the putative class Hassell seeks, no matter what particular causes of action they allege or whom they identify to represent the class.  And here, there is no reason to think that amendment will aid Hassell's Complaint should he be granted another bite at the apple.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE
CLASS ALLEGATIONS; MPA

32.

CASE NO. 4:20-CV-04062-PJH

1    Accordingly, Hassell's class claims should be dismissed with prejudice . *See Mohammad v. King City*

2    *Police Dep't*, No. 17-cv-00615-BLF, 2017 WL 2617980, at *4 (N.D. Cal. June 16, 2017) ("Mr.

3    Mohammad has, over the course of four years, three cases, and four motions, failed to remedy this

4    basic error in his pleadings despite clear warnings.").  At a minimum, Hassell's class claims should be

5    stricken to the extent he purports to assert claims on behalf of delivery people who are bound by the

6    Arbitration Agreement, to which he is not.

7    **V.    CONCLUSION**

8           Because Hassell has failed to state "enough facts to state a claim to relief that is plausible on

9    its face" with respect to himself—much less the circumstances of the putative class members—with

10   respect to all claims he has alleged, the Court should dismiss his entire Complaint.  At a minimum,

11   because Hassell is not bound by the Arbitration Agreement, and thus cannot pursue his claims on

12   behalf of the alleged class because the vast majority of the absent persons he seeks to represent are

13   bound by the Arbitration Agreement, this Court should strike Hassell's class action allegations.

14   Dated:  August 4, 2020

15

16                                             */s/ Sophia Behnia*
                                              ANDREW M. SPURCHISE
17                                            SOPHIA BEHNIA
                                              BRIDGET O'HARA
18                                            LITTLER MENDELSON, P.C.
                                              Attorneys for Defendant
19                                            UBER TECHNOLOGIES, INC.

20

21

22

23

24   4843-4959-7890.11 073208.2022

25

26

27

28

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT AND STRIKE              33.              CASE NO. 4:20-CV-04062-PJH
CLASS ALLEGATIONS; MPA