UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT HASSELL,<br><br>        Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>        Defendant. | Case No. 20-cv-04062-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

Before the court is defendant Uber Eats' ("defendant") motion to dismiss and strike class allegations (Dkt. 21). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby **GRANTS** defendant's motion to dismiss and **DENIES** as moot its alternative request to strike.

## BACKGROUND

Defendant, a division of Uber Technologies, Inc., provides food delivery services through its "Uber Eats" mobile phone application. Dkt. 1 (Compl.) ¶¶ 2, 12. Plaintiff Kent Hassell ("plaintiff") has worked as an Uber Eats driver since January 2020. Id. ¶ 6. He seeks to certify a class comprising "all UberEats drivers who have worked in California." Id. ¶ 36. At core, plaintiff alleges that, since the California Supreme Court's decision in Dynamex Operations West v. Superior Court, 4 Cal. 5th 903 (2018) and the California state legislature's passage of Assembly Bill 5 ("A.B. 5"), previously codified at California Labor Code § 2750.3,[1] defendant has misclassified him and putative class members as

---

[1] The court notes that California Labor Code § 2750.3 was repealed effective September 3, 2020. Cal. Lab. Code § 2750.3.

"independent contractors" rather than employees. Based on that misclassification, plaintiff alleges claims for the following:

- Violation of California Labor Code § 2802 and Wage Order 9-2001 premised on defendant's failure to reimburse drivers "for expenses they paid," including "gas, insurance, car maintenance, and phone and data charges." Id. ¶¶ 49-50.
- Violation of §§ 1197, 1194, 1182.12, 1194.2, 1197.1, 1199, as well as Wage Order 9-2001 premised on defendant's failure "to ensure its delivery drivers receive minimum wage for all hours worked." Id. ¶¶ 51-52.
- Violation of §§ 1194, 1198, 510, and 554, as well as Wage Order 9-2001 premised on defendant's failure "to pay its employees the appropriate overtime premium for overtime hours worked as required by California law." Id. ¶¶ 53-54.
- Violation of § 226(a) and Wage Order 9-2001 premised on defendant's failure to provide accurate wage statements. Id. ¶¶ 55-56.
- Violation of California Business & Professions Code § 17200, *et. seq.*, premised on defendant's willful misclassification of its drivers' employment statuses, as well as other unspecified "other conduct." Id. ¶¶ 57-60.
- Declaratory judgment under Title 28 U.S.C. §§ 2201-02 "declaring that, as a result of its misclassification," defendant "violated the California Labor Code and Wage Orders" and declaring that it "must comply with the Labor Code and Wage Orders." Id. ¶¶ 45-48.

On August 4, 2020, defendant filed the instant motion. Dkt. 21. In it, defendant makes two alternative requests. Id. at 2. Primarily, defendant asks that the court dismiss this action for failure to state a claim. Id. Alternatively, defendant asks that the court strike the complaint's class allegations. Id. Defendant asserts that those allegations are futile because the "vast majority" of persons who fall within the class definition are bound to arbitrate their claims on an individual basis. Dkt. 21-1 ¶ 4.

**DISCUSSION**

**A.     Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Rule 8 requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), dismissal "is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007).

As a general matter, the court should limit its Rule 12(b)(6) analysis to the contents of the complaint, although it may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007) ("[A] court can consider a document on which the complaint relies if the document is central to the plaintiff's claim, and no party questions the authenticity of the document"). The court may also consider matters that are properly the subject of judicial notice, Lee v. City of L.A., 250 F.3d 668, 688–89 (9th Cir. 2001), exhibits attached to the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced extensively in the complaint and documents that form the basis of the plaintiff's claims, No. 84 Emp'r-Teamster Jt. Counsel Pension Tr. Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

**B.     Motion to Dismiss**

As indicated above, defendant argues that plaintiff fails to proffer sufficient facts in

1  support of his claims.  Dkt. 21 at 14-28.  It is important to note that, when challenging

2  plaintiff's claims, defendant does *not* argue that plaintiff does not qualify as an employee

3  within the meaning of Dynamex or California Labor Code § 2750.3.  Dkt. 21 at 11 ("Uber

4  disputes that it misclassified Hassell and other similarly situated individuals as

5  independent contractors. But setting aside Hassell's contention that delivery people

6  should instead be classified as employees, Hassell's Complaint nonetheless fails to

7  allege sufficient factual allegations to state a plausible claim for relief as to any of the

8  Complaint's six counts.").  Given that omission, the court will assume, for purposes of this

9  motion, that plaintiff qualifies as an employee.

### 1. **Plaintiff Fails to State a Claim for Failure to Reimburse Expenses**

In relevant part, California Labor Code § 2802 requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . ."  Cal. Lab. Code § 2802(a).

To substantiate his claim for failure to reimburse, plaintiff generally alleges that:

> [defendant] does not reimburse delivery drivers for any expenses they incur while working for Uber Eats, including, but not limited to, the cost of maintaining their vehicles, gas, insurance, and phone and data expenses for running the Uber Eats Application. Delivery drivers incur these costs as a necessary expenditure to work for Uber Eats, which California law requires employers to reimburse.  Compl. ¶ 27.

This claim fails for two reasons.  First, plaintiff fails to allege that he, in particular, incurred any expense when making deliveries or that defendant failed to reimburse him for any such expenses.  Absent such allegations, plaintiff cannot show that he suffered an injury-in-fact that would permit him standing to pursue the subject claim.

The court understands plaintiff's argument in his opposition that "it goes without saying that [plaintiff], himself, incurred these expenses."  Dkt. 22 at 13 n.2.  But plaintiff's argument is just that—argument.  It does not substitute for the verified facts he is required to allege to state a cognizable claim.

Second, plaintiff fails to allege that the expenses he incurred were necessary to or in consequence of his job duties.  Aside from reciting the categories of expenses that

4

class members generally incur when driving for defendant, his complaint lacks any details about the nature or amount of expenses he incurred when completing the deliveries for defendant. Indeed, as defendant also points out, plaintiff fails to even allege whether he used an automobile or some other vehicle (e.g., a bicycle) to make deliveries.

While plaintiff attempts to dismiss these deficiencies as factual matters that may be reasonably inferred from the complaint, the court disagrees. The above-referenced details are important to assess whether the subject expenses are reimbursable as necessary to and in consequence of his job duties. For example, plaintiff alleges that drivers incur expenses for "maintaining their vehicles," "insurance," and "phone and data expenses for running the Uber Eats Application." Compl. ¶ 27. These allegations do not provide any basis to infer that, independent of their use of the Uber Eats App, drivers would *not* maintain their vehicle, pay for insurance, or purchase a smart phone with a data plan.

Absent allegations establishing that the subject expenses are legally reimbursable, this claim does not cross the line from the possible to the plausible. In re Century Aluminum Co. Sec. Litig., 729 F.3d 1104, 1108 (9th Cir. 2013) ("When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation.... Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true . . . in order to render plaintiffs' allegations plausible within the meaning of Iqbal and Twombly."). Accordingly, the court dismisses the claim for failure to reimburse expenses.

**2. Plaintiff Fails to State a Claim for Failure to Pay Overtime or Minimum Wage**

In relevant part, California Labor Code § 1194 provides the following:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation,

> including interest thereon, reasonable attorney's fees, and costs of suit. Cal. Lab. Code § 1194(a).

The parties cite numerous magistrate judge and district court decisions in support of their position on whether the complaint proffers enough detail to state a claim for failure to pay minimum wage or overtime. Compare Dkt. 21 at 20-22 with Dkt. 22 at 15-18. The only binding authority cited on this issue—which both parties say support their position—is Landers v. Quality Communications, Inc., 771 F.3d 638 (9th Cir. 2014), as amended (Jan. 26, 2015). The court finds Landers instructive.

In Landers, the Ninth Circuit considered whether the district court properly dismissed plaintiff's minimum wage and overtime claims (brought under the Fair Labor Standards Act ("FLSA")) for failure to allege sufficient facts. 771 F.3d at 639. The panel in Landers described plaintiff's complaint as alleging, in relevant part, the following facts:

> (1) plaintiff was employed by defendant;
> (2) his employment was subject to FLSA's minimum wage and overtime conditions;
> (3) he was not paid at the minimum wage; and
> (4) he was subjected to a "piecework no overtime" wage system, in which he worked over forty hours per week without overtime compensation. Id. at 640, 645-46

Before assessing the viability of these allegations, the Landers panel set forth a detailed statement and explanation of the import of the Twombly/Iqbal plausibility requirement to actions brought under FLSA. Id. at 641-45. After surveying the decisions of other circuit courts determining the degree of detail necessary to state these claims under FLSA, the Landers panel boiled down such requirements to the following rules:

- To state a claim for overtime, a plaintiff *must* allege that he or she worked more than 40 hours in a given workweek without being compensated for the overtime hours worked during that workweek. Id. at 644-45.

- To state a claim for overtime, a plaintiff *may* allege an estimate of the length of her average workweek during the applicable period, the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility. Id. at 645.

- To state a claim for overtime, a plaintiff is *not* required to estimate the total

6

number of overtime hours at issue.  Id.

The Landers panel then held that plaintiff failed to state a claim for failure to pay minimum wage or overtime.  Id.  Critically, it reasoned that plaintiff failed to provide "any detail regarding a given workweek when [he] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages."  Id. at 646.

### a.   Claim for Failure to Pay Minimum Wage

To substantiate his claim for failure to pay minimum wage, plaintiff alleges that, between May 6, 2020 and May 10, 2020, plaintiff earned $9.90 per hour "when accounting for all of his time spent on the Uber Eats Application."  Id. ¶ 29.  That amount is net of his "expenses for mileage driven picking up and delivering food items and between deliveries."  Id.  This five-day span is the only period that plaintiff identifies as having made less than minimum wage.

This claim fails for two reasons.  First, plaintiff's alleged wage ($9.90 per hour) during the subject period depends on the deduction of "expenses for mileage driven." Compl. ¶ 29.  As decided in Section B.1. above, plaintiff failed to allege an actionable claim for failure to reimburse.  Absent a right to reimbursement for the mileage expenses deducted, the court does not see any basis to permit plaintiff to count such expenses toward his effective wage rate.

Second, plaintiff fails to explain why "all of his time spent on the Uber Eats Application" during the subject period, Compl. ¶ 29, is compensable under California law. Defendant pointed out this shortcoming in its opening brief, relying on prior decisions by Judge Gilliam and Judge Chen.  Dkt. 21 at 18-19.

In Carter v. Rasier-CA, LLC, Judge Gilliam dismissed the driver's California law and FLSA claims for minimum wage because "it [was] unclear from the complaint whether Plaintiff's definition of 'hours worked' includes time spent simply logged into the Uber application in 'driver mode' or why such hours should be considered compensable time." 2017 WL 4098858, at *3 (N.D. Cal. Sept. 15, 2017), aff'd, 724 F. App'x 586 (9th Cir. 2018).  Similarly, in Yucesoy v. Uber Techs., Inc., Judge Chen twice dismissed

7

plaintiffs' failure to pay minimum wage claims brought under Massachusetts law because the drivers "provide[d] no information for how this hourly amount was calculated and why [plaintiff's] hours logged into the Uber app should be considered compensable time." 2015 WL 6955140, at *3 (N.D. Cal. Nov. 10, 2015); see also Yucesoy v. Uber Techs., Inc., 2016 WL 493189, at *5-6 (N.D. Cal. Feb. 9, 2016) (analyzing same claims brought in third-amended complaint under FLSA standard and then dismissing those claims with prejudice for failure to allege sufficient facts showing that defendant controlled drivers during waiting time between rides).

Plaintiff attempts to distinguish Carter on the basis that he "has explained his 'definition of hours worked' and has clarified that it includes 'time spent logged into the Uber application in driver mode' and in between deliveries." Dkt. 22 at 15 n.6. To be sure, plaintiff does allege that the hours drivers work "include hours driving to a restaurant to pick up food, driving to the customer to deliver food, and driving between deliveries while awaiting their next delivery assignment." Compl. ¶ 28. That allegation, however, does not explain why, under California law, the time spent "driving between deliveries while awaiting the next delivery assignment" qualifies as compensable.

Plaintiff's opposition does not remedy this shortcoming. Tellingly, plaintiff fails to proffer any distinction between his minimum wage claims and those rejected by Judge Chen in Yucesoy. More importantly, though, he fails to proffer any authority or argument to support his position that the time spent waiting between deliveries is compensable under California law. These omissions are critical because, under California law, whether time purportedly worked qualifies as compensable is a question of law.

Under California law, wage and hour claims are "governed by two complementary and occasionally overlapping sources of authority: the provisions of the Labor Code, enacted by the Legislature, and a series of 18 wage orders, adopted by the IWC [Industrial Wage Commission]." Mendiola v. CPS Sec. Sols., Inc., 60 Cal. 4th 833, 838 (2015). "Wage Order 4 requires that employers 'pay to each employee . . . not less than the applicable minimum wage for all *hours worked* in the payroll period . . . It also

8

requires that employees be paid one and one-half times their regular rate of pay for 'all *hours worked* over 40 hours in the workweek' . . . and for "all *hours worked* in excess of eight (8) hours . . . in any workday." Id. at 839 (quoting Cal. Code Regs. tit. 8, § 11040 ("Wage Order 4")) (emphasis in the original). In relevant part, Wage Order 4 defines the term "hours worked" as follows:

> (K) "Hours worked" means the time during which an employee is **subject to the control of** an employer, and includes all the time the employee is **suffered or permitted to work**, whether or not required to do so. Wage Order 4, § 2(K) (emphasis added).

The California Supreme Court has clarified that the "control of an employer" clause and the "suffered or permitted to work" clause establish "independent factors, each of which defines whether certain time spent is compensable as 'hours worked.'" Frlekin v. Apple Inc., 8 Cal. 5th 1038, 1046 (2020), reh'g denied (May 13, 2020).

Based on its review of the complaint, the court cannot discern which clause (if any) serves as the legal basis for plaintiff's assertion that his time waiting between deliveries qualifies as "hours worked" within the meaning of California law. While plaintiff does refer to defendant's "control" of drivers at a handful of paragraphs in his complaint, Compl. ¶¶ 16-26, those references primarily concern driver performance, vehicle standards, and delivery assignments. None discuss the extent of defendant's control over drivers (or, more importantly, plaintiff) during the time they spend between deliveries. Regardless, even if plaintiff had articulated which clause serves as the legal basis for this claim, he still fails to proffer any authority to establish that he is entitled to relief under state law for his alleged waiting time between deliveries.

Independent of the above failures, plaintiff's definition of "hours worked" has other deficiencies. By its terms, that definition addresses the scope of tasks performed by drivers generally. Id. ("hours that drivers **such as** plaintiff work include . . .") (emphasis added). This definition says nothing about the scope of tasks performed by plaintiff specifically.

Even if the court extrapolated that general definition to plaintiff, that definition,

through its notable use of the term "include," is illustrative of the work performed. While it leaves open the possibility that plaintiff performed only these tasks when the Uber App was turned to the "on" position, it does not establish that those tasks were the only tasks that plaintiff performed during the subject time or that other acts performed during the subject time are compensable. Absent such showing, plaintiff cannot push this claim from the conceivable to the plausible. In re Century Aluminum Co. Sec. Litig., 729 F.3d at 1108. Given the above, the court dismisses the claim for failure to pay minimum wage.

### b. Claim for Failure to Pay Overtime

To substantiate his claim for failure to pay overtime, plaintiff alleges that, between February 3, 2020 and February 10, 2020, he worked 44 hours and two minutes. Id. ¶ 31. Defendant did not pay plaintiff time-and-a-half for the four hours and two minutes that he worked in excess of 40 hours that week. Id. This five-day span is the only period that plaintiff identifies as having worked in excess of 40 hours without special compensation.

This claim fails for five reasons. First, paragraph 28 does not satisfy Landers' minimum rule that plaintiff detail a given week that he worked over 40 hours without overtime compensation. The alleged period at issue, "the week of February 3, 2020 to February 10, 2020," Compl. ¶ 31, ran from a Monday to a Monday. This period, which comprises eight days, exceeds a workweek. Thus, plaintiff's failure to pay overtime claim fails under Landers alone.

Second, the rule that a plaintiff identify a "given workweek" that he or she worked in excess of 40 hours without special compensation is a necessary condition to state a claim. It is not alone a sufficient one. Plaintiff does not attempt to allege the other sorts of permissible details that the panel in Landers suggested as probative for finding a plausible claim for relief.

Third, similar to the deficiency in his minimum wage claim, plaintiff fails to explain why the "time spent between deliveries while awaiting the next delivery assignment," Compl. ¶ 31, qualifies as compensable under California law. For the same reasons provided in Section B.2.b, plaintiff must establish that threshold legal fact to state a claim

10

1  under California law that depends on his purported "hours worked."

2  Fourth, also similar to its counterpart in the minimum wage claim, this definition of
3  hours worked addresses the scope of tasks performed by drivers ***generally***, not plaintiff
4  ***specifically***.

5  Fifth and finally, this definition still does not establish that its referenced tasks were
6  the only acts that plaintiff performed during the subject time or that other acts performed
7  during that time are compensable. Given the above, the court dismisses the claim for
8  failure to pay overtime wages.

### 3. Plaintiff Fails to State a Claim for Failure to Provide Accurate Wage Statements

California Labor Code § 226 requires an employer to periodically provide its employee an accurate itemized statement in writing that details various categories of information. Cal. Lab. Code § 226(a). Such categories include: (1) gross wages earned; (2) total hours worked; (3) applicable deductions; (4) net wages earned; and (5) all applicable hourly rates in effect during the pay period. Id. To state a claim under § 226, a plaintiff must allege an injury that resulted from the employer's knowing and intentional failure to comply with the above requirements. Id. § 226(e)(1). An employee suffers an injury if the employer fails to provide a wage statement. Id. § 226(e)(2)(A).

Plaintiff alleges that defendant violated § 226(a) "by failing to provide proper itemized wage statements that include all of the requisite information required by California law, including hours worked and hourly wages and has failed to provide pay statements that are accessible to drivers outside of the Uber Eats Application." Compl. ¶ 32. Based on this allegation, plaintiff invites the court to draw the following two inferences the "pay statements" fail to include (1) "the number of hours worked by a driver (because they only include the time picking up and transporting food and do not include other compensable time spent working)"; and (2) "the hourly wages of drivers, instead, simply providing pay per delivery." Dkt. 22 at 19.

This claim fails for four reasons. As an initial matter, plaintiff fails to dispute

11

1  defendant's assertion that he may maintain this claim only if the other claims are viable.

2  Dkt. 21 at 22.[2]  As noted above, plaintiff fails to state a claim for failure to reimburse

3  expenses or pay overtime or minimum wage.  Given that plaintiff does not contest that

4  the wage statement claim rises or falls with those other claims, it is subject to dismissal

5  on this ground alone.

6        Independent of the above, this claim is also factually deficient.  First, paragraph 32

7  is a legal conclusion that the court must disregard on a motion to dismiss.  Second, this

8  paragraph, again, concerns only the pay information provided to drivers generally, ***not*** to

9  plaintiff specifically.  Plaintiff must allege facts as they concern him in particular.  Third,

10  even if the court were to extrapolate the general conduct alleged at paragraph 32 to

11  plaintiff in particular, he still fails to provide any non-conclusory facts about the scope of

12  the pay information available in the Uber Eats App.  Absent such facts, the court lacks

13  any basis to infer the inadequacy of such information.  Accordingly, the court dismisses

14  the claim for failure to provide an accurate wage statement.

15      **4.**      **Plaintiff Fails to State a Business & Professions Code § 17200 Claim**

16        California Business & Professions Code § 17200 generally prohibits business

17  practices that are unlawful, unfair, or deceptive.  Cal. Bus. & Prof. Code § 17200.  A

18  practice is unlawful if it is forbidden by law.  Walker v. Countrywide Home Loans, Inc., 98

19  Cal. App. 4th 1158, 1170 (2002).  Thus, § 17200 "creates an independent action when a

20  practice violates some other law."  Id.

21        Plaintiff brings the § 17200 claim pursuant to only the unlawful prong.  Compl. ¶¶

22  57-60.  Plaintiff points to several sorts of unlawful practices to substantiate this claim.

---

[2] To support the premise that a § 226 claim fails if a plaintiff does not allege an actionable violation of an expense reimbursement, minimum wage, or overtime law, defendant cites Harris v. Best Buy Stores, L.P., 2018 WL 984220, at *9 (N.D. Cal. Feb. 20, 2018).  The court does not necessarily agree with defendant's construction of Harris.  In that case, Judge Gilliam dismissed the subject § 226 claim because plaintiffs themselves "labeled" those claims as derivative and did not argue that § 226's text did not support plaintiff's theory of liability (i.e., that the defendant employer was required to separate plaintiff's overtime and bonus amounts).  Id.  Here, plaintiff does not concede that his § 226 claim depends on other Labor Code violations and this claim's theory of liability does not appear to be contested.

Principally, plaintiff alleges that defendant misclassifies its drivers as independent contractors in violation of California Labor Code § 226.8. Id. ¶ 58. Plaintiff also alleges that defendant fails to provide paid sick days to its drivers in violation of § 246. Id. ¶ 33. Lastly, plaintiff relies on defendant's purported violation of the various other Labor Code sections analyzed above, namely § 2802, § 1194, § 226(a). Id. ¶ 58.

The court analyzes each ground in turn below.

### a. California Labor Code § 226.8

California Labor Code § 226.8 makes it unlawful for any employer to engage in "willful misclassification of an individual as an independent contractor." Cal. Lab. Code § 226.8(a). Prior to its repeal on September 4, 2020,[3] California Labor Code § 2750.3 provided the following:

> (a)(1) For purposes of the provisions of this code . . . a person providing labor or services for remuneration shall be considered an employee rather than an independent contractor unless the hiring entity demonstrates that all of the following conditions are satisfied:
>
> (A) The person is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact.
>
> (B) The person performs work that is outside the usual course of the hiring entity's business.
>
> (C) The person is customarily engaged in an independently established trade, occupation, or business of the same nature as that involved in the work performed. Cal. Lab. Code § 2750.3(a)(1) (eff. Jan. 1, 2020 to Sept. 3, 2020).

This section codified the California Supreme Court's 2018 decision in Dynamex Operations West, Inc., which adopted the above standard for determining a worker's employment status. Courts often refer this standard as the "ABC test."

To substantiate his assertion that defendant violated § 226.8, plaintiff relies on recent developments in state law. Compl. ¶¶ 3, 34-35. Plaintiff explains that, prior to §

---

[3] Neither plaintiff nor defendant provided any supplemental briefing addressing the effect of § 2750.3's repeal. Given that, the court will assume, for purposes of this motion, that such repeal does not affect plaintiffs' claims to the extent they rest on violations that occurred **before** September 4, 2020.

2750.3's codification, defendant "specifically lobbied" to obtain an exemption from it. Id. ¶ 35. According to plaintiff, such activity, in addition to defendant's "expressed concern" about the statute's impact on its business, serves as "an acknowledgement" that the ABC test requires it to classify its drivers as employees. Id.

The court finds that plaintiff fails to allege that defendant's classification of delivery drivers may serve as a basis for the § 17200 claim. First, defendant has a right to lobby the state legislature. Plaintiff fails to provide any authority to support the theory that such activity may, if unsuccessful, then be used to show that failure to comply with the subject rule thus qualifies as a willful violation. Plaintiff fails to provide any other facts to plausibly show that defendant acted willfully when engaging in the challenged conduct.

Second, plaintiff fails to show why he lacks an adequate legal remedy to pursue his § 17200 claim. Under California law, a claim brought under this section sounds in equity. Durkee v. Ford Motor Co., 2014 WL 4352184, at *2 (N.D. Cal. Sept. 2, 2014) ("Apart from civil penalties . . . the UCL provides only equitable remedies."). The Ninth Circuit has reiterated that a party must establish that it lacks an adequate legal remedy when requesting equitable relief in federal court. Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) ("Guided by that instruction, we hold that the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action.").

Defendant raised this argument in its opening brief. Dkt. 21 at 24-26. In his opposition, plaintiff proffered three responses. First, plaintiff argues that the remedies available under § 17200 are cumulative. Dkt. 22 at 20. Second, plaintiff contends that defendant failed to argue that damages would provide an adequate legal remedy. Id. at 21. Third, plaintiff argues that, absent the § 17200 claim, he "will have no other means to recover damages for [defendant's] violations of state sick time policy[] or to enjoin [defendant's] ongoing misclassification of its Uber Eats drivers generally in violation of § 2750.3." Id. at 21.

Plaintiff's responses are misplaced.  First, as this court recently explained, the cumulative nature of any state law remedy does not alter the longstanding federal common law requirement that a plaintiff lack an adequate legal remedy to obtain equitable relief.  IntegrityMessageBoards.com v. Facebook, Inc., 2020 WL 6544411, at *4 (N.D. Cal. Nov. 6, 2020) (citing Guar. Tr. Co. v. York, 326 U.S. 99, 105-06 (1945)).

Second, contrary to his summary assertion, ***plaintiff*** must show that he lacks an adequate legal remedy.  The law does not recognize a presumption of inadequacy that defendant must affirmatively refute.

Third, as defendant points out, Dkt. 23 at 16, plaintiff could have pursued civil penalties for past violations of § 226.8 through the Private Attorneys General Act ("PAGA"), codified at California Labor Code § 2698, *et. seq.*.  The fact that plaintiff chose not to litigate defendant's purported violation of § 226.8 as a private attorney general does not alter the existence or prior availability of such avenue.

That said, the court understands plaintiff's position that the § 17200 claim also seeks an injunction for future violations of § 226.8, Compl. ¶ 59, and that the availability of civil penalties for past violations does not necessarily redress such harms, Dkt. 22 at 21-22.  However, to show that he is entitled to injunctive relief, plaintiff must plausibly allege irreparable harm.  eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).  He fails to proffer any facts in support of such showing.  Thus, the court dismisses the § 17200 claim to the extent he bases it on violations of Labor Code § 2750.3.[4]

        **b.**    **California Labor Code § 246**

California Labor Code § 246 generally requires an employer to provide qualifying employees with one hour of paid sick leave for every 30 hours worked.  Cal. Lab. Code § 246(b)(1).  To qualify, an employee must work in California for the same employer for 30

---

[4] The court notes that California recently adopted Proposition 22.  Once codified, it appears that proposition will, under certain conditions, require that mobile phone application drivers be treated as independent contractors with respect to the company running the application.  https://vig.cdn.sos.ca.gov/2020/general/pdf/topl-prop22.pdf.  The the court will withhold any conclusion about the effect of this change in law on plaintiff's requests for forward-looking relief until the parties have the opportunity to brief that issue.

or more days within a year from the commencement of employment. Id. § 246(a)(1).

To substantiate his assertion that defendant violated § 246, plaintiff relies on the fact that he began driving for defendant in January 2020. Dkt. 22 at 23. Based on that fact, plaintiff invites the court to "infer" that he "qualified for paid sick leave under California law." Id.

The court declines plaintiff's invitation. The fact that plaintiff made deliveries for defendant in January 2020 does not establish that he has worked 30 such days since January 2020. Moreover, as defendant points out, Dkt. 21 at 26, plaintiff also fails to allege that he requested to use paid sick leave or that defendant denied such request. Thus, to the extent the § 17200 claim rests on defendant's purported violation of § 246's paid leave requirement, it fails for lack of sufficient facts.

Separately, plaintiff did not show why he lacks an adequate legal remedy for any purported § 246 violation. Again, as defendant points out, Labor Code § 248.5 provides that an employee may report suspected § 246 violations to the Labor Commissioner, who may then bring a civil action against the employer and, if successful, may recover legal or equitable relief on behalf of an aggrieved employee. Cal. Lab. Code § 248.5(e). The fact that plaintiff chose not to pursue a legal remedy pursuant to § 248.5 does not alter the existence or availability of such avenue. Thus, to the extent the § 17200 claim is based on a violation of Labor Code § 246, such claim fails on this independent ground.

          **c.**      **California Labor Code § 2802, § 1194, and § 226(a)**

As detailed in Sections B.1. through B.3., plaintiff failed to state an actionable claim for failure to reimburse business expenses, pay overtime or minimum wage, or provide accurate wage statements. Thus, plaintiff may not rely on defendant's purported violations of § 2802, § 1194, and § 226(a) as a basis for his § 17200 claim.

In short, plaintiff failed to allege an underlying violation of the California Labor Code. Given that plaintiff does not allege any other basis for his § 17200 claim, the court dismisses this claim.

///

### 5. Plaintiff Fails to State a Claim for Declaratory Judgment

Title 28 U.S.C. § 2201 generally provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Ninth Circuit has explained that:

> A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution. . . . It must also fulfill statutory jurisdictional prerequisites. . . . If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate. This determination is discretionary, for the Declaratory Judgment Act is deliberately cast in terms of permissive, rather than mandatory, authority. . . . The Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so. Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1222-23 (9th Cir. 1998).

To determine whether a district court should, as a prudential matter, exercise its authority under § 2201 to issue a declaration of rights, courts in the Ninth Circuit look to various factors, including "whether the use of a declaratory action will result in entanglement between the federal and state court systems." Id., 133 F.3d at 1225 n.5.

Plaintiff seeks an order "declaring that, as a result of its misclassification of its delivery drivers," defendant "has violated the California Labor Code and Wage Orders" and declaring that defendant "must comply with the Labor Code and Wage Orders." Compl. ¶ 48. In his opposition, plaintiff characterizes this claim as "attempting to clearly ascertain the litigants' legal rights (status as employer/employee)" and seeking "forward-looking relief." Dkt. 22 at 25.

This claim fails for several reasons. First, as detailed above, plaintiff failed to state a claim for failure to reimburse business expenses, pay overtime or minimum wage, or provide accurate wage statements. Thus, plaintiff lacks any basis to obtain an order that defendant "has violated" the unspecified "California Labor Code and Wage Orders" alleged at paragraph 48.

17

Second, plaintiff fails to explain why his other claims lack an adequate remedy for the purported wage-and-hour violations at issue. Absent that explanation, a declaration under § 2201 is unnecessary. Mangindin v. Wash. Mut. Bank, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009) ("A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action.").

Third, courts often refuse to "exercise jurisdiction where a declaratory judgment claim only seeks to review the legality of past conduct." Continental Cas. Co. v. Nationwide Mut. Ins. Co., 2014 WL 12607694, at *7 (C.D. Cal. Nov. 3, 2014) (collecting cases). On its face, paragraph 48 seeks an order requesting a declaration with respect to only defendant's past conduct. Defendant identified this shortcoming in its opening brief, Dkt. 21 at 27, but plaintiff fails to proffer any response.

Fourth, as plaintiff notes in his briefing, the California Attorney General filed an action against defendant in state court challenging defendant's employment classification practices. Dkt. 22 at 22-23 n.12 (citing People of the State of California v. Uber Techs., Inc. & Lyft, Inc., Case No. CGC-20-584402 (S.F. Sup. Ct. Aug. 11, 2020)). It appears that matter remains ongoing. People v. Uber Techs., Inc., 56 Cal. App. 5th 266 (Oct. 22, 2020) (affirming trial court's order preliminarily enjoining defendant from classifying drivers as independent contractors and violating any provisions of the Labor Code). Given that this court should avoid entangling itself with parallel state court proceedings involving similar issues, the court finds that prudential factors would, in any event, favor refraining from issuing a decision on the requested relief. Gov't Emps. Ins., 133 F.3d 1220, 1225 (9th Cir. 1998) ("[I]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court."). Given the above,[5] the

---

[5] The parties also disagree whether Title 28 U.S.C. § 2201 permits a private litigant to seek declaratory relief based on the violation of a statute that does not confer a private right of action. Compare Dkt. 22 at 26-27 (citing Colopy v. Uber Techs., Inc., 2020 WL 3544982, *3 (N.D. Cal. June. 23, 2020)) with Dkt. 23 at 19-20 (citing Sanders v. Choice Mfg. Co., Inc., 2011 WL 6002639 (N.D. Cal. Nov. 30, 2011)). Given that the above reasons serve as an independent basis for dismissing the claim for declaratory relief, the

court dismisses the claim for declaratory judgment.

### 6.     The Court Will Permit Leave to Amend in Part

A district court should grant leave to amend "if the complaint can possibly be cured by additional factual allegations." Somers, 729 F.3d at 960.  However, dismissal without leave "is proper if it is clear that the complaint could not be saved by amendment." Id.

Here, defendant fails to show why plaintiff could not remedy the factual deficiencies in his predicate claims for failure to reimburse business expenses, pay overtime or minimum wage, and provide accurate wage statements.  Accordingly, the court will permit plaintiff leave to amend those claims and, incidentally, the § 17200 claim that rests on them.  In any amended pleading, plaintiff must identify which clause of the definition of "hours worked" in Wage Order 4 (or any other Wage Order he contends is applicable) serves as the basis for his alleged "hours worked."  He must also identify the authority that he relies on to support his position that the time spent waiting between deliveries qualifies as compensable.

Separately, to the extent plaintiff seeks a declaration of rights based on past violations, the court dismisses the request for declaratory relief with prejudice.  The court will permit plaintiff leave to amend that claim only as it pertains to future violations.  Failure to remedy all defects in the above claims—including, without limitation, all those identified in this order—will result in their dismissal with prejudice.

### C.     Motion to Strike Class Allegations

As noted above, defendant alternatively requests that the court strike plaintiff's class allegations.  Dkt. 21 at 2.  Given that the court dismissed all claims in the complaint, it need not and will not decide defendant's alternative motion to strike.  Accordingly, the court denies defendant's request to strike as moot.

To be sure, defendant may raise this alternative request once more in response to any amended pleading.  However, the court disfavors issuing a decision on whether this

---

court need not resolve this disagreement.

19

action should proceed on a class-wide basis absent a fully briefed motion for class certification following the opportunity for discovery, and will likely summarily deny such a motion. Other courts agree. Colopy v. Uber Techs. Inc., 2019 WL 6841218, at *10 (N.D. Cal. Dec. 16, 2019) ("Courts disfavor motions to strike class allegations because issues related to class allegations are generally more appropriately resolved on a motion for class certification."); Varsam v. Lab. Corp. of Am., 120 F. Supp. 3d 1173, 1184 (S.D. Cal. 2015) ("While class allegations can be stricken at the pleadings stage if the claim could not possibly proceed on a classwide basis, 'it is in fact rare to do so in advance of a motion for class certification.' . . . It is more appropriate for such arguments to be presented at the class certification stage of the litigation.").

**CONCLUSION**

For the above reasons, the court **GRANTS** defendant's motion to dismiss in its entirety. The court allows plaintiff **28 days** from the date of this order to file a first amended complaint correcting all deficiencies in those claims dismissed without prejudice. Plaintiff may not otherwise amend his complaint absent leave of court or consent of defendant. Upon the filing of any amended complaint, plaintiff must also file as an attachment a redline clearly demarcating its changes from the existing complaint.

**IT IS SO ORDERED.**

Dated: December 7, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge