1    ANDREW M. SPURCHISE, Bar No. 245998
     aspurchise@littler.com
2    LITTLER MENDELSON, P.C.
     900 Third Avenue
3    New York, NY 10022.3298
     Telephone:   212.583.9600
4    Facsimile:    212.832.2719

5    SOPHIA BEHNIA, Bar No. 289318
     sbehnia@littler.com
6    BRIDGET O'HARA, Bar No. 313945
     bohara@littler.com
7    LITTLER MENDELSON, P.C.
     333 Bush Street, 34th Floor
8    San Francisco, CA 94104
     Telephone:   415.433.1940
9    Facsimile:    415.399.8490

10   Attorneys for Defendant
     UBER TECHNOLOGIES, INC.

11

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                      OAKLAND DIVISION

15   KENT HASSELL, on his own behalf and        Case No. 4:20-cv-04062-PJH
     on behalf of all others similarly situated,
16                                              **DEFENDANT'S NOTICE OF MOTION
                     Plaintiff,                 AND MOTION TO DISMISS AND STRIKE
17                                              PLAINTIFF'S CLASS ALLEGATIONS
     v.                                         FROM FIRST AMENDED COMPLAINT;
18                                              MEMORANDUM OF POINTS AND
     UBER TECHNOLOGIES, INC., d/b/a             AUTHORITIES IN SUPPORT THEREOF**
19   UBER EATS,
                                                Date:   March 11, 2021
20                   Defendants.                Time:   1:30 p.m.
                                                Ctrm.:  3, 3rd Floor
21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NTC OF MTN/MTN TO DISMISS FAC AND
STRIKE CLASS ALLEGATIONS; MPA                          CASE NO. 4:20-CV-04062-PJH

# TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED ........................................ 2

II.  FACTUAL AND PROCEDURAL BACKGROUND .................................................................. 4

   A.   Uber's Platform Access Agreement And Arbitration Agreements. ................................ 4

   B.   This Court Dismissed Hassell's Complaint, And Hassell Filed An Amended Complaint. ............ 4

III. THE COURT SHOULD DISMISS HASSELL'S FAC ............................................................ 5

   A.   Legal Standard For Motion To Dismiss. ........................................................................ 5

   B.   Legal Standard For Motion To Strike. ........................................................................... 6

   C.   Hassell's Claims Are Abated By Passage Of Proposition 22. ...................................... 7

   D.   Hassell's FAC Still Fails To Adequately Plead His Claims. ........................................ 8

      1.   Hassell's minimum wage claim should be dismissed because his FAC still fails to plausibly allege a minimum wage violation (Count II) ........................................ 8

      2.   Hassell's inclusion in his overtime claim of time spent between deliveries should be dismissed or stricken (Count III) ...................................................... 15

      3.   Hassell's claim for failure to provide accurate itemized wage statements predicated on his defective minimum wage and overtime claims must be dismissed or stricken (Count IV). ......... 15

      4.   Hassell's FAC fails to remedy the defects in his UCL claim (Count V). ............ 16

   E.   Hassell's Defective Claims Should Be Dismissed With Prejudice. .............................. 21

IV.  HASSELL'S PUTATIVE CLASS SHOULD BE LIMITED TO THOSE WHO OPTED OUT OF BINDING ARBITRATION ........................................................................ 22

V.   CONCLUSION ................................................................................................................ 25

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NTC OF MTN/MTN TO DISMISS FAC AND
STRIKE CLASS ALLEGATIONS; MPA

i.

CASE NO. 4:20-CV-04062-PJH

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Amchem Prod., Inc. v. Windsor,*
   521 U.S. 591 (1997)................................................................................23

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)..................................................................................5

*Avilez v. Pinkerton Gov't Servs., Inc.,*
   596 F. App'x 579 (9th Cir. 2015) ............................................................25

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)..................................................................................5

*Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.,*
   217 F. Supp. 2d 1028 (C.D. Cal. 2002) ....................................................6

*Capriole v. Uber Techs., Inc.,*
   2020 WL 2563276 (N.D. Cal. May 14, 2020) ...........................................4

*Carter v. Rasier-CA, LLC,*
   724 F. App'x 586 (9th Cir. 2018) ............................................................14

*Carter v. Rasier-CA, LLC,*
   2017 WL 4098858 (N.D. Cal. Sept. 15, 2017) .........................................14

*In re Checking Account Overdraft Litig.,*
   780 F.3d 1031 (11th Cir. 2015) ...............................................................24

*Eclectic Props. E., LLC v. Marcus & Millichap Co.,*
   751 F.3d 990 (2014)..................................................................................12

*Fantasy, Inc. v. Fogerty,*
   984 F.2d 1524 (9th Cir. 1993) ...................................................................6

*Flores v. Supervalu, Inc.,*
   509 F. App'x 593 (9th Cir. 2013) ............................................................24

*Francisco v. Emeritus Corp.,*
   2017 WL 7790038 (C.D. Cal. July 14, 2017) ...........................................6

*Harding v. Time Warner, Inc.,*
   2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) ...........................................5

*Harris v. Best Buy Stores, L.P.*
   2018 WL 984220 (N.D. Cal. Feb. 20, 2018) ...........................................15

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA

ii.

CASE NO. 4:20-CV-04062-PJH

*Hassell v. Uber Techs., Inc.*,
    2020 WL 7173218 (N.D. Cal. Dec. 7, 2020) ............................................................5

*James et al. v. Uber Tech., Inc.*, No.
    2021 WL 254303 (N.D. Cal. Jan. 26, 2021) .................................................13, 25

*Joyce v. Office of Architect of Capitol*,
    966 F.Supp.2d 15 (D.D.C. 2013) ...........................................................................21

*Kellgren v. Petco Animal Supplies, Inc.*,
    2015 WL 5167144 (S.D. Cal. Sept. 3, 2015) ........................................................19

*Landers v. Quality Commc'ns, Inc.*,
    771 F.3d 638 (9th Cir. 2014) .........................................................................13, 19

*Lee v. Postmates*,
    2018 WL 4961802 (N.D. Cal. Oct. 5, 2018) ...........................................18, 23, 24

*Levin v Caviar, Inc.*,
    146 F.Supp.3d 1146 (N.D. Cal May 1, 2019) .......................................................24

*Magana v. DoorDash, Inc.*,
    343 F. Supp. 3d 891 (N.D. Cal. 2018) .............................................................22, 23

*Mantolete v. Bolger*,
    767 F.2d 1416 (9th Cir. 1985) ...................................................................................7

*Mohamed v. Uber Techs., Inc.*,
    848 F.3d 1201 (9th Cir. 2016) ...................................................................................4

*Mullins v. Premier Nutrition Corp.*,
    2018 WL 510139 (N.D. Cal. Jan. 23, 2018) ..........................................................16

*O'Connor v. Uber Techs. Inc.*,
    58 F.Supp.3d 989 (N.D. Cal. 2014) .............................................................. *passim*

*O'Connor v. Uber Techs., Inc.*,
    904 F.3d 1087 (9th Cir. 2018) ...................................................................................4

*Tan v. GrubHub, Inc.*,
    171 F. Supp. 3d 998 (N.D. Cal. 2016) .....................................................................9

*Tietsworth v. Sears*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...................................................................6

*In re Titanium Dioxide Antitrust Litig.*,
    962 F. Supp. 2d 840 (D. Md. 2013) ........................................................................23

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA

iii.

CASE NO. 4:20-CV-04062-PJH

*Titsworth v. SKO Brenner Am., Inc.*,
   2012 WL 13013042 (C.D. Cal. Aug. 15, 2012)....................................................6

*Titus v. McLane Foodservice, Inc.*,
   2016 WL 4797497 (E.D. Cal. Sept. 14, 2016)..................................................20

*Tschudy v. J.C. Penney Corp., Inc.*,
   2015 WL 8484530 (S.D. Cal. Dec. 9, 2015)....................................................24

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)......................................................................................23

*Wallace v. Grubhub Holdings Inc.*,
   2020 WL 4463062 (7th Cir. Aug. 4, 2020)....................................................24

*Yucesoy v. Uber Techs., Inc.*,
   2016 WL 493189 (N.D. Cal. Feb. 9, 2016) ....................................................10

**Statutes**

California Labor Code

   § 226(a) ......................................................................................................16

   § 226.8 ................................................................................................ *passim*

   § 246...............................................................................................6, 20, 21

   § 1182.12, 1194.2, 1197.1...........................................................................18

   §§ 1194, 1197, 1198, 510 and 554................................................................18

   § 2802...........................................................................................6, 7, 9

Federal Arbitration Act, 9 U.S.C. § 1 ................................................................13

Business and Professions Code § 17200................................................17, 18, 20

**Other Authorities**

Federal Rule of Civil Procedure

   Rule 8 ..........................................................................................................6

   Rule 12 ............................................................................................... *passim*

LITTLER MENDELSON, P.C.
333 Bush Street, 34ᵗʰ Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA

iv.

CASE NO. 4:20-CV-04062-PJH

Rule 12(b)(6) .................................................................................................................5

Rule 12(f) ..................................................................................................................5, 6

Rule 12(b)(6), (f) .......................................................................................................5, 6

Rule 23 .................................................................................................................. *passim*

Rule 23(a)(3), (4) .........................................................................................................24

Rule 23(c)(1)(A) ...........................................................................................................17

Rule 23(d)(1)(D) ...........................................................................................................17

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA          v.          CASE NO. 4:20-CV-04062-PJH

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 11, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Phyllis J. Hamilton, in Courtroom 3 of the United States District Court for the Northern District of California in the Oakland Courthouse, Third Floor, 1301 Clay Street, Oakland, California, Defendant Uber Technologies, Inc. ("Uber") will and hereby does move this Court, pursuant to Rules 12(b)(6) and 23(d)(1)(D) of the Federal Rules of Civil Procedure, for an order dismissing with prejudice Counts I through V of Plaintiff Kent Hassell's ("Plaintiff" or "Hassell") First Amended Class Action Complaint on the following grounds: (1) [Counts I through V] all claims must be dismissed based on the application of Proposition 22 and the common law doctrine of abatement because Hassell's claims are based on Labor Code § 2775 *et seq.*, commonly referred to as "AB 5,"[1] which was repealed as to Plaintiff and the putative class members by Proposition 22 (Bus. & Prof. Code § 7451); (2) [Count II] fails to plausibly allege entitlement to minimum wage for time spent between deliveries because Hassell cannot assert he was subject to Uber's control during that time; (3) [Count II] fails to plausibly allege sufficient facts to establish Hassell was paid less than minimum wage; (4) [Count III] Hassell's overtime claim is not plausible to the extent predicated on the time spent between deliveries, which Hassell has not plausibly alleged to be compensable time; (5) [Count IV] Hassell's inaccurate wage statement claim must be dismissed to the extent based on his minimum wage claim and time spent between deliveries, which Hassell has not plausibly alleged to be compensable time; (6) [Count V] Hassell's "unfair competition law" claim fails because Hassell has adequate remedies at law for each of the predicate alleged violations of other laws; (7) [Count V] Hassell's "unfair competition law" claim must be dismissed, in whole or in part, to the extent it is based on time spent between deliveries or relies on Hassell's deficient minimum wage claim; (8) [Count V] alternatively, Hassell's "unfair competition law" claim must be dismissed or references to Labor Code §§ 226.8 and 1197.1 stricken because Hassell cannot seek civil penalties, there is no

---

[1] Plaintiff's First Amended Complaint refers to "AB 5" and Labor Code § 2750.3, *et seq.*, which, as the Court pointed out in its Order on Defendant's Motion to Dismiss, was repealed and replaced by Labor Code § 2775, *et seq.*

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NTC OF MTN/MTN TO DISMISS FAC
AND STRIKE CLASS ALLEGATIONS; MPA            1.            CASE NO. 4:20-CV-04062-PJH

1    private right of action, and he has not alleged facts to plausibly allege willful misclassification; and

2    (9) [Count V] alternatively, Hassell's "unfair competition law" claim must be dismissed or references

3    to Labor Code § 246 stricken because there is no private right of action, and Hassell does not allege

4    he "lost money or property" because he does not allege that he worked without pay on any days he

5    supposedly qualified for sick leave.

6          In addition, as to all Counts that the Court permits to proceed, the Court should dismiss or

7    strike Hassell's class allegations to the extent they are brought on behalf of those bound by arbitration

8    agreements with class action waivers pursuant to Rules 12(b)(6), (f) and 23(d)(1)(D) of the Federal

9    Rules of Civil Procedure.

10          This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum

11    of Points and Authorities, the Declaration of Brad Rosenthal filed herewith, the Request for Judicial

12    Notice filed herewith, all papers and pleadings from this case on file with the Court, all other matters

13    of which the Court may take judicial notice, any further evidence or argument offered to the Court at

14    the hearing on this Motion, and any other matters that the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

17          This is Plaintiff Kent Hassell's ("Plaintiff" or "Hassell") second attempt at asserting myriad

18    putative class claims against Defendant Uber Technologies, Inc., d/b/a Uber Eats ("Uber"). Each

19    claim is premised on the contention that Uber Eats "misclassified" individuals who use the Uber Eats

20    App to make deliveries and thus, among other alleged violations, did not pay minimum wage and

21    overtime, provide paid sick leave and reimburse business expenses, or accurate itemized wage

22    statements. This Court granted Uber's first Motion to Dismiss, dismissing each of Hassell's claims,

23    finding Hassell failed to allege sufficient facts to state plausible claims for relief, had adequate

24    remedies at law precluding equitable relief, and was not entitled to seek declaratory judgment.

25          While Hassell's First Amended Complaint ("FAC") properly abandons his declaratory

26    judgment (and injunctive relief) claim and offers some new allegations, the FAC still does not state

27    plausible claims in many respects. First, the FAC continues to rest on the fundamental assertion that

28    Hassell was properly considered Uber's "employee," despite the fact that under Proposition 22, "an

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA                    2.                    CASE NO. 4:20-CV-04062-PJH

app-based driver is an independent contractor and not an employee or agent…."  Cal. Bus. & Prof. Code § 7451.  Proposition 22 effectively repealed AB 5 and its subsequent amendments, codified at Labor Code § 2775, *et seq.* As such, all of Hassell's claims brought under the ABC test are abated, and must be dismissed.

Furthermore, because Hassell still does not allege facts to plausibly contend that the time spent between deliveries is compensable "hours worked," his minimum wage, overtime, wage statement, and "unfair competition law" ("UCL") claims cannot be based on this non-compensable time.  Hassell also does not allege sufficient facts to establish that he in fact was paid less than minimum wage for any time spent on the Uber Eats App. Hassell's UCL claim also fails because he has adequate remedies at law for each of the claims made.  In addition, Hassell fails to allege a plausible claim for "willful misclassification" under Labor Code § 226.8 or for paid sick leave under Labor Code § 246.

Finally, Hassell improperly continues to seek to represent a putative class comprised almost exclusively of persons subject to binding arbitration agreements with Uber.  While Hassell has previously argued he can show that delivery people are "transportation workers" exempt from the Federal Arbitration Act ("FAA"), his FAC alleges no involvement in the movement of goods in interstate commerce, no travel across state lines, and no other facts to support this narrow exemption. As a result, Uber moves to strike Hassell's class allegations to the extent asserted on behalf of those bound to arbitrate.[2]

On his second attempt to plead a viable case, Hassell's claims remain deficient as a matter of law.  This Court should now dismiss those claims with prejudice.  At a minimum, this Court should strike the class allegations to the extent Hassell purports to represent persons who are subject to arbitration.

---

[2] Uber acknowledges the Court's prior guidance that it "disfavors" striking class allegations at the pleadings stage.  Uber has narrowed its requested relief accordingly.  The enforceability of Uber's arbitration agreements is well-settled in this Circuit, and Hassell opted out of arbitration and lacks standing to challenge the agreement in any event.  Therefore, Uber respectfully submits that narrowing the scope of the class at this stage of the case is appropriate.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA                3.                CASE NO. 4:20-CV-04062-PJH

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Uber's Platform Access Agreement And Arbitration Agreements.

Uber's prior Motion to Dismiss detailed the facts relevant to Hassell's action and thus Uber will only summarize them briefly here.

Uber developed a smartphone application (the "Uber Eats App") that offers the Uber Eats marketplace, which connects individuals seeking food delivery services ("customers") with restaurants offering food and individuals who can provide delivery services ("delivery people").  *See generally* FAC ¶¶ 11-12; Declaration of Brad Rosenthal ("Rosenthal Decl.") at ¶ 4.

Each delivery person signs an agreement to use the Uber Eats App, and each agreement contains an arbitration agreement with a class action waiver.  *Id.*  It is undisputed that the arbitration agreements require signatories to arbitrate all disputes relevant here.  *Id.* at Ex. A, § 13.1.  The arbitration agreements also expressly require signatories to arbitrate any challenges to the validity or enforceability of the arbitration agreements, including whether any opt out is valid*. Id.* at § 13.1(b). Finally, the arbitration agreements contain an opt-out provision that affords signatories 30 days to opt out of arbitration.  *Id.* at § 13.8(b).  California federal and state courts, including the Ninth Circuit on multiple occasions, have confirmed that Uber's arbitration agreements are valid and enforceable.[3] While Hassell opted out of arbitration, the vast majority of other delivery people in California did not, and are bound to arbitrate their disputes individually.  Rosenthal Decl. at ¶¶ 5-7.

### B.   This Court Dismissed Hassell's Complaint, And Hassell Filed An Amended Complaint.

Hassell initiated this putative class action on June 18, 2020, on behalf of himself and other delivery people, alleging that Uber misclassified them as independent contractors.  (Compl. ¶¶ 2, 57-60.)  Uber moved to dismiss, and this Court granted Uber's motion to dismiss the Complaint in its entirety, but gave Hassell leave to amend, save for his declaratory relief claim, which was dismissed

---

[3] *See Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1212 (9th Cir. 2016) (enforcing Uber's 2013 and 2014 arbitration agreements); *O'Connor v. Uber Techs., Inc.*, 904 F.3d 989, 1093-94 (9th Cir. 2018) (enforcing Uber's 2015 arbitration agreement); *Capriole v. Uber Techs., Inc.*, No. 20-cv-02211, 2020 WL 2563276 at *9 (enforcing Uber's 2020 arbitration agreement); Request for Judicial Notice ("RJN"), Ex. 1 (Orange County Superior Court enforcing arbitration agreement between Uber and a delivery person using the Uber Eats App in *Adolph v. Uber Technologies, Inc.*, No. 30-2019-01103801-CU-OE-CXC ).

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA                    4.                    CASE NO. 4:20-CV-04062-PJH

with prejudice as to any past violations.  Dkt. Nos. 21 and 30; *Hassell v. Uber Techs., Inc.*, 2020 WL 7173218 (N.D. Cal. Dec. 7, 2020).

Hassell filed his First Amended Complaint on January 4, 2021.  Dkt. No. 32-2.  Hassell removed his declaratory relief claim and request for injunctive relief[4] and added some additional allegations related to his other claims.  As discussed below, his new allegations seeking to save claims alleging failure to pay minimum wage, overtime, paid sick leave, and business expense reimbursements – all predicated upon a claim of misclassification – do not remedy the fatal defects this Court found in his original Complaint.  Moreover, Hassell still improperly seeks to pursue class claims on behalf of persons who agreed to binding arbitration on an individual basis.

## III.   THE COURT SHOULD DISMISS HASSELL'S FAC

### A.   Legal Standard For Motion To Dismiss.

Where a complaint asserts Labor Code claims, federal courts apply the standards provided in *Twombly* and *Iqbal*.  *Reilly v. Recreational Equip., Inc.*, No. 18-CV-07385-LB, 2019 WL 1024960, at *3 (N.D. Cal. Mar. 4, 2019).  "To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  If the complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* at 678.

Courts follow a two-step approach when applying the plausibility standard.  First, all conclusory statements and allegations must be pared from the complaint. *Twombly*, 550 U.S. at 555; *Harding v. Time Warner, Inc.*, No. 09-cv-1212–WQH–WMC, 2009 WL 2575898, at *3 (S.D. Cal. Aug. 18, 2009).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678 (Rule 8 requires more than

---

[4] Presumably, Hassell has decided not to pursue injunctive or declaratory relief based on the passage of Proposition 22, which became effective December 16, 2020.  Hassell asserts no facts suggesting that Uber has liability for any claims post-dating the enactment of Proposition 22, contending merely that Uber's compliance with Proposition 22 has not yet been determined. Dkt. 32-2 at foonote 2.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA                    5.                    CASE NO. 4:20-CV-04062-PJH

"unadorned, the defendant-unlawfully-harmed-me accusation[s]," or "naked assertions devoid of further factual enhancement" (citations omitted)).

Second, after paring all conclusory allegations from the complaint, a court should review the complaint's remaining contents to determine whether they "plausibly" entitle the plaintiff to relief. For a claim to be "plausible," it is insufficient that the facts alleged are "'consistent with' a defendant's liability," or that a violation is "conceivable." *Iqbal*, 556 U.S. at 678–80 (citations omitted). Further, facts that raise a "mere possibility of misconduct" are insufficient—they must actually "show," in a plausible way, that the plaintiff is entitled to relief. *Id.* at 679.

## B.    Legal Standard For Motion To Strike.

Under Rule 12(f), courts may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Redundant matter is defined as "needlessly repetitive or wholly foreign to the issues involved in the action." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "Immaterial matter 'has no essential or important relationship to the claim[s] for relief pleaded,' and impertinent matter 'does not pertain and is not necessary to the issues in question in the case.'" *Francisco v. Emeritus Corp.*, No. CV 17–02871–BRO (SSx), 2017 WL 7790038, at *2 (C.D. Cal. July 14, 2017). "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Rule 23(c)(1)(A) mandates that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Rule 23(d)(1)(D) similarly permits a court to "issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."

Taken together, these Rules permit district courts to resolve and strike claims at the pleading stage where it is plain from the pleadings that the class cannot be certified as defined. *See Titsworth v. SKO Brenner Am., Inc.*, CV 12–03457 SJO (SHx), 2012 WL 13013042, at *5 (C.D. Cal. Aug. 15, 2012); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146–47 (N.D. Cal. 2010). "[T]he plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA

6.

CASE NO. 4:20-CV-04062-PJH

are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (rejecting plaintiff's claim that "the trial court abused its discretion by refusing to allow discovery for an asserted national class").

### C.   Hassell's Claims Are Abated By Passage Of Proposition 22.

All of Hassell's claims are predicated on the core contention that Uber misclassified delivery people under AB 5 and its amendments (codified at Labor Code § 2775, *et seq.*). However, this statute, and the ABC test incorporated within, has been effectively repealed as to delivery people by the passage of Proposition 22. Cal. Bus. & Prof. Code § 7451. All of Hassell's claims therefore fail under the common law doctrine of abatement.

This new statute provides that "an app-based driver is an independent contractor and not an employee or agent with respect to the app-based driver's relationship with a network company" under four basic conditions.[5] *Id.* Hassell makes no effort to plead that Uber fails to satisfy these criteria. As such, at a minimum, all of Hassell's claims should be dismissed to the extent they are based on the time period post-dating Proposition 22's effective date of December 16, 2020.

In addition, Hassell's claims must also be dismissed to the extent they are brought under AB 5 and its amendments because all of the prerequisites for abatement are met here. The doctrine of abatement holds that "when a pending action rests solely on a statutory basis, and when no rights have vested under the statute, 'a repeal of such a statute without a saving clause will terminate all pending actions based thereon.'" *Governing Bd. of Rialto Unified Sch. Dist. v. Mann*, 18 Cal. 3d 819, 829 (1977) (quoting *S. Serv. Co. v. Los Angeles County*, 15 Cal. 2d 1, 11–12 (1940)). Courts consider four factors in determining whether an action predicated on old law must be abated: (1) "the statutory nature of the plaintiffs' claim"; (2) "the unvested nature of the plaintiffs' claimed rights"; (3) "the timing of the elimination of those rights"; and (4) "the nature of the mechanisms by which the right of action was eliminated." *Zipperer v. County of Santa Clara*, 133 Cal. App. 4th 1013, 1023 (2005).

---

[5] (1) "[t]he network company does not unilaterally prescribe specific dates, times of day, or a minimum number of hours" of work, (2) "does not require the app-based driver to accept any specific rideshare service or delivery service request," (3) "does not restrict the app-based driver from performing rideshare services or delivery service through other network companies," and (4) "does not restrict the app-based driver from working in any other lawful occupation or business." Cal. Bus. & Prof. Code § 7451.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA                    7.                    CASE NO. 4:20-CV-04062-PJH

First, Plaintiff's claims are dependent on statute – Labor Code § 2775, *et seq*. *Younger v. Superior Court*, 21 Cal.3d 102, 109 (1978).  Second, Hassell has no vested right to benefits under the ABC test codified under that statute.  *Graczyk v. Workers' Comp. Appeals Bd*., 184 Cal. App. 3d 997, 1001-02 (1986) (workers' compensation benefits not available once law amended to exclude student athletes from definition of employees).   Third, Plaintiffs have not obtained a final judgment in this litigation. *See Zipperer*, 133 Cal. App. 4th at 1024 ("Whenever the Legislature eliminates a statutory remedy 'before a judgment becomes final,' the legislative act 'destroys the right of action.'").  Fourth, and finally, Proposition 22 was the mechanism by which Plaintiffs' claims under the ABC test were eliminated. Proposition 22 "constitutes a substantial reversal of legislative policy that represents the adoption of an entirely new philosophy vis-à-vis the prior enactment." *Id*. at 1025 (quotations and citations omitted). The official Voter's Guide bluntly stated "[t]his measure makes app-based rideshare and delivery drivers independent contractors."  Cal. Sec'y of State, *Proposition 22-Analysis by the Legislative Analyst*, https://voterguide.sos.ca.gov/propositions/22/analysis.htm.   Since all of Plaintiff's claims are predicated on AB 5 and its amendment, all of which are now inapplicable to delivery people, the FAC fails to state an action and must be dismissed.

### D.     Hassell's FAC Still Fails To Adequately Plead His Claims.

#### 1.     Hassell's minimum wage claim should be dismissed because his FAC still fails to plausibly allege a minimum wage violation (Count II).

Hassell's FAC fails to remedy the defects in his claim for minimum wage for two reasons. First, Hassell does not plausibly allege that the time spent between deliveries was compensable "hours worked" based on supposedly being "subject to control" by Uber.  Second, Hassell does not provide sufficient facts to plausibly assert that he was paid less than minimum wage.

This Court dismissed Hassell's claim that time spent logged into the Uber Eats application between deliveries "qualifies as compensable," noting that Hassell failed to explain why this time constitutes "hours worked." Dkt. 30 at 8:9-16.  This Court also found that it "cannot discern" whether Hassell alleges he was "subject to" Uber's alleged "control" versus "suffered or permitted to work" during this time, and that Hassell did not provide any legal authority or argument to establish he is entitled to relief under state law for any alleged waiting time.  *Id*. at 9:13-22.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA

8.

CASE NO. 4:20-CV-04062-PJH

In response, Hassell pleads in his FAC that he and other delivery persons were subject to Uber's control during time in between deliveries, relying on the same decision cited by this Court in its Order: *Frlekin v. Apple, Inc.*, 8 Cal.5th 1038 (2020); Dkt. 30 at 9:9-12; FAC ¶ 32.  Hassell's new allegations do not cure the fatal defects in his minimum wage allegations.  As this Court has held, the "subject to the control clause generally applies '[w]hen an employer directs, commands, or restrains an employee from leaving the workplace ... and thus prevents the employee from using the time effectively for his or her own purposes.'"  *Nicholas v. Uber Tech., Inc.*, No. 19-cv-08228-PJH, 2020 WL 7173249, at *5 (N.D. Cal. Dec. 7, 2020), *quoting Mendiola v. CPS Security Solutions, Inc.*, 60 Cal.4th 833, 840 (2015) (dismissing minimum wage claim for time spent between calls as not compensable "hours worked").  The factors that are relevant to determining whether the individual is subject to control include whether: (1) there were excessive geographical restrictions on the individual's movements; (2) the frequency of calls or requests was unduly restrictive; (3) an imposed fixed response time limit was unduly restrictive; (4) the individual could easily trade responsibilities; and (5) the individual had actually engaged in personal activities during this time.  *Mendiola*, 60 Cal.4th at 841.  Courts also consider whether the waiting time was spent primarily for the benefit of the company's business. *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1009 (N.D. Cal. 2016).

Hassell does not allege that he was required to be on Uber's premises, that he was subject to any geographical restrictions on his movement, or that he was required to be at a prescribed work place during this time.  He also does not allege any specific frequency of delivery requests, let alone contend that the frequency was unduly restrictive.  To the contrary, he implies delivery requests were infrequent.  Instead, Hassell claims only two alleged "facts": (1) delivery people supposedly are "disciplined" for not responding to delivery requests; and (2) delivery people's time between deliveries is expended primarily for Uber's benefit, based on the speculation that no deliveries would be made if delivery people sometimes declined deliveries.  Neither claim is plausible.

Moreover, even if Hassell could state a plausible claim of being "subject to control" by Uber, his FAC once again fails to allege sufficient facts for this Court to calculate that he actually was paid less than minimum wage.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA

9.

CASE NO. 4:20-CV-04062-PJH

### a. Hassell does not plausibly allege he was subject to Uber's control in between deliveries.

The California Supreme Court has emphasized that "[t]he level of the employer's control over its employees, rather than the **mere fact that the employer requires the employees' activity**, is determinative" of whether an activity is compensable. *Frlekin*, 8 Cal. 5th at 1056.  Thus, it is not the mere activity of responding to delivery requests that renders waiting time compensable.  Hassell has to show that he and other drivers were **required** to be on duty in between deliveries or **required** to be at a prescribed work place. *Id*. at 1048.  He has not done either.

Instead, Hassell contends only that he remains logged into the Uber Eats App because supposedly "Uber Eats **requires** that drivers either accept **or reject** delivery assignments that Uber Eats populates on their App **within several seconds**" and if they do not respond to delivery requests that quickly, "their 'acceptance rate' will decline, which **may** ultimately lead to disciplinary measures like suspension or termination."  FAC ¶ 33 (emphasis added).

This Court previously agreed with Judge Chen's dismissal with prejudice of similar claims brought under federal law based upon "failure to allege sufficient facts showing that defendant controlled drivers during waiting time between rides." *Yucesoy v. Uber Techs., Inc*., 2016 WL 493189, at *5-6 (N.D. Cal. Feb. 9, 2016).  The Court noted that Judge Chen relied upon plaintiffs' failure to "explain how often the requests came in, how many of the requests they must accept, and the magnitude of the risk of deactivation if requests are not accepted." *Id.* at *6.  Rejecting plaintiffs' request for discovery, Judge Chen commented, "Plaintiffs at the very least should know generally how often they receive ride requests and what the stated risk of termination is for not accepting requests; although they have access to such information, they failed to allege specific facts." *Id*.

Similarly here, Hassell's FAC does not allege how often he received delivery requests on the App, how many of these requests he accepted, how many requests must be accepted, or what specific risk of "discipline" existed if any or all deliveries were not accepted.  According to his own examples, Hassell alleges he spent a total of between 9 and 44 minutes between deliveries during three single days. FAC ¶ 40.  But Hassell does not allege how many deliveries he made on these three specific days, how often requests were received, how much time elapsed before a new delivery request was

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA

10.

CASE NO. 4:20-CV-04062-PJH

received, if he accepted, rejected or ignored any delivery request, and whether he was "disciplined" as a result of his decision to reject or ignore any such request.

He also does not affirmatively allege that Uber requires him to do anything while waiting for delivery requests to come in.  FAC ¶¶ 32-34.  He merely alleges that he "does not perform personal errands or activities while he is waiting between orders so that he is available to respond to Uber Eats' delivery assignments and avoid a low acceptance rate."  FAC ¶ 34.  Hassell's choice not to perform personal activities does *not* mean these activities are prohibited, and Hassell does not allege otherwise.

The lynchpin to Hassell's claim is that he purportedly "may" suffer discipline if he does not respond to a delivery request "within several seconds."  FAC ¶ 33.  Yet, Hassell does not specifically allege that he must *accept* a certain percentage of delivery requests, just that he must "respond."  These ambiguous allegations imply that Hassell was free to affirmatively reject (as opposed to ignore) delivery requests without consequence.  Hassell also does not describe how the act of responding to a delivery request (i.e., by pressing accept or reject on his phone) might be so restrictive of his activities that it renders all time in between deliveries compensable.  Further, even assuming Hassell properly alleged that he was required to accept (as opposed to "respond to") a certain percentage of offered deliveries, he does not allege what discipline – if any – actually ensued or even what discipline would ensue from declining a specific number of offered deliveries, or under what specific circumstances. Tellingly, Hassell does not allege he or any delivery person actually was disciplined or even warned that any low "acceptance rate" could result in any discipline.  At most, Hassell asserts mere speculation that some adverse action *might* occur.  This is insufficient to plausibly establish that Hassell was "subject to control" during this in between delivery time to support his minimum wage claim. *Yucesoy*, 2016 WL 493189, at *6 (dismissing with prejudice minimum wage claim because plaintiffs did not plead how often requests came in, how many they must accept, or the magnitude of the risks of deactivation if requests were not accepted).

Moreover, Hassell's vague contentions are not plausible in light of his contract with Uber. Rosenthal Decl., Ex. A.  That contract makes it clear that Hassell was never subject to discipline or suspension as a result of his "acceptance rate":

- "We [Uber Eats] do not, and have no right to, direct or control you.  Subject to Platform

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA

11.

CASE NO. 4:20-CV-04062-PJH

availability, you decide when, where and whether (a) you want to offer delivery services facilitated by our Platform and (b) you want to accept, decline, ignore or cancel a Delivery (defined below) request; provided, in each case, that you agree not to discriminate against any potential Delivery Recipient or Merchant in violation of the Requirements (defined below)." *Id.*, § 1.2.

- Subject to your compliance with this Agreement, you are not required to accept any minimum number of Delivery requests in order to access our Platform and it is entirely your choice whether to provide delivery services to Delivery Recipients directly, using our Platform, or using any other method to connect with Delivery Recipients, including, but not limited to other platforms and applications in addition to, or instead of, ours." *Id.*

- "Delivery requests may appear in the Driver App and you may attempt to accept, decline or ignore them." *Id.*, § 2.6.

Plainly put, Uber imposes no penalty based on a "low acceptance rate," and Hassell does not allege – and cannot truthfully allege, under the contract or otherwise – that he was threatened with suspension or termination for logging out of the App.  Hassell's allegations regarding time spent between deliveries consequently lack "sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (2014) (quoting *Twombly*, 550 U.S. at 557).

### b. Hassell does not plausibly allege his time spent between deliveries was primarily for Uber's benefit.

Hassell also fails to provide facts to plausibly allege that the time spent between deliveries was primarily for Uber's benefit.  *Frlekin*, 8 Cal.5th at 1051 (distinguishing time spent on optional transportation services that benefit employee from mandatory transportation benefiting the employer). Hassell alleges that all time spent logged in to the Uber Eats App was primarily for Uber's benefit because if delivery people chose to ignore or decline some delivery requests, "there would be no one to bring Uber Eats' customers their food." FAC ¶ 33.

This bald allegation is insufficient to support Hassell's claim that the time between deliveries was primarily for Uber's benefit.  First, Hassell provides no facts to support the assertion that so many

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA

12.

CASE NO. 4:20-CV-04062-PJH

delivery people would be unavailable at any time to accept delivery requests such that customers' deliveries could not be made.  But, more importantly, Hassell does not allege—because he cannot— that Uber ever *required* him to go online or to stay online for any particular period of time to ensure that customers' delivery needs are met.  Hassell and other delivery people do not stay logged in to the Uber Eats App 24/7 and, even while online, they often engage in personal pursuits, including performing work on competitor online platforms.  *James et al. v. Uber Tech., Inc.*, No. 19-CV-06462-EMC, 2021 WL 254303, at *15 (N.D. Cal. Jan. 26, 2021) ("Presumably, some of the drivers in Plaintiffs' putative class "engaged in personal activities"—including paid work for third parties—while waiting to receive ride requests on the Uber app; others may not or may do so only occasionally.")  Indeed, if there is one undisputed hallmark of Uber's business model, it is that drivers and delivery people are free to go online and offline whenever and wherever they want, without any restrictions whatsoever.  *Id.* ("under prong A, "the relevant question is Uber's *right* to control its drivers' schedules.  Because it uniformly has no such control, it is not surprising that there are significant differences between class members with respect to the actual number of hours they spend driving for Uber.")  It strains logic to assert that time a worker spends *voluntarily* on the Uber Eats App (while often engaging in other pursuits) can be considered "primarily for Uber's benefit."

In short, Hassell's FAC does not cure the defects in his original Complaint nor present a plausible claim that time spent between deliveries was primarily subject to Uber's control.

### c.   Hassell also does not plausibly allege he was paid less than minimum wage.

Even assuming Hassell could plead facts to plausibly assert that time spent between deliveries is compensable, his FAC does not cure the defects in his minimum wage claim because it remains impossible to determine if the facts support a reasonable inference that he was not paid minimum wage for all "hours worked."

As discussed in Uber's prior motion to dismiss, the complaint must provide more than "generalized allegations asserting violations of the minimum wage" laws in order to survive a motion to dismiss.[6]  *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014).  To meet this

---

[6] "Although *Landers* discussed FLSA claims," courts have determined that "its reasoning applies to California Labor Code claims as well." *Tan,* 171 F. Supp. 3d at 1006.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA

13.

CASE NO. 4:20-CV-04062-PJH

threshold, plaintiffs must provide ***facts*** "regarding a given workweek when [they] . . . [were] not paid minimum wages." *Id.* These facts must sufficiently detail the number of compensable hours worked and the amount of wages paid in order to "support a reasonable inference" of under-compensation. *See id.* For example, "[a] plaintiff may establish a plausible [minimum wage] claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, or any other facts that will permit the court to find plausibility." *Id.* at 645. These specific factual allegations are necessary, the court held, in light of *Twombly* and *Iqbal's* mandate that "a complaint must contain sufficient factual content 'to state a claim to relief that is plausible on its face,'" and not "merely set[] forth the elements of the claim." *Id.* at 640–41 (quoting *Twombly*, 550 U.S. at 570).

In dismissing Plaintiff's original complaint, this Court cited approvingly the dismissal of a minimum wage claim in *Carter v. Rasier-CA, LLC*, No. 17-cv-00003-HSG, 2017 WL 4098858 at *3 (N.D. Cal. Sept. 15, 2017), *aff'd*, 724 F.App'x 586 (9th Cir. 2018). Order, Dkt. 30, at pp. 7-8. There, the plaintiff alleged that "there were periods or hours where Uber paid [him] $3.75 or less in fares." *Id.* The court found that the plaintiff "critically fail[ed] to explain how he calculated this figure, his hours worked, or his related hourly rate of pay." *Id.; accord*, *Yucesoy*, 2015 WL 6955140, at *3 (dismissing minimum wage claims where Plaintiff contended that "Plaintiff Morris calculates that in some weeks (including the week of June 16, 2015), considering the hours he was logged in to receive ride requests from Uber, and after deducting the cost of his car and gas expenses, the amount he received for his work driving for Uber came to less than the Massachusetts minimum wage of $9.00 per hour."). Similarly, in *Nicholas*, 2020 WL 7173249, this Court dismissed a minimum wage claim against Uber where plaintiff failed to allege how much they were paid for their time. *Id*. at *5.

As in *Nicholas* and *Carter*, this Court should dismiss Hassell's minimum wage claims because he still does not allege sufficient facts to establish a minimum wage violation. While Hassell adds some new details, his FAC does not cure the vagueness of his minimum wage claim. Delivery persons are paid per delivery completed. Without specification of the number of hours worked and monies received, it is impossible to determine how Hassell arrived at his calculated alleged hourly rate.

For example, Hassell contends during one week in May 2020, when including time spent between deliveries, he earned $9.90 per hour and in another week, from July 27, 2020 through August

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA

14.

CASE NO. 4:20-CV-04062-PJH

2, 2020, he earned $10.78 per hour.  FAC ¶¶ 36-37.  He does not allege, however, for either time period how many hours he claims to have "worked" (including or excluding waiting time), nor how much he was ***paid*** – despite such facts being within his knowledge.  It is thus impossible to "explain how he calculated this figure." *Carter, 2*017 WL 4098858 at *3. These details are clearly within Hassell's control.  Indeed, he specifies the hours he allegedly worked with respect to his overtime claim, which only serves to highlight the absence of similar detail with respect to his minimum wage claim.  Without "basic factual allegations" to support his minimum wage claims, Hassell cannot show a plausible entitlement to relief, and his claim must be dismissed.  *Tan,* 171 F. Supp. 3d at 1008.

### 2. Hassell's inclusion in his overtime claim of time spent between deliveries should be dismissed or stricken (Count III).

Hassell's overtime claim (Count III) alleges he was not paid overtime for hours worked beyond eight per day or forty per week. FAC ¶ 39.  Hassell expressly alleges these "hours worked" include "time spent between deliveries while awaiting the next delivery assignment." *Id*.  This Court previously found that, to state a plausible claim for overtime, Hassell must establish as a "threshold legal fact" that his "'time spent between deliveries while awaiting the next delivery assignment' qualifies as compensable under California law." Dkt. 30 at 10:25-11:1. As discussed above, Hassell has not alleged a plausible claim that the time spent between deliveries constitutes "hours worked." Having failed to meet this threshold requirement, Hassell's overtime claim, to the extent based on time spent between deliveries," must be dismissed. FAC ¶ 64.

### 3. Hassell's claim for failure to provide accurate itemized wage statements predicated on his defective minimum wage and overtime claims must be dismissed or stricken (Count IV).

Similarly, Hassell's Count IV alleging failure to maintain required records and non-compliant wage statements fails to state a claim because it is derivative of his defective minimum wage and overtime claims. *See, e.g.*, *Harris v. Best Buy Stores, L.P.* No. 17-CV-00446-HSG, 2018 WL 984220, at *9 (N.D. Cal. Feb. 20, 2018) (dismissing derivative wage statement claims where underlying overtime claims failed); *cf. Thomas-Byass v. Michael Kors Stores (Cal.), Inc.*, No. EDCV 15-369 JGB (KKx), 2015 WL 13756100, at *7–8 (C.D. Cal. Sept. 16, 2015).  This Court so noted, previously finding this derivative claim subject to dismissal on this ground. Dkt. 30 at 11:28-12:5. At a minimum,

LITTLER MENDELSON, P.C.
333 Bush Street, 34ᵗʰ Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA

15.

CASE NO. 4:20-CV-04062-PJH

1   Hassell's wage statement claim cannot be predicated on his claim that time spent between deliveries

2   was "hours worked."

3       **4.      Hassell's FAC fails to remedy the defects in his UCL claim (Count V).**

4       Hassell's FAC fails to remedy numerous deficiencies in his claim for restitution under the UCL

5   predicated on alleged violations of §§ 226(a), 226.8, 246, 510, 554, 1182.12, 1194, 1194.2, 1197,

6   1197.1, and 2802.[7]  First, Hassell's FAC still does not establish the absence of an adequate legal

7   remedy.   Second, even if Hassell plausibly alleged the absence of an adequate legal remedy, Hassell's

8   UCL claim must be dismissed to the extent based on minimum wage violations and time spent between

9   deliveries since those derivative claims fail.  Next, Hassell's reference to § 226.8 must be stricken or

10  dismissed because Hassell cannot seek penalties under the UCL, and he also fails to plausibly allege

11  facts to establish willful misclassification.  Finally, Hassell's UCL claim premised on violations of §

12  246 must be dismissed because Hassell fails to state a viable claim, and in any event, he cannot seek

13  restitution because he does not allege that he lost any work or pay for those days he was ill.

14          **a.      Hassell's UCL claim fails because he has adequate remedies at law.**

15      The Court should dismiss Hassell's UCL claim because he has adequate remedies at law.  This

16  Court previously found that "plaintiff fails to show why he lacks an adequate legal remedy to pursue

17  his § 17200 claim," noting that the Ninth Circuit recently affirmed the dismissal of an action seeking

18  restitution under the UCL precisely because the plaintiff could have sought relief at law.  Dkt. No. 30,

19  14:11-12, *citing Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).  Since Hassell's

20  UCL claim "rel[ies] upon the same factual predicates as… [his] legal causes of action," it therefore

21  "must be dismissed." *Zapata Fonseca v. Goya Foods Inc.*, 2016 WL 4698942, at *7 (N.D. Cal. Sept.

22  8, 2016) ("where an equitable relief claim relies upon the same factual predicates as a plaintiff's legal

23  causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes

24  of action" (internal quotation marks and citation omitted)); *Mullins v. Premier Nutrition Corp.*, 2018

25  WL 510139, at *2 & n.3 (N.D. Cal. Jan. 23, 2018) ("[C]ourts in the Northern District have routinely

26  dismissed equitable claims brought under the UCL … where the plaintiff fails to establish that there

27

28  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    [7] Hassell no longer seeks declaratory or injunctive relief. FAC, ¶ 68; Prayer at 18:12-20.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA                    16.                    CASE NO. 4:20-CV-04062-PJH

1   is no adequate remedy at law available").

2       Hassell's FAC does not remedy this fatal flaw in his UCL claim.  Hassell still pleads claims in

3   Counts I through IV for unpaid business expenses, minimum wage, overtime, and inaccurate itemized

4   wage statements – all of which seek compensatory damages.  FAC at 18:16-17.  In an apparent attempt

5   to avoid dismissal, Hassell contends that he should be entitled to utilize a longer statute of limitations

6   under the UCL.  FAC ¶ 2, n. 1. This is of no consequence, as Hassell pleads he did not start delivering

7   through Uber until January 2020.  FAC ¶ 6.  Since he filed suit in June, 2020, his legal damages would

8   be co-extensive with any restitution he might recover under the UCL. Hassell thus has an adequate

9   remedy at law and his UCL claim to the extent predicated on violations of the laws governing

10  minimum wage, overtime and wage statements, and his UCL claim seeking the same monies in equity

11  must be dismissed. *Sonner,* 971 F.3d at 844; *Bird v. First Alert, Inc.*, 2014 WL 7248734, *5 (N.D. Cal.

12  2014) (dismissing putative class claims under the UCL because of available legal remedy); *Durkee v.

13  Ford Motor Co*., 2014 WL 4352184, *2-3 (N.D. Cal. 2014) (same).

14      Hassell likewise argues in his FAC that he has no adequate legal remedy under § 226.8 to

15  redress misclassification as an independent contractor.  FAC 3:17-27.  But he does not allege that there

16  is any restitution that he would seek under the UCL based on § 226.8 that is not available under the

17  Labor Code.  After all, the alleged injuries from misclassification are, according to Hassell's FAC,

18  unpaid minimum wages, overtime, and business expenses as well as wage statement penalties.

19  *Moreno v. JCT Logistics, Inc*., 2019 WL 3858999, at *13 (C.D. Cal. May 29, 2019) (the

20  "misclassification analysis … is a necessary predicate to Plaintiff's statutory claims" for wage and

21  hour violations "and the UCL claims based on the foregoing"); *Villalpando v. Exel Direct Inc*., 303

22  F.R.D. 588, 606 (N.D. Cal. 2014) ("whether [plaintiffs] are independent contractors or employees" "is

23  a threshold issues as to all of their claims" under the California Labor Code).

24      As for paid sick leave, Hassell ignores the fact that the Labor Commissioner may "order any

25  appropriate relief, including …backpay [and] the payment of sick days unlawfully withheld" with

26  interest [Lab. Code § 248.5, subsec. (b)(1), (f)], and may also bring a civil action. *Id*., § 248.5(c).

27  Hassell alleges no difference between the restitution sought seeks in equity and the damages available

28  at law.  In sum, Hassell's UCL claim should be dismissed because he has adequate legal remedies.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA                          17.                          CASE NO. 4:20-CV-04062-PJH

**b.** **Hassell's UCL claim should be dismissed to the extent it relies on alleged minimum wage violations and time spent between deliveries.**

This Court should dismiss or strike Hassell's UCL claim to the extent predicated on his defective alleged minimum wage claims.  Hassell seeks restitution for, among other things, alleged lost minimum wages for alleged violation of California Labor Code §§ 1182.12, 1194, 1194.2, 1197 and 1197.1.  FAC ¶¶ 66-68.  Because Hassell has failed to state a plausible claim for relief for minimum wages, this derivative claim also fails and his reference to these statutes should be stricken from his UCL claim in the FAC. *See, e.g.*, *Nicholas*, 2020 WL 7173249, at *8 (dismissing UCL claim based on dismissed predicate claims); *Tan*, 171 F. Supp. 3d at 1010–11 (where "UCL claim is premised on the same acts alleged in the complaint's other causes of action, and those causes of action fail, the UCL claim likewise must be dismissed because the plaintiff has not adequately alleged any predicate unlawful acts").  His UCL claim based on alleged overtime violations must likewise be limited to, at most, time spent completing deliveries.

**c.** **Alternatively, Hassell's UCL claim predicated on § 226.8 fails because he cannot seek penalties under the UCL and he alleges only conclusions of willful misclassification.**

Hassell's UCL claim predicated on alleged violation of § 226.8 should be dismissed both because: (1) Hassell cannot seek penalties, the only remedy authorized by § 226.8, under the UCL; (2) Hassell has no private right of action under § 226.8; and (3) in any event, Hassell does not allege sufficient facts to establish willful misclassification.

As noted above, Hassell seeks restitution through his amended UCL claim. It is well-established that the UCL does not permit recovery of civil penalties.  *Albert v. Postmates Inc*., No. 18-cv-07592-JCS, 2019 WL 1045785, at *5 (N.D. Cal. Mar. 5, 2019); *Pineda v. Bank of America*, 50 Cal. 4th 1389, 1401-1402 (2010).  But, Section 226.8 only authorizes the recovery of civil penalties, and no other remedies. Cal. Lab. Code §§ 226.8(b), (c), (g)(3).

Further, Hassell is not afforded a private right of action under § 226.8, which specifically calls for enforcement only by the "Labor Commissioner."  *Roman v. SCI Direct, Inc*., No. 2:17-cv-03537-ODW, 2017 WL 8292778, at *8; *Villalpando v. Exel Direct Inc*., No. 2–cv–04137 JCS, 2014 WL 1338297, at *14-19 (N.D. Cal. Mar. 28, 2014); *Noe v. Sup. Court*, 237 Cal. App. 4th 316, 334-41

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MPA

18.

CASE NO. 4:20-CV-04062-PJH

(2015).

Even if Hassell has a private right of action and could seek restitution pursuant to § 226.8, he has still not alleged facts to plausibly allege willfull misclassification. To survive a motion to dismiss a "willful misclassification" claim, a plaintiff must plead sufficient facts to support a claim that the defendant "avoid[ed] employee status for an individual by voluntarily and knowingly misclassifying that individual as an independent contractor." *Id*.; Cal. Lab. Code § 226.8(i)(4). This Court previously concluded that "plaintiff fails to allege that defendant's classification of delivery drivers may serve as a basis for the 17200 claim." Dkt. 30 at 14:5-6. This Court found that "defendant has a right to lobby the state legislature" to change the law, and Hassell "fails to provide any other facts to plausibly show that defendant acted willfully when engaging in the challenged conduct." *Id*. at 14:6-10.

In his FAC, Hassell asserts the conclusion that Uber "willfully misclassif[ied] drivers, including Plaintiff Hassell," essentially because Uber did not reclassify delivery drivers "after the issuance of the *Dynamex* decision …and the passage of A.B. 5, despite the fact that it held itself out to the public as a food delivery service and Plaintiff Hassell performed food delivery services within Uber Eats' usual course of business." FAC ¶ 48. These sweeping legal conclusions and "formulaic recitation of the elements" of the "ABC" test set forth in *Dynamex* are insufficient. *Landers*, 771 F.3d at 641 ("Under *Twombly* [550 U.S. at 555, 557], a complaint that offers . . . 'a formulaic recitation of the elements of a cause of action[,]' . . . will not suffice.") Indeed, Hassell previously argued that his allegation that the *Dynamex* decision and the passage of AB 5 sufficed to allege a willful violation because those events "put Uber on notice that it is misclassifying its delivery drivers under California law, and Uber has brazenly and defiantly refused to change its practices." Dkt. 22 at 13:23-26. This Court rejected those facts as sufficient when it granted Uber's motion to dismiss. Hassell cannot avoid dismissal by repeating the same claims in his FAC.

Hassell also cites to a court transcript and two news articles for the contention that AB 5 "clearly applies, and was intended to apply to, gig economy companies." *Id*. Again, these allegations are nothing more than mere insufficient legal conclusions masquerading as "facts" by reference to publications. *Nicholas*, 2020 WL 7173249, at *10-11; *Kellgren v. Petco Animal Supplies, Inc*., 2013 WL 12076473, at *3 (S.D. Cal. Sept. 13, 2013) (dismissing claim of willful violation of the FLSA).

LITTLER MENDELSON, P.C.
333 Bush Street, 34ᵗʰ Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA

19.

CASE NO. 4:20-CV-04062-PJH

There has been no final merits determination that delivery people like Hassell are misclassified under California law.  In fact, Uber has obtained multiple rulings that workers who use the Uber Apps are not performing services within Uber's usual course of business.  For example, Judge Richard Kramer (Ret.) found after a four-day arbitration that Uber was not in the transportation business and the driver did not provide transportation services in the furtherance of that business.  *Gollnick v. Uber Tech., Inc.*, RJN Ex. 3; *see also* RJN Exs. 4 and 5 (arbitration orders finding users of the Uber Apps do not provide a service to Uber).  Further, the U.S. Department of Labor issued an Opinion Letter on April 29, 2019 concluding that service providers in the gig economy are not employees because app-based platforms like Uber's are a "referral system that connects service providers with consumers" and that service providers "were not operationally integrated" into the business. RJN, Ex. 2.

While Hassell obviously disagrees with these conclusions, his opinion is insufficient to establish that Uber "willfully" misclassified Hassell, especially given the unprecedented uncertainty of the law over the past few years in California and the fact that multiple decisions have concluded that Uber's treatment of workers like Hassell is lawful.  Since Hassell has failed again to allege facts that suffice to allege a plausible claim of willful misclassification, this Court should dismiss Hassell's UCL claim predicated on § 226.8.

### d. Hassell's UCL claim based on alleged failure to provide paid sick leave should be dismissed.

Hassell also fails to state a plausible claim under the UCL for failure to provide paid sick leave under § 246 for three reasons. First, this Court previously found that "plaintiff did not show why he lacks an adequate legal remedy for any purported § 246 violation." Dkt. 30 at 16:12-19.  Plaintiff again fails to allege that he reported claimed violations to the Labor Commissioner or that the Commissioner did not pursue relief. FAC ¶¶ 43-44.  Hassell therefore has not rectified the fatal flaw in his UCL claim predicated on § 246.  Second, there is no private right of action under § 246. *Titus v. McLane Foodservice, Inc.*, 2016 WL 4797497, at *4 (E.D. Cal. Sept. 14, 2016) (dismissing individual claim under § 246 without leave to amend).

Third, in any event, Hassell does not plausibly allege that he "lost money or property" as required under the UCL.  Hassell can only seek the equitable remedy of restitution under the UCL and

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA

20.

CASE NO. 4:20-CV-04062-PJH

he fails to show he is entitled to restitution for any violation of § 246. While Hassell alleges he was ill, he does **not** allege that he stayed home and was deprived of pay for those days. FAC ¶¶ 43-44. To the contrary – Hassell alleges "[d]espite being sick several days in 2020, Plaintiff Hassell was aware that Uber classified him as an independent contractor and did not provide paid sick leave pursuant to California law, so it would have been futile for him to request it from Uber Eats." FAC ¶ 45.

Hassell therefore presumably received monies for his deliveries on those days he might have qualified for paid sick leave if the statute applied. Accordingly, he has no claim for restitution and he lacks the necessary standing under the UCL. Cal. Bus. & Prof. Code §17204; *Joyce v. Office of Architect of Capitol*, 966 F.Supp.2d 15, 24 (D.D.C. 2013) (plaintiff's failure to allege that his sick leave was unpaid "prove[d] fatal" as he suffered "no material injury"). Hassell's UCL claim predicated on alleged violation of § 246 should be dismissed or stricken. *Iqbal*, 556 U.S. at 678.

### e. Hassell's references to § 1197.1 in his UCL claim should be dismissed or stricken since civil penalties are not recoverable and there is no private right of action.

Finally, Plaintiff's UCL claim alleges that Uber violated § 1197.1, which authorizes only a civil penalty for not paying employees minimum wages. *Albert*, 2019 WL 1045785, at *5; *Pineda*, 50 Cal. 4th at 1401-1402. In addition, there is no private right of action to recover these civil penalties. *Ridgeway v. Wal-Mart Stores Inc.*, No. 08-CV-05221-SI, 2017 WL 363214, at *9 (N.D. Cal. Jan. 25, 2017), *aff'd sub nom. Ridgeway v. Walmart Inc*, 946 F.3d 1066 (9th Cir. 2020). This Court should therefore dismiss or strike Plaintiff's UCL claim to the extent it relies on § 1197.1.

## E. Hassell's Defective Claims Should Be Dismissed With Prejudice.

This Court provided Hassell with a full opportunity to remedy the deficiencies in his Complaint through his FAC. Dkt. 30 at 19:2-14. This Court has broad discretion to deny further leave. *Metzler Inv. GMBH v. Corinthian Colleges, Inc*., 540 F.3d 1049, 1072 (9th Cir. 2008). The Court should deny further leave here because this Court clearly specified the defects that Plaintiff failed to resolve in his FAC, and for the reasons set forth above, Plaintiff failed to remedy those defects. This Court can thus

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA

21.

CASE NO. 4:20-CV-04062-PJH

1    fairly conclude that Hassell cannot consistent with Rule 11 plead facts to remedy these defects.

2    **IV.    HASSELL'S PUTATIVE CLASS SHOULD BE LIMITED TO THOSE WHO OPTED OUT OF BINDING ARBITRATION**

3
     Hassell's class allegations should be dismissed or stricken pursuant to Rules 12(b)(6), (f) and

4    23(d)(1)(D) of the Federal Rules of Civil Procedure to the extent the putative class includes persons

5    bound to arbitrate for failure to state a plausible claim for classwide relief. Fed. R. Civ. P. 23(a)(3),

6    (4).  Hassell did not dispute in the prior motion to dismiss that only a small number of putative class

7    members[8] both opted out of arbitration and are not covered by prior releases, compared to hundreds

8    of thousands of the putative class members who are bound to arbitrate their claims on an individual

9    basis (*see* Rosenthal Decl. ¶¶ 6-7).[9]  Hassell himself noted that "if the district court excluded those

10   who signed class arbitration waivers, a class of all other workers could still go forward in court." Dkt.

11   22 at 24:5-7.  At this stage, that is all Uber requests.

12
     The fact that most putative class members are bound to arbitrate necessarily precludes

13   commonality, defeats superiority, and renders Hassell atypical and an inadequate class representative

14   because he is not bound to arbitrate.  Unlike the vast majority of putative class members, Hassell is

15   not subject to an arbitration agreement and, accordingly, is not subject to its class waiver.  Rosenthal

16   Decl. ¶ 5.  The commonality and predominance problems inherent in such a class are compounded

17   where one of the few putative class members who is not bound to arbitrate seeks to represent the

18   overwhelming proportion who are bound.  Given these important and undisputed differences between

19   Hassell's relationship with Uber and that of the vast majority of putative class members he seeks to

20   represent, his claims are not typical.  A class may not be certified unless "the claims or defenses of the

21   representative parties are typical of the claims or defenses of the class" and "the representative parties

22

---

23   [8] As before, for purposes of this brief, Uber accepts a liberal definition of the putative class such that
24   "drivers who have worked in California" includes delivery people who have made even one delivery
     in California. But Uber reserves the right to challenge this definition for purposes of any class
     certification opposition and otherwise.
25   [9] *See* RJN, Exh. 1 (Orange County Superior Court enforcing arbitration agreement and finding that
     delivery people using the Uber Eats App are not exempt from the Federal Arbitration Act in *Adolph*
26   *v. Uber Technologies, Inc.*, No. 30-2019-01103801-CU-OE-CXC); *O'Connor*, 904 F.3d at 1094–95;
     *see also Magana v. DoorDash, Inc.*, 343 F. Supp. 3d 891, 897 (N.D. Cal. 2018) (denying argument
27   that "drivers who agreed to binding arbitration may now be 'deemed' to have opted out of arbitration
     so long as a single driver opted out of arbitration, and so long as that driver is a named plaintiff in a
28   putative class action").

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA          22.          CASE NO. 4:20-CV-04062-PJH

will fairly and adequately protect the interests of the class." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).  Hassell cannot satisfy either of these requirements.

The arbitration agreements also destroy any commonality among putative class members.[10] "What matters . . . is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (internal quotations and citations omitted). Classwide answers are not possible here given that the Court lacks authority to render any answers for the vast majority of putative class members who agreed to submit their disputes to arbitration. "[W]here certain members of a class are subject to contracts containing arbitration clauses, while other class members are not, those differences in contractual relationships destroy[] the commonality . . . of the class." *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 861 (D. Md. 2013); see *Tan* 2016 WL 4721439, at *3 (following *Titanium*).  The Ninth Circuit held in *O'Connor* that Rule 23's requirements simply cannot be satisfied where the majority of the putative class is bound to arbitrate and the named plaintiff is not. *O'Connor*, 904 F.3d at 1094.

Hassell previously argued that he intends to challenge the arbitration agreements based on the § 1 exemption in the FAA for "transportation workers" engaging in interstate commerce. 9 U.S.C. § 1; Dkt. 22 at 22:2-23:2.  This argument cannot save his efforts to represent those bound by arbitration. Hassell does not allege he drove across state lines while delivering food to customers or otherwise was "engaged in interstate commerce."  Nor has he contended he could so truthfully plead.

This Court has already reached that conclusion with respect to workers providing local food delivery services. *Magana v. Doordash, Inc.*, 343 F.Supp.3d 891 (N.D. Cal. Oct. 22, 2018) (§ 1 exemption inapplicable to DoorDash delivery person when plaintiff made "no allegation that he engaged in interstate commerce under the definition of the narrowly-construed term.").  Further, as held in *Lee v. Postmates, Inc.*, No. 18-cv-03421-JCS, 2018 WL 6605659, at *7 (N.D. Cal. Oct. 5,

---

[10] Of course, even a class comprised only of individuals who were not required to arbitrate their claims would lack commonality and predominance in light of the countless variations among individuals who use the Uber Eats App as delivery people.  Uber reserves the right to assert denial of class certification, modification of the class definition, or other appropriate relief (including moving to compel individual arbitration when and if a class including such individuals is certified) if the Court does not dismiss or strike the class allegations at this stage.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA
23.
CASE NO. 4:20-CV-04062-PJH

2018), "[i]tems purchased by local customers from local merchants are not 'goods that travel interstate' within the meaning of the test, and even if they were, this factor alone would not carry the court's conclusion on the issue of interstate commerce." *Accord, Wallace v. Grubhub Holdings Inc.*, Nos. 19-1564, 19-2156, 2020 WL 4463062 at*3-4 (7th Cir. August 4, 2020) (arbitration agreement is enforceable because "plaintiffs' contracts with Grubhub do not fall within § 1 of the FAA."); *Levin v Caviar, Inc.*, 146 F.Supp.3d 1146, 1154 (local food delivery drivers do not fall within the transportation exemption to the FAA). Finally, the Ninth Circuit has found "cases involving food delivery services like Postmates or Doordash are likewise distinguishable" from "last mile" delivery drivers contracted with Amazon.com, the latter of whom have been found to fall within the Section 1 exemption. *Rittman v. Amazon.com, Inc.*, 2020 WL 4814142 (9th Cir. 2020). It is beyond dispute that the Section 1 exemption does not apply to Hassell or other delivery persons.

Hassell also lacks standing – as a delivery person who opted out of arbitration – to champion this §1 exemption or other defenses on behalf of others who chose not to opt out of arbitration. *In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1039 (11th Cir. 2015) ("The named plaintiffs lack standing to assert any rights the unnamed putative class members might have to preclude Wells Fargo from moving to compel arbitration because the named plaintiffs have no cognizable stake in the outcome of that question."); *see Tan*, 2016 WL 4721439, at *3 (denying class certification because the named plaintiff, who opted out of arbitration, could not represent a class bound to arbitrate on an individual basis). Where a named plaintiff has not suffered the harm alleged to have been suffered by absent class members, he cannot adequately serve as its representative. *See, e.g.*, *Flores v. Supervalu, Inc.*, 509 F. App'x 593, 594 (9th Cir. 2013) (the named plaintiff "having never been denied appropriate overtime compensation, was not a member of that class and therefore did not have standing").

For all of these reasons, numerous courts have declined to certify a class including those required to arbitrate. *See Tan*, 2016 WL 4721439, at *3 (class representative who opted out of arbitration agreement "would be unable to credibly make several procedural unconscionability arguments on behalf of unnamed class members"); *Tschudy v. J.C. Penney Corp., Inc.*, No. 1:1-CV-1011 JM, 2015 WL 8484530, at *3 (S.D. Cal. Dec. 9, 2015) ("[p]utative class members with arbitration provisions likely cannot be included in the class because they are uniquely subject to having their

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA                 24.                CASE NO. 4:20-CV-04062-PJH

disputes resolved in a non-judicial forum"); *Quinlan Macy's Corp. Servs., Inc.*, No. CV 12-00737 DDP (JCx), 2013 WL 11091572, at *3 (C.D. Cal. Aug. 22, 2013) (plaintiff not typical of class where plaintiff was not subject to arbitration program applicable to most of the putative class).

This Court previously declined to strike the class allegations at this pleading stage.  But the enforceability of Uber's arbitration agreements is settled, and there is no reason to permit claims pleaded on behalf of those bound by arbitration to proceed.  Indeed, this approach is consistent with Hassell's own concession – relying on *Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579, 579 (9th Cir. 2015) – that "if the district court excluded those who signed class arbitration waivers, a class of all other workers could still go forward in court." Dkt. 22 at 24:5-7.  Engaging in discovery and further motion practice over class members who are bound to arbitrate is highly unlikely to yield a different result.  Plaintiff's counsel is fully aware that this outcome is inevitable, as just last week Judge Chen partially certified, at Plaintiff's counsel's request, a class of drivers who opted out of Uber's arbitration agreements. *James*, 2021 WL 254303, at *16.

Uber therefore requests that this Court dismiss or strike Hassell's putative classes to the extent they include persons who did not opt out of Uber's arbitration agreements.[11] Whether such a class ultimately can be certified may be addressed at a later day.

## V.     CONCLUSION

On his second try, Hassell's FAC still remains inadequate to state plausible claims. Since Hassell has already been given leave to amend to rectify these same shortcomings, these claims should be dismissed with prejudice.  To the extent Hassell's claims survive, Hassell cannot pursue his claims on behalf of those who are required to arbitrate, and his class claims should be stricken to the extent he seeks to represent delivery people who are bound by an arbitration agreement.

Dated: February 1, 2021

/s/ Sophia Behnia
SOPHIA BEHNIA
LITTLER MENDELSON, P.C.
Attorneys for Defendant
UBER TECHNOLOGIES, INC.

4850-5020-5398.7 073208.2022

[11] Uber reserves all arguments regarding whether a class or subclasses of those individuals who opted out of arbitration should be certified should the action proceed.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MPA                    25.                    CASE NO. 4:20-CV-04062-PJH