1    SHANNON LISS-RIORDAN, SBN 310719
     (sliss@llrlaw.com)
2    ANNE KRAMER, SBN 315131
     (akramer@llrlaw.com)
3    LICHTEN & LISS-RIORDAN, P.C.
     729 Boylston Street, Suite 2000
4    Boston, MA 02116
     Telephone:    (617) 994-5800
5    Facsimile:    (617) 994-5801

6
     *Attorneys for Plaintiff KENT HASSELL,*
7    *individually and on behalf of all others similarly situated*

8

9                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
10

11

12   KENT HASSELL, individually, and on behalf        Case No. 4:20-cv-04062-PJH
     of all others similarly situated,
13
                                                      **PLAINTIFF'S OPPOSITION TO**
14          Plaintiff,                                **DEFENDANT'S MOTION TO DISMISS**
                                                      **AND STRIKE PLAINTIFF'S CLASS**
15          v.                                        **ALLEGATIONS FROM FIRST**
                                                      **AMENDED COMPLAINT**
16   UBER EATS TECHNOLOGIES, INC., d/b/a
     UBER EATS,                                       Courtroom: 3, 3rd Floor
17                                                    Date: May 6, 2021
            Defendant.                                Time: 1:30 PM
18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ...................................................................................................... 2

      A. Plaintiff's Claims Are Not Abated By Passage of Proposition 22 ................................ 2

      B. Plaintiff Has Sufficiently Pled All of the Claims in His First Amended Complaint ..... 4

            1. Standard of Review ................................................................................. 4

            2. Plaintiff Has Adequately Pled His Overtime and Minimum Wage Claims ........... 4

                  a. Plaintiff's Compensable Time Allegations Are Sufficient ................... 5

                  b. Plaintiff Has Plausibly Alleged that He Was Paid Less than
                     Minimum Wage ................................................................................. 8

            3. Plaintiff Has Adequately Pled His Claim for Failure to Provide Accurate Pay
               Statements ...................................................................................... 10

            4. Plaintiff Has Adequately Stated a Claim for Unfair Business Practices .............. 12

                  a. Plaintiff Sufficiently Alleged He Lacked An Adequate Remedy
                     At Law ...................................................................................... 12

                  b. Plaintiff Has Plausibly Alleged Facts to Support His Minimum
                     Wage Claim and Definition of "Hours Worked" And Cannot
                     Be Used as a Basis to Dismiss Plaintiff's UCL Claim ..................... 15

                  c. The Allegations in this Case Are Sufficient to State a Claim
                     Under the UCL Predicated on Cal. Lab. Code Section 226.8 .......... 16

                  d. The Allegations in this Case Are Sufficient to State a Claim
                     Under the UCL Predicated on Cal. Lab. Code Section 246 ............. 17

      C. Plaintiff's Claims Should Not Be Dismissed With Prejudice ..................................... 18

      D. Uber's Bid to Strike the Class Allegations Is Meritless and Should Be Rejected ....... 19

III.  CONCLUSION ................................................................................................. 22

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

1

2

**TABLE OF AUTHORITIES**

**Cases**

3

Armour & Co. v. Wantock
     323 U.S. 126 (1944) ............................................................................................ 8

4

Arnold v. Hearst Magazine Media, Inc.
     2021 WL 488343 (S.D. Cal. Feb. 10, 2021) .................................................. 13

5

6

Ashcroft v. Iqbal
     556 U.S. 662 (2009) ..................................................................................... 1, 4

7

8

Audrey Heredia v. Sunrise Senior Living LLC
     2021 WL 819159 (C.D. Cal. Feb. 10, 2021) .................................................. 14

9

10

Bell Atlantic Corp. v. Twombly
     550 U.S. 544 (2007) ........................................................................................ 1

11

Bond v. Fleet Bank (RI), N.A.
     2002 WL 31500393 (D.R.I. Oct. 10, 2002) ................................................... 20

12

13

Boon v. Canon Bus. Solutions, Inc.
     592 Fed Appx. 631 (9th Cir. 2015) .................................................................. 9

14

15

Cal-Tech Comm'ns, Inc. v. L.A. Cellular Tel. Co.
     20 Cal.4th 163 (1999) ................................................................................... 16

16

Capriole v. Uber. Techs., Inc.
     Case No. 20-16030 (9th Cir.) ........................................................................ 21

17

18

Carver v. Raiser-CA, LLC
     2017 WL 4098858 (N.D. Cal. Sept. 15, 2017) ................................................ 9

19

20

Castillo v. United Rental, Inc.
     2018 1382597 (W.D. Wash. Mar. 19, 2018) .................................................. 19

21

Coleman v. Gen. Motors Acceptance Corp.
     220 F.R.D. 64 (M.D. Tenn. 2004) ................................................................. 20

22

23

Collins v. Int'l Dairy Queen, Inc.
     168 F.R.D. 668 (M.D. Ga. 1996) .................................................................. 20

24

25

Colopy v. Uber Techs Inc.
     2019 WL 6841218 (N.D. Cal. Dec. 16, 2019) .......................................... 16, 19

26

Colopy v. Uber Techs. Inc.
     2020 WL 3544982 (N.D. Cal. June 30, 2020) .......................................... 14, 17

27

28

ii

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

Conde v. Open Door Mktg., LLC
     223 F.Supp.3d 949 (N.D. Cal. 2017) ................................................. 20

Cunningham v. Lyft, Inc.
     2020 WL 1503220 (D. Mass. Mar. 27, 2020) .................................... 21

D'Antuono v. C. & G. of Groton, Inc.
     2011 WL 5878045 (D. Conn. Nov. 23, 2011) ................................... 21

Davenport v. Wendy's Co.
     2014 WL 3735611 (E.D. Cal. July 28, 2014) ................................... 10

Davis v. Four Seasons Hotel Ltd.
     2011 WL 4590393 (D. Haw. Sept. 30, 2011) ................................... 20

Davis v. Novastar Mortg., Inc.
     408 F.Supp.2d 811 (W.D. Mo. 2005) ................................................ 21

Deatrick v. Securitas Sec. Servs. USA, Inc.
     2014 WL 5358723 (N.D. Cal. Oct. 20, 2014)................................... 21

Dynamex Operations W. v. Superior Court
     4 Cal.5th 903 (2018), reh'g denied (June 20, 2018) .......................... 7

Eason v. Roman Catholic Bishop of San Diego
     414 F.Supp. 1276 (S.D. Cal. 2019) ................................................... 13

Evangelatos v. Superior Court
     44 Cal.3d 1188 (1988) ................................................................... 3, 4

Frlekin v. Apple, Inc.
     8 Cal.5th 1038 (2020) ......................................................................... 6

Governing Bd. v. Mann
     18 Cal.3d 819 (1977) .......................................................................... 2

Grove v. Meltech, Inc.
     2020 WL 7133568 (D. Neb. Dec. 3, 2020)....................................... 20

Hassell v. Uber Techs., Inc.,
     2020 WL 7173218 (N.D. Cal. Dec. 7, 2020)................... 5, 11, 12, 19

Hibbs-Rines v. Seagate Techs., LLC
     2009 WL 513496 (N.D. Cal. Mar. 2, 2009)...................................... 19

Horwich v. Superior Court.
     21 Cal.4th 272 (1999) .......................................................................... 3

iii
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

In re Evanston Nw. Corp. Antitrust Litig.
      2013 WL 6490152 (N.D. Ill. Dec. 10, 2013) ........................................................ 20

In re JUUL Labs, Inc., Marketing, Sales Practices, and Products Liability Litig.
      --- F.Supp.3d ---, 2020 WL 6271173 (N.D. Cal. Oct. 23, 2020) ...................................... 15

In Re Wal-Mart Stores, Inc. Wage & Hour Litig.
      505 F.Supp. 609 (N.D. Cal. 2007) .............................................................. 19

James v. Uber Techs., Inc.
       --- F.R.D. ---, 2021 WL 25403 (N.D. Cal. Jan. 26, 2021) ...................................... 3, 17, 18

Kasky v. Nike, Inc.
      27 Cal.4th 939 (2002) ........................................................................ 16

King v. Bumble Trading Inc.
      393 F.Supp.3d 856 (N.D. Cal. 2019) ........................................................... 16

Landers v. Quality Comm'ns, Inc.
      771 F.3d 638 (9th Cir. Nov. 12, 2014) ....................................................... 9, 10

Landgraf v. USI Film Prods.
      511 U.S. 244 (1994) ........................................................................... 3

Lopez v. Smith
      203 F.3d 1122 (9th Cir. 2000) ................................................................ 18

Luna v. Univ. Studio Cty. Prod. LLP
      2013 WL 12308198 (C.D. Cal. Aug. 27, 2013) .................................................. 19

Med. Bd. v. Superior Court
      88 Cal.App.4th 1001 (2001) .................................................................... 2

Mendiola v. CPS Sec. Solutions, Inc.
      60 Cal.4th 833 (2015) ....................................................................... 6, 8

O'Connor v. Uber Techs., Inc.
      2013 WL 6354634 (N.D. Cal. Dec. 5, 2013) .................................................... 15

Perez v. Wells Fargo Bank, N.A.
      929 F.Supp.2d 988 (N.D. Cal. 2013) ........................................................... 16

Pruell v. Caritas Christi
      678 F.3d 10 (1st Cir. 2012) .................................................................. 10

Reed v. AutoNation, Inc.
      2017 WL 6940519 (C.D. Cal. Apr. 20, 2017) .................................................... 9

iv
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Rittmann v. Amazon.com, Inc.
      971 F.3d 904 (9th Cir. 2020), certiorari denied, --- S. Ct. ---, 2021 WL 666403
      (Feb. 22, 2021) ......................................................................................... 21

Robert L. v. Superior Court.
      30 Cal.4th 894 (2003) ................................................................................. 3

Rodriguez v. F & B Sol. LLC
      2014 WL 2069649 (E.D. Va. Apr. 29, 2014) .................................................. 10

Rogers v. Lyft, Inc.
      Case No. 20-15689 (9th Cir.) ....................................................................... 21

Sagastume v. Psychemedics Corp.
      2020 WL 8175597 (C.D. Cal. Nov. 30, 2020) ................................................ 13

Saxon v. Southwest Airlines Co.
      --- F.3d ---, 2021 WL 1201367 (7th Cir. Mar. 31, 2021) ................................ 21

Sealy v. Keiser Sch., Inc.
      2011 WL 7641238 (S.D. Fla. Nov. 8, 2011) ................................................... 21

Sharma v. Volkswagen AG
      --- F.Supp.3d ---, 2021 WL 912271 (N.D. Cal. Mar. 9, 2021) ......................... 13

Shay v. Apple Inc.
      --- F.Supp.3d ---, 2021 WL 75690 (S.D. Cal. Jan. 8, 2021) ............................ 13

Skidmore v. Swift & Co.
      323 U.S 134 (1944) .................................................................................. 6, 8

Sonner v. Premier Nutrition Corp.
      971 F.3d 834 (9th Cir. 2020) ....................................................................... 13

Starr v. Baca
      652 F.3d 1202 (9th Cir. 2011) ....................................................................... 4

Stop Youth Addiction, Inc. v. Lucky Stores, Inc.
      17 Cal.4th 553 (1998) ............................................................................... 1, 2

Tan v. Grubhub, Inc.
      171 F.Supp.3d 998 (N.D. Cal. 2016) .............................................................. 6

Tan v. Grubhub, Inc.
      2016 WL 3743365 (N.D. Cal. July 13, 2016) ................................................... 8

U.S. v. Bluitt
      815 F.Supp. 1314 (N.D. Cal. 1992) .............................................................. 13

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

U.S. v. Sec. Indus. Bank
　　459 U.S. 70 (1982) ........................................................................... 3

U.S. v. Union Auto Sales, Inc.
　　490 F. App'x 847 (9th Cir. 2012) .................................................... 4

Varsam v. Lab. Corp. of Am.
　　120 F.Supp.3d 1173 (S.D. Cal. 2015) ........................................... 19

Villatoro v. Kim Son. Rest., L.P.
　　286 F.Supp.2d 807 (S.D. Tex. 2003) ............................................. 21

W. Oil & Gas Ass'n. v. Monterey Bay Unified Air Pollution Control Dist.
　　49 Cal.3d 408 (1989) ....................................................................... 3

Waithaka v. Amazon.com, Inc.
　　966 F.3d 10 (1st Cir. 2020) ........................................................... 21

Whittington v. Taco Bell of Am., Inc.
　　2011 WL 1772401 (D. Col. May 10, 2011) ................................. 21

Wood v. Marathon Refining Logs. Servs. LLC
　　2020 WL 1877713 (N.D. Cal. Apr. 15, 2020) ................................ 8

Yucesoy v. Uber Techs. Inc.
　　2015 WL 6955140 (N.D. Cal. Feb. 9, 2016) .................................. 9

**Statutes**

9 U.S.C. § 1 ............................................................................................ 21

Cal. Bus & Prof. Code § 7451 ............................................................... 1

Cal. Lab. Code § 1194 ............................................................................ 5

Cal. Lab. Code § 1197 ............................................................................ 5

Cal. Lab. Code § 1198 ............................................................................ 5

Cal. Lab. Code § 226 ..................................................................... passim

Cal. Lab. Code § 246 ....................................................... 12, 14, 17, 18

Cal. Lab. Code § 2775 ...................................................................... 1, 2

Cal. Lab. Code § 510 .............................................................................. 5

Cal. Lab. Code § 554 .............................................................................. 5

vi
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Rules**

Fed. R. Civ. P. 8 ........................................................................................................ 4

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

1

## I.   INTRODUCTION

2      Defendant Uber Technologies, Inc. d/b/a Uber Eats ("Defendant" or "Uber") has moved

3   to dismiss the claims asserted Plaintiff's First Amended Complaint ("FAC") on several grounds.

4   First, Defendant baselessly contends that all of Plaintiff's claims have been abated by the

5   passage of Proposition 22 (codified as Cal. Bus & Prof. Code § 7451) because it effectively

6   repeals the "ABC" test incorporated in Assembly Bill 5 ("A.B. 5") and its amendments (codified

7   as Cal. Lab. Code § 2775, *et seq.*) as it pertains to app-based delivery drivers.  This Court should

8   reject Uber's argument because implied repeals are extremely disfavored and rarely found, and

9   there is simply no evidence supporting abatement here.  See Stop Youth Addiction, Inc. v. Lucky

10  Stores, Inc. 17 Cal.4th 553, 569 (1998).

11     Next, Uber argues that Plaintiff's claims under Count II-V are deficient and that the FAC

12  does not meet the pleading standard set forth in the Supreme Court's decisions in Bell Atlantic

13  Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The

14  Supreme Court in Iqbal noted that "[d]etermining whether a complaint states a plausible claim

15  for relief will…be a context-specific tasks that requires the reviewing court to draw on its

16  judicial experience and common sense."  556 U.S. at 663-64.  Here, common sense demonstrates

17  that Plaintiff has pled his claims with sufficient specificity to put Uber on clear notice of the

18  basis of his allegations and the conduct he is challenging in this case.

19     Finally, Uber urges the Court to dismiss or strike Plaintiff's class allegations "to the

20  extent they are brought on behalf of [delivery drivers] bound by arbitration agreements with class

21  action waivers."  See Dkt. 37 at *2.  However, dismissal of any portion of Plaintiff's class claims

22  at this juncture is premature – especially given the fact that this Court may very well conclude

23  that some or all of putative class members are not bound to arbitrate.  As this Court already

24  recognized, "issuing a decision on whether this action should proceed on a class-wide basis

25  absent a fully briefed motion for class certification following the opportunity for discovery" is

26

27

28

1
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

1   "disfavor[ed]", and thus, Uber's bid to dismiss or otherwise strike Plaintiff's class claims should

2   be denied.

3   **II.     ARGUMENT**

4       **A. Plaintiff's Claims Are Not Abated By Passage of Proposition 22**

5          In what is, perhaps, Uber's latest attempt to escape liability for misclassifying its drivers

6   as independent contractors, Uber argues that the "ABC" test stated in Assembly Bill 5 ("A.B. 5")

7   and its amendments (codified as Cal. Lab. Code § 2775, *et seq.*) has been "effectively repealed as

8   to delivery people by the passage of Proposition 22." Dkt. 37 at *7.  As a result, Uber boldly

9   contends, "[a]ll of Hassell's claims therefore fail under the common law doctrine of abatement."

10  Dkt. 37 at *7.[1]  This statement is simply untrue.  Here, there is no repeal of A.B. 5 that would

11  require the dismissal of this suit (which is only partially premised on A.B. 5 in any case, as the

12  California Supreme Court's decision in <u>Dynamex</u> provides an additional basis for Plaintiff's

13  claims).  As a threshold matter, A.B. 5 has not been expressly repealed by statute.  Moreover,

14  A.B. 5 also has not been repealed by implication.  Proposition 22 does not contain *any* reference

15  to a "repeal," nor does it discuss A.B. 5 at all.  It is hard to imagine how Proposition 22 repealed

16  a statute that it does not mention.  Implied repeals are extremely disfavored and rarely found.

17  <u>See</u> <u>Stop Youth Addiction</u>, 17 Cal.4th at 569 ("The law shuns repeals by implication.");

18  <u>Governing Bd. v. Mann</u>, 18 Cal.3d 819, 828 (1977) ("repeals by implication are not favored");

19  <u>Med. Bd. v. Superior Court</u>, 88 Cal.App.4th 1001, 1013 (2001) ("In recognition of the courts'

20

21

22  [1]     Uber also argues that Plaintiff Hassell's claims should be dismissed as to the period after
23  Proposition 22 came into effect on December 16, 2020 because he has failed to plead that Uber
    does not meet the criteria set forth in Proposition 22 stating that app-based companies are
24  required to follow in order to receive the benefit of classifying its workers as independent
    contracts under the statue.  <u>See</u> Dkt. 37 at *7.  However, such allegations are not required at this
25  stage because, as Plaintiff explains in his FAC, "[w]hile it is possible that, as of December 17,
    2020, Proposition 22 may relieve Uber Eats of its liability as alleged in this Amended Complaint,
26  it is yet to be determined whether Uber Eats is in compliance with its requirements, and thus,
27  whether it may claim a defense under Proposition 22."

                                      2

28  OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
    STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

1  constitutional role to construe, not write statutes, [a]ll presumptions are against a repeal by

2  implication.") (internal citations omitted).

3      To meet its burden to show that Proposition 22 impliedly repealed A.B. 5, Uber would

4  have to argue that there is "*no possibility* of concurrent operation" and that Proposition 22 and

5  A.B. 5 are "irreconcilable," and even then, "an implied repeal should not be found unless…the

6  later provision gives *undebatable evidence* of an intent to supersede the earlier…"  <u>W. Oil & Gas</u>

7  <u>Ass'n. v. Monterey Bay Unified Air Pollution Control Dist.</u>, 49 Cal.3d 408, 419-420 (1989)

8  (emphasis in original).  Here, Proposition 22 and A.B. 5 can and do operate concurrently; A.B. 5

9  mandates an "ABC" test for employee status, and Proposition 22 creates a narrow exception to

10 A.B. 5 that applies only to certain "app-based drivers" and <u>*only if*</u> the companies meet a set of

11 stringent conditions.  Moreover, the law does not preclude companies like Uber from electing to

12 classify their drivers as employees if they so choose.  Thus, the two statutes are not

13 irreconcilable, as they might be if Proposition 22 *mandated* that all app-based drivers must

14 universally be classified as independent contractors.  In other words, Proposition 22 does not

15 completely revoke the original requirements created by A.B. 5.  Likewise, there is nothing

16 approaching "undebatable evidence" that Proposition 22 was intended to affect a repeal of A.B.

17 5, which would give rise to an exceptionally rare finding of implied repeal.  In fact, Plaintiff can

18 think of no compelling evidence that a repeal was intended.  In sum, A.B. 5 was <u>not</u> repealed by

19 Proposition 22 and Plaintiff's claims are <u>not</u> abated by the passage of Proposition 22.[2]

20 _____

[2]      Plaintiff anticipates that Defendant Uber may also argue that Proposition 22 applies
21 retroactively.  However, as Judge Chen recently determined in a certified class action case
against Uber alleging similar claims to the claims asserted here, "Prop 22 does not apply
22 retroactively."  <u>James v. Uber Techs., Inc.</u>, --- F.R.D. ---, 2021 WL 25403, at *17 (N.D. Cal. Jan.
26, 2021).  It is black letter law that statutes are presumptively limited to prospective-only
23 application, absent a clear intent that the statute be applied retroactively.  <u>Landgraf v. USI Film</u>
<u>Prods.</u>, 511 U.S. 244, 265 (1994); <u>U.S. v. Sec. Indus. Bank</u>, 459 U.S. 70, 79–80 (1982);
24 <u>Evangelatos v. Superior Court</u>, 44 Cal.3d 1188, 1207 (1988).  The same is true of ballot
initiatives.  <u>See</u> <u>James</u>, 2021 WL 254303, *17 (citing <u>Robert L. v. Superior Court.</u>, 30 Cal.4th
25 894, 900-01 (2003) ("In interpreting a voter initiative..., we apply the same principles that govern
statutory construction.") (quoting <u>Horwich v. Superior Court.</u>, 21 Cal.4th 272 (1999));
26 <u>Evangelatos</u>, 44 Cal.3d 1188 (same)).

27                                    3

28      OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B. Plaintiff Has Sufficiently Pled All of the Claims in His First Amended Complaint**

**1. Standard of Review**

Rule 8(a)(2) requires that a plaintiff's complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In evaluating a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." U.S. v. Union Auto Sales, Inc., 490 F. App'x 847, 848 (9th Cir. 2012) (internal quotations omitted). The factual allegations of the complaint need only "plausibly suggest an entitlement to relief" and must simply present "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence to support allegations." Starr v. Baca, 652 F.3d 1202, 1217 (9th Cir. 2011); Iqbal, 556 U.S. at 663 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663-64. Here, Plaintiff has pled simple and straightforward facts that demonstrate facially plausible claims.

**2. Plaintiff Has Adequately Pled His Overtime and Minimum Wage Claims**

In his First Amended Complaint, Plaintiff alleges that, as a consequence of Uber's unlawful misclassification of delivery drivers, he and other drivers have been deprived of the

---

Here, Proposition 22 does not contain an express statement of retroactivity; indeed, it does not even include language that *hints* that it was intended to be retroactive. The California Supreme Court has warned that when the proponents of a ballot initiative fail to include a retroactivity clause "perhaps in order to avoid the adverse political consequences that might have flowed from the inclusion of such a provision," it would be "improper for this court to read [a retroactivity] clause into the enactment at this juncture." Evangelatos, 44 Cal.3d at 1211-12. In the absence of any language in the text of the ballot measure or accompanying materials suggesting retroactivity, there is no other evidence that voters intended the statute to be retroactive. As the James court concluded, Uber simply cannot overcome the presumption that Proposition 22 applies prospectively only.

4

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

minimum wage protections of Cal. Lab. Code §§ 1197 and 1194.  FAC ¶ 35 and Count II, Dkt. No. 33.  Additionally, Plaintiff alleges that Uber is liable for its failure to pay him and other drivers overtime in violation of Cal. Lab. Code §§ 1194, 1198, 510, and 554.  FAC ¶ 38 and Count III, Dkt. No. 33.  Uber contends that Plaintiff's minimum wage and overtime claims do should therefore be dismissed, because Plaintiff fails to "plausibly allege that the time spent between deliveries was compensable 'hours worked…'".  See Dkt. 37 at *8.  Uber additionally argues that Plaintiff "does not provide sufficient facts to plausibly assert that he was paid less than minimum wage."  See Dkt. No 37 at *8.  However, as set forth below, the allegations in Plaintiff's FAC are plainly sufficient to survive a motion to dismiss his minimum wage and overtime[3] claims brought under California law.

## a. Plaintiff's Compensable Time Allegations Are Sufficient

This Court previously held that the Complaint failed to plausibly state claims for minimum wage and overtime because it neglected to "explain why, under California law, the time spent 'driving between deliveries while awaiting the next delivery assignment' qualifies as compensable."  Hassell v. Uber Techs., Inc., 2020 WL 7173218, at *5 (N.D. Cal. Dec. 7, 2020) (quoting Cmplt. ¶ 28, Dkt. 1).  Plaintiff's FAC has thoroughly remedied this deficiency by alleging more than enough facts to reveal that Plaintiff "is subject to Uber Eats' control during all hours worked," including during time spent waiting between deliveries, rendering all of his hours worked compensable.[4]  FAC ¶ 32.

---

[3]  Defendant's challenge to the sufficiency of Plaintiff's overtime claim is limited "to the extent [it is] based on time spent between deliveries."  See Dkt. 37 at *15.

[4]  Notably, even if this Court determines that Plaintiff has not sufficiently established that the time spent waiting for assignments between deliveries is compensable, Plaintiff's claims for minimum wage and overtime can still survive dismissal because he has, alternatively, asserted that he did not receive minimum wage even without taking time spent between deliveries into account, see FAC ¶ 37, and he has worked more than eight hours in a day based on the time spent picking up and dropping off deliveries alone.  FAC ¶ 40.

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

"It is well established that an employee's on call or standby time may require compensation."  Mendiola v. CPS Sec. Solutions, Inc., 60 Cal.4th 833, 840 (2015); see Skidmore v. Swift & Co., 323 U.S 134, 137 (1944); Tan v. Grubhub, Inc., 171 F.Supp.3d 998, 1008-09 (N.D. Cal. 2016).  "California courts considering whether on-call time constitutes hours worked have primarily focused on the extent of the employer's control."  Mendiola, 60 Cal.4th at 840.  However, as the Supreme Court of California recently made clear, "courts may and should consider additional relevant factors – including, but not limited to, the location of the activity, the degree of the employer's control, whether the activity primarily benefits the employer or employee, and whether the activity is enforced through disciplinary measures".  Frlekin v. Apple, Inc., 8 Cal.5th 1038, 1056 (2020); see FAC ¶ 33.

**First,** through his FAC, Plaintiff Hassell has plausibly established that he was subject to Uber's control during all hours worked, including in between deliveries.  As the Supreme Court of California emphasized in Frlekin, whether an activity is mandatory or required is probative of the degree of an employer's control, but it is not dispositive.  Frlekin, 8 Cal.5th at 1051, 1056.[5] In determining whether an activity is required by an employer for the purposes of determining whether that activity is compensable "hours worked," the term "required" includes "both an activity that is, strictly speaking, required, and also an activity that is required as a practical matter."  Id., at 536-37.  Keeping in mind the intent of the wage orders to protect employees and "accord workers 'a modicum of dignity and self-respect'"), the Frlekin, the court determined

---

[5]     As a threshold matter, Uber asserts that Plaintiff must show that Uber *required* him and other drivers to be on duty in between shifts for that time to be compensable.  Dkt. 37 at *10.  However, this notion is incorrect.  Indeed, the Frlekin court explained, inquiries into to whether an activity was mandatory or optional have largely been used in cases involving time spent commuting to work, and are less relevant in situations (such as this one) where the activity occurs at the employee's work site.  See 8 Cal.5th at 1051 (drawing distinctions between cases involving commuting time where the employer's interest in controlling the activity "is generally limited to the employee's timely arrival" and cases involving activities occurring at the work site, where an employer's "business interests and level of control are greater").  Nevertheless, the FAC more than adequately states that Uber required him and other drivers to remained logged onto the Uber Eats App between deliveries if they wanted to continue working.

6

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

that, even though the retail worker plaintiffs could *technically* avoid exit searches prior to leaving the store they worked at by not bringing a phone, wallet, bag, or other personal items, the exit searches were required as a practical matter because the realities of everyday life left many employees without a genuine choice about whether to carry at least some of their belongings with them to work.  Id. at 537 (quoting Dynamex Operations W. v. Superior Court, 4 Cal.5th 903, 952 (2018), reh'g denied (June 20, 2018)).  Here, Plaintiff is effectively required to remained logged onto the App between deliveries "because it is the only way for him to be able to receive new a delivery assignment from Uber Eats".  FAC ¶ 33.  Just like in Frlekin, the Court should conclude that wait time between deliveries is required as a practical matter because Plaintiff and other drivers cannot truly avoid waiting time if they wish to continue to work – an activity that most individuals in our society are required to do to survive and that the wage orders clearly seek to promote.

Plaintiff Hassell has also alleges that he is subject to Uber's control during all of his hours worked because he is "not able to freely engage in personal errands or activities while logged into the App between deliveries because Eats Uber requires him to either accept or reject deliver assignments that Uber Eats populates on their App within several seconds" in order to avoid a low "acceptance rate," "which may ultimately lead to disciplinary measures like suspension or termination."  FAC ¶ 33.  As the FAC demonstrates, Plaintiff does not have enough time to engage in most types of personal activities because the time he spends waiting for deliveries really only accounts for a small portion of his day.  See FAC ¶ 40 (chart outlining Plaintiff's hours worked (both with and without calculating the wait time between deliveries) on three separate days on which Plaintiff drove more than eight hours, shows total wait times to be under thirty minutes on all three days).  Just like in Tan, where the court determined that the Grubhub delivery driver plausibly alleged that his standby time between deliveries was compensable as hours worked, Plaintiff Hassell was "not free to roam…because drivers were required to be in or very near to their vehicles" in order to perform deliveries assigned to them by

7

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

Grubhub throughout the day.  <u>Tan v. Grubhub, Inc.</u>, 2016 WL 3743365, at 3 (N.D. Cal. July 13, 2016).

    ***Moreover,*** Plaintiff Hassell has also plausibly alleged that the time he spent waiting for assignments between deliveries was primarily for Uber's benefit.  Courts considering California law have determined standby shifts to be "enormously beneficial to employers" because "[t]hey create a large pool of contingent workers whom the employer can call on if [it's] traffic warrants it, or can tell not to come in if it does not…".  <u>Wood v. Marathon Refining Logs. Servs. LLC</u>, 2020 WL 1877713, at *3 (N.D. Cal. Apr. 15, 2020).  As the Supreme Court of California explained:

> It is well established that an employee's on-call or standby time may require compensation. "Of course an employer, if he chooses, may hire a man to do nothing, or to do nothing but wait for something to happen. Refraining from other activity often is a factor of instant readiness to serve, and idleness plays a part in all employments in a stand-by capacity. Readiness to serve may be hired, quite as much as service itself, and time spent lying in wait for threats to the safety of the employer's property may be treated by the parties as a benefit to the employer."

<u>Mendiola</u> 60 Cal.4th at 840 (quoting (<u>Armour & Co. v. Wantock</u>, 323 U.S. 126, 126 (1944); <u>see</u> <u>Skidmore v. Swift & Co.</u>, 323 U.S. 134, 137 (1944).

    Because Uber offers on-demand food delivery services (carried out by its drivers, including Plaintiff), it plainly *needs* drivers to be logged in to its App in real time to assign deliveries to otherwise "there would be no one to bring Uber Eats' customers their food."  FAC ¶ 33; <u>see</u> FAC ¶ 14.  Indeed, Uber's interest in having drivers, like Plaintiff, standby for incoming delivery assignments is high because it "generates revenue primarily from customers paying for the very food services that its delivery drivers provide."  FAC ¶ 14.  Thus, Uber's revenue directly depends on having enough available drivers to fulfill all incoming requests.  <u>See</u> FAC ¶ 14.  As such, Plaintiff Hassell remains logged into the App between deliveries for the primary benefit of Uber.

        <u>b. Plaintiff Has Plausibly Alleged that He Was Paid Less than Minimum Wage</u>

8

To sufficiently state a claim for minimum wage under the California Labor Code, a plaintiff must do more than state "conclusory allegations that merely recite statutory language." Landers v. Quality Comm'ns, Inc., 771 F.3d 638, 644 (9th Cir. Nov. 12, 2014).  However, "detailed facts are not required," id. at 641, and a plaintiff may draw from "any factual basis" to plausibly allege a violation.  Reed v. AutoNation, Inc., 2017 WL 6940519, at *3 (C.D. Cal. Apr. 20, 2017) (applying Landers decision to Labor Code context); see Boon v. Canon Bus. Solutions, Inc., 592 Fed Appx. 631, 632 (9th Cir. 2015).  Plaintiff specifically pled:

> [F]or the pay period of July 27, 2020 through August 2, 2020, Plaintiff Hassell only earned \$10.78 per hour when accounting for all of his time spent on the Uber Eats App (including driving to the restaurant, dropping off the delivery, and wait time between deliveries) even before deducting expenses for mileage driven picking up and delivering food items and between deliveries (calculated at the IRS standard reimbursement rate). After deducting a total of \$68.12 to account for the 75.4 miles (based on the IRS standard reimbursement rate of 57.5 cents per mile in 2020) that he drove picking up and delivering food items from his weekly earnings, his hourly rate for the pay period was \$6.59 per hour.  Further, if only considering the time Plaintiff Hassell spent actively engaged in deliveries (driving to pick up and deliver food) for the same July 27, 2020 through August 2, 2020 time period, Plaintiff's hourly rate was \$11.02 per hour before deductions for mileage and \$6.74 per hour after deducting expenses based on the IRS mileage rate.  Thus, Plaintiff received less than minimum wage for that week (and likely other weeks), regardless of whether or not the time spent between deliveries is taken into account and regardless of whether or not the expenses he incurred are taken into account.

FAC ¶ 37.  This statement is plainly sufficient to state a minimum wage claim.

Uber's attempt to characterize Plaintiff's allegation as insufficiently "generalized" fails. Plaintiff's FAC provides a much higher level of detail outlining his minimum wage calculations when compared to the cases Uber points to.  See e.g., Carver v. Raiser-CA, LLC, 2017 WL 4098858, at *3 (N.D. Cal. Sept. 15, 2017); Yucesoy v. Uber Techs. Inc., 2015 WL 6955140, at *3 (N.D. Cal. Feb. 9, 2016).  In fact, Plaintiff even explains how he painstakingly reviews individual delivery summary webpages listing delivery start and end times and per-delivery compensation in order to calculate his total hours worked and average rate of pay during a given pay period because Uber provides him no other way to access this information.  FAC ¶ 11, n. 5. This goes *far* beyond what Landers requires.  Especially given that courts have recognized that

9
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

plaintiffs cannot be expected to allege minimum wage (or overtime) claims with "mathematical precision," when "most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." Landers, 771 F.3d at 645-46; see also Pruell v. Caritas Christi, 678 F.3d 10, 15 (1st Cir. 2012); Rodriguez v. F & B Sol. LLC, 2014 WL 2069649 (E.D. Va. Apr. 29, 2014); Davenport v. Wendy's Co., 2014 WL 3735611, *5 (E.D. Cal. July 28, 2014).

Importantly, Plaintiff's allegation squarely addressed the Court's concerns as to the lack of specificity as to Plaintiff Hassell individually, and with respect to his failure to explain why all of his time spent on the Uber App was compensable in his original Complaint. His allegation clearly satisfies the minimum wage claim pleading standards. Therefore, the Court should deny Uber's request to dismiss this claim.

### 3. Plaintiff Has Adequately Pled His Claim for Failure to Provide Accurate Pay Statements

Uber argues that Plaintiff's accurate pay statement claim under Cal. Lab. Code § 226(a) must be dismissed because it is derivative of his minimum wage and overtime claims, both of which Uber (wrongly) asserts to be defective.[6] However, Plaintiff's § 226(a) claim is not derivative of any of his other claims. In his FAC, Plaintiff states the pay statements that he received from Uber failed to list his total hours worked and his hourly wages during any single pay period. FAC ¶ 41-42. While Uber is correct that this Court's forthcoming determination as to whether the time Plaintiff spent waiting for new assignments between deliveries is compensable may inform the parties of the total *number* of hours worked or the total *amount* of hourly wages that *should* be listed on Plaintiff's pay statements, such a determination would have no impact on Plaintiff's allegation that the required "hours worked" and "hourly wages"

---

[6] As discussed supra, at Part II.B.2, Plaintiff has adequately pled his minimum wage and overtime claims.

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

categories are missing from his pay statements all together.  As such, his claim under Cal. Lab. Code § 226(a) clearly stands alone.

Further, Plaintiff has alleged sufficient facts to support his claim that Uber failed to provide him with accurate pay statements.  This Court previously dismissed Plaintiff's § 226(a) claim based on his original Complaint, but granted Plaintiff leave to amend with instructions to (1) allege facts specific to himself (as opposed to facts applicable to delivery drivers generally) and (2) "provide [] non-conclusory facts about the scope of the pay information available in the Uber Eats App" sufficient for the Court to infer the information contained in the pay statements is inadequate.  Hassell, 2020 WL 7173218, at *7.  Plaintiff's FAC remedies both of the factual deficiencies previously identified by the Court.   In his FAC, Plaintiff alleges that Defendant neglected to include "all of the requisite information required by California law, namely hours worked and hourly wages."  FAC ¶ 41.  The FAC further states:

> Plaintiff Hassell has only been able to access his pay statements by logging into the Uber Eats App.  His pay statements include a summary of his earnings, trip balances, any promotional deals that Uber Eats applied, and a list of all deliveries made during the relevant statement period with the date and time the other was accepted, the trip ID, and the earnings for the delivery.  Any information about Plaintiff's total hours worked (as defined in ¶ 32) is absent from his pay statements.  Plaintiff is not aware of any other place on the App that he can access his total hours worked during a single pay period.  Similarly, his pay statement has not included the total amount of time that he spent on a delivery driving to a restaurant to pick up an order and then driving to drop it off at the customer's home or business.[7]  Additionally, Plaintiff's pay statement also has not included hourly wages.  Instead, the pay statement only lists the earnings for each individual delivery.

FAC ¶ 42.

---

[7]   "The only way that Plaintiff Hassell could access this information is by clicking on a hyperlink for each individual delivery listed on his pay statement and then can be redirected to a separate page with start and end times for that specific delivery, calculate the total time spent on the delivery, and then add all delivery times together to reach a final sum for the statement period.  This process by which Plaintiff could theoretically access this information is more burdensome than California law requires; under § 226(a), employers are required to provide this information on a paper pay statement and cannot force employees to undergo this burdensome process to access their wage statement."  FAC ¶ 42, n. 5.

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

From this allegation, the Court can easily infer that the pay information listed for Plaintiff on the Uber Eats App fails to provide Plaintiff Hassell with the information necessary for him to promptly and easily determine his total hours worked and his hourly pay.  As such, he has plausibly stated his claim under Cal. Lab. Code § 226(a).

### 4. Plaintiff Has Adequately Stated a Claim for Unfair Business Practices

Uber asks the Court to dismiss (or otherwise limit) Plaintiff's claim for restitution under the California Unfair Competition Law ("UCL") for four separate, unavailing reasons. First, Uber asserts that Plaintiff's UCL claim cannot be maintained because he has adequate remedies at law under the California Labor Code and the Private Attorneys General Act ("PAGA"). Second, Uber contends that the Court should dismiss Plaintiff's UCL claim to the extent that it is predicated on his "defective" minimum wage claim and relies on Plaintiff's allegation that time spent waiting for a new assignment between deliveries is part of his total "hours worked."  Third, Defendant argues that the UCL claim predicated on violations of Cal. Lab. Code § 226.8 fails because he has not alleged sufficient facts to plausibly show that Uber willfully misclassified him and other delivery drivers and, in any event, § 226.8 does not permit restitution.  Finally, Uber also urges dismissal of Plaintiff's UCL claim predicated on Cal. Lab. Code § 246 because that statute contains no private right of action and Plaintiff has failed to plausibly allege that he lost "money or property" as a result of Uber's failure to provide him with paid sick time that would allow him standing to bring the claim.  Plaintiff addresses each of these assertions in turn. As set forth below, Plaintiff's UCL claim as pled in his FAC withstands each of Uber's challenges, and therefore, should not be dismissed.

#### a. Plaintiff Sufficiently Alleged He Lacked An Adequate Remedy At Law

As this Court has previously held, to survive dismissal of a UCL claim for equitable restitution in federal court, "a party must establish that it lacks an adequate legal remedy when requesting equitable relief in federal court."  Hassell v. Uber Techs., Inc., 2020 WL 7173218, at *8 (N.D. Cal. Dec. 7, 2020) (citing Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th

12
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

1   Cir. 2020)).  Uber urges this Court to dismiss Plaintiff's UCL claim because it seeks equitable

2   restitution for conduct encompassed by Plaintiff's California Labor Code claims for expense

3   reimbursement, minimum wage, overtime, and inaccurate pay statements, seeking compensatory

4   damages.  See Dkt. 37 at 16-17.  However, nothing in the Ninth Circuit's holding in Sonner

5   prohibits plaintiffs from asserting alternative legal remedies at pleading stage.  Arnold v. Hearst

6   Magazine Media, Inc., 2021 WL 488343, at *8 (S.D. Cal. Feb. 10, 2021) (court determined that

7   "no controlling authority prevents a plaintiff from asserting alternative legal remedies at the

8   pleading stage" and recognizing "discovery may reveal that the claims providing legal remedies

9   are inadequate."); Sharma v. Volkswagen AG, --- F.Supp.3d ---, 2021 WL 912271, at *8 (N.D.

10  Cal. Mar. 9, 2021); see also Eason v. Roman Catholic Bishop of San Diego, 414 F.Supp. 1276,

11  1283 (S.D. Cal. 2019).  Instead, Sonner merely requires a complaint to "allege that a plaintiff

12  lacks an adequate legal remedy", regardless of "whether [the] UCL claim is pleaded as the sole

13  or as an alternative remedy."  Sagastume v. Psychemedics Corp., 2020 WL 8175597, at *7 (C.D.

14  Cal. Nov. 30, 2020); see also Shay v. Apple Inc., --- F.Supp.3d ---, 2021 WL 75690, at *9 (S.D.

15  Cal. Jan. 8, 2021) ("Plaintiff may plead in the alternative but she must also allege she lacks an

16  adequate legal remedy").

17       Here, Plaintiff Hassell meets the pleading requirements of Sonner because he plausibly

18  alleges that he lacks an adequate remedy at law because he would lose at least a year of potential

19  recovery.  As Plaintiff explains in his FAC:

20       Notably, a UCL claim has a statute of limitations of four years.  In contrast, claims
21       brought under the California Labor Code have a statute of limitations of three years, and
         a PAGA claim has only a one year statute of limitations.  Thus, absent the ability to
22       maintain a UCL claim, Plaintiff Hassell would lose the ability to recover for at least one
         year of damages on behalf of the putative class.

23  FAC ¶ 2, n. 1.  While Uber may argue that Plaintiff's ability to recover compensatory damages

24  through the Labor Code or PAGA for any period of time is adequate, the Supreme Court of the

25  United States has recognized the "mere existence of a possible legal remedy is not sufficient to

26  warrant denial of equitable relief."  U.S. v. Bluitt, 815 F.Supp. 1314, 1317-18 (N.D. Cal. 1992)

27                                                13

28                  OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
         STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

1    (citing Interstate Cigar Co. v. U.S., 928 F.2d 221, 223 (7th Cir. 1991) (internal quotation marks

2    omitted)).   Instead, a plaintiff's access to equitable relief should be precluded only where the

3    alternative legal remedy is "plain, clear and certain, prompt or speedy, sufficient, full and

4    complete, practical, efficient to the attainment of the ends of justice, and final").   Id.   Here,

5    requiring Plaintiff to pursue legal claims through the Labor Code or PAGA would cause Plaintiff

6    (and the putative class that he seeks to represent) to lose at least one full year of potential

7    recovery.   Such a result would foreclose Plaintiff's ability to obtain "full and complete" relief,

8    and is thus, patently inadequate.   See Audrey Heredia v. Sunrise Senior Living LLC, 2021 WL

9    819159, at *5 (C.D. Cal. Feb. 10, 2021) (acknowledging that legal remedies may be inadequate

10   where the statute of limitations is less than that of an equitable remedy but dismissing UCL claim

11   for restitution with prejudice because plaintiff had an adequate legal remedy with the same

12   statute of limitations as the UCL claim).[8]

13          Further, Plaintiff also sufficiently states that, absent a UCL claim, he would have no

14   adequate legal remedy to redress his allegations that Uber violated Cal. Lab. Code §§ 226.8 and

15   246.   See Colopy v. Uber Techs. Inc., 2020 WL 3544982, at *4 (N.D. Cal. June 30, 2020)

16   (agreeing with plaintiff Uber drivers that they "do not have an adequate remedy at law" without

17   the UCL because there would be no other means for them to recover damages or seek injunctive

18   relief for harms caused by violations of paid sick time policies).   His FAC explains:

19          Plaintiff Hassell notes that absent his UCL claim as it pertains to violations of Cal. Lab.
20          Code §§ 226.8 and 246, he would have no adequate legal remedy because none of his
             other legal claims would afford him damages or restitution to redress Uber Eats' willful
21          misclassification of him as an independent contractor or its failure to provide him paid
             sick time.   The fact that Plaintiff could have chosen to redress these harms through claims
22          under PAGA or Cal. Lab. Code § 248.5 is not of consequence, because, at this stage, he
23          need only show that he lacks an adequate remedy under any of the other legal claims that

24   ─────────────────────
     [8]    Contrary to Uber's assertions, the fact that Plaintiff Hassell did not, himself, perform
25   deliveries outside of the one-year statute of limitations for PAGA claims is irrelevant because he
     seeks to represent a class of delivery drivers, including those drivers whose claims extend back
26   farther than one year prior to the filing of the complaint.   See Dkt. 37 at *17.

27                                                    14
                     OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
28        STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

1

2

3

4

5

6

> he did choose to bring.  See In re JUUL Labs, Inc., Marketing, Sales Practices, and
> Products Liability Litig., --- F.Supp.3d ---, 2020 WL 6271173, at *55 (N.D. Cal. Oct. 23,
> 2020) (denying defendant's motion to dismiss UCL claim based on unfair conduct for
> restitution and explaining that, at this preliminary stage, a plaintiff's obligation to allege
> that he lacks an adequate remedy at law is low where "the allegations regarding unfair
> conduct are not otherwise coextensive with plaintiffs' legal claims").  Even so, a PAGA.
> claim would not provide Plaintiff an adequate remedy at law to redress Uber Eats' willful
> misclassification of him because a PAGA claim is brought in the shoes of the state,
> whereas the UCL claim allows Plaintiff Hassell to address Uber's unfair conduct in his
> own right, and PAGA allows only for the recovery of civil penalties rather than actual
> money damages.

7

8

9

10

11

12

13

14

FAC ¶ 2, n. 1.  Absent the UCL claim, Plaintiff would have no other direct means to challenge

all of the harms alleged under his UCL claim for the full statutorily prescribed period.

Moreover, the potential availability of compensatory relief for *some* of the violations alleged

under Plaintiff's UCL claim does not provide him, or the putative class he seeks to represent,

with an "adequate remedy" as to the entirety of his UCL claim.  In sum, the Court should decline

to dismiss the UCL claim because Plaintiff has met the relatively lenient pleading standard to

maintain his UCL claim set forth by the Ninth Circuit in Sonner where he has plausibly alleged

more than enough facts to establish that he lacks an adequate remedy at law.

15

16

17

> b. Plaintiff Has Plausibly Alleged Facts to Support His Minimum Wage
> Claim and Definition of "Hours Worked" And Cannot Be Used as a Basis
> to Dismiss Plaintiff's UCL Claim

18

19

20

21

22

23

24

25

26

Uber also contends that the UCL claim must be dismissed to the extent that it is

derivative of Plaintiff's minimum wage and his related assertion that his spent waiting between

deliveries is compensable "hours worked."  In order to "[e]stablish a violation of the UCL, a

plaintiff may plead a violation under any one of the three substantive prongs of the law: the

'unlawful' prong, which requires the allegation of violation of some underlying law as a

predicate act; the 'unfair' prong, which requires a plaintiff to meet one of the three tests for

unfairness…; and the 'fraudulent' prong, which alleges a business act that it is likely to deceive

members of the public." O'Connor v. Uber Techs., Inc., 2013 WL 6354634, at *16 (N.D. Cal.

Dec. 5, 2013) (citing Perez v. Wells Fargo Bank, N.A., 929 F.Supp.2d 988, 1003 (N.D. Cal.

27

28

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

1  2013)).  Here, Plaintiff has pled a violation of the "unlawful" prong of the UCL.  As

2  demonstrated <u>supra</u> at Part II.B.2.a., Plaintiff has plausibly alleged facts to support his definition

3  of compensable hours worked as including the time he spent waiting for assignments between

4  rides.  Further, Plaintiff's claim for minimum wage has been adequately pled.

5  c. The Allegations in this Case Are Sufficient to State a Claim Under the<br>UCL Predicated on Cal. Lab. Code Section 226.8

7  Uber argues that the UCL claim is defective to the extent that it is predicated on a

8  violation of Cal. Lab. Code § 226.8 for willful misclassification because there is no private right

9  of action under that provision.  Although Plaintiff concedes that there is no private right of action

10  under Section 226.8, that fact by no means forecloses Plaintiff's ability to assert a willful

11  misclassification violation through the UCL.  See <u>Colopy v. Uber Techs Inc.</u>, 2019 WL 6841218,

12  at *7 (N.D. Cal. Dec. 16, 2019).  By defining the unfair competition under the UCL broadly to

13  include any "<i>unlawful</i>…business act or practices" § 17200, italics added), the UCL permits

14  violations of other laws to be treated as unfair competition that is not independently actionable.

15  <u>Kasky v. Nike, Inc.</u>, 27 Cal.4th 939, 949 (2002) (citing <u>Cal-Tech Comm'ns, Inc. v. L.A. Cellular</u>

16  <u>Tel. Co.</u>, 20 Cal.4th 163, 180 (1999)).  Notably, "[u]nder this provision, a private plaintiff may

17  bring a UCL action even when the conduct alleged to constitute unfair competition violates a

18  statute for the direct enforcement of which there is no private right of action.").  <u>Kasky</u>, 27

19  Cal.4th at 950 (internal quotations omitted); <u>see also</u> <u>Colopy</u>, 2019 WL 6841218, *7; <u>King v.</u>

20  <u>Bumble Trading Inc.</u>, 393 F.Supp.3d 856, 870 (N.D. Cal. 2019).  Thus, just as Judge Chen

21  concluded in a similar case against Uber, Plaintiff "can allege a UCL violation premised upon a

22  violation of section 226.8, although the scope of the remedy is defined and limited by the UCL."

23  <u>See</u> <u>Colopy</u>, 2019 WL 6841218, *5.

24  Uber's argument that Plaintiff's FAC does not allege sufficient facts that Uber willfully

25  misclassified him fails.  Section 226.8(i)(4) defines willful misclassification as "avoiding

26  employee status for an individual by voluntarily and knowingly misclassifying that individual as

27
28  16<br>OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND<br>STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

an independent contractor." Cal. Lab. Code § 226.8(i)(4).  Plaintiff has plausibly stated such a claim by alleging: (1) Uber continued to misclassify drivers as independent contractors even after the California Supreme Court's April 30, 2018 decision in Dynamex adopting the ABC test made clear that Uber Eats delivery drivers should have been classified as employees for the purposes of wage-and-hour statutes; (2) Uber continued to misclassify delivery drivers as independent contractors even after the enactment of A.B. 5 (which Uber unsuccessfully lobbied for a "carve-out" from and Assemblywoman Lorena Gonzalez made clear Uber and other "gig economy" companies would not be exempted from); (3) Uber continued to misclassify delivery drivers as independent contractors even as it, alongside other "gig economy" companies, invested more than $200 million to fund a ballot initiative to carve app-based companies out of A.B. 5; and (4) Uber continued to misclassify drivers as independent contractors even as courts and major media outlets continuously stressed that A.B. 5 clearly applies to gig economy companies like Uber.  FAC ¶¶ 46-48.

### d. The Allegations in this Case Are Sufficient to State a Claim Under the UCL Predicated on Cal. Lab. Code Section 246

California Labor Code Section 246 may serve as a predicate to a UCL claim. Colopy v. Uber Techs. Inc., 2020 WL 3544982, at *3 (N.D. Cal. June 30, 2020). "To qualify for paid sick leave under California law, an employee must work in California for the relevant employer for 30 or more days in a year (although sick days cannot be used prior to the 90th day of employment), and sick time will accrue at a rate of one hour per every 30 hours worked. Colopy, 2020 WL 3544982, *3 (citing Cal. Lab. Code § 246).  Generally, "[i]f an employee needs to use paid sick leave, notice (either in advance or 'as soon as practicable') must be provided to the employer.  Id.  However, where it is undisputed that the employer does not offer sick pay, "[p]laintiffs need not plead that they requested it in order to state their claim."  Id.; see James 2021 WL 254303, *15 ("As Plaintiffs point out, it would be nonsensical to require a worker to request permission to take paid sick leave from an employer that does not offer it.").

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

1    Guided by these principles, the FAC sufficiently alleges that Plaintiff qualified for paid sick

2    leave because it established that Plaintiff should have accrued 24 hours of paid sick leave based

3    on the 215 days he performed deliveries for Uber between January 2020 and December 17, 2020

4    (which amounted to a total of 1096.98 hours worked, made up of 995.04 hours of picking up and

5    dropping off orders and 103.94 hours of waiting for new assignments between deliveries).  <u>See</u>

6    FAC ¶ 44.  Further, because Uber did not offer sick pay, the fact that Plaintiff Hassell did not

7    request to use paid sick time does not defeat his claim.  <u>See</u> FAC ¶ 45.

8         Moreover, Plaintiff Hassell also has standing to assert a violation of sick pay laws

9    through the UCL because this Court can easily infer that he lost property sufficient to constitute

10    an injury-in-fact under the UCL, where he was unable to obtain paid leave during the "several

11    days in 2020" he was sick because Uber did not offer it.  FAC ¶ 45; <u>see</u> <u>James</u>, 2021 WL

12    254303, *15 (where it is undisputable that an employer did not offer paid sick leave, courts may

13    infer that a plaintiff's "inability to obtain sick leave necessarily 'stemmed from' [the employer's]

14    choice not to offer it.").  Thus, Plaintiff's allegations are sufficient under the UCL predicated on

15    Cal. Lab. Code § 246.

16              **C. Plaintiff's Claims Should Not Be Dismissed With Prejudice**

17         Plaintiff Hassell has provided sufficient information to support all of his claims.

18    However, if the Court believes any additional detail is required, Plaintiff Hassell should be

19    granted leave to amend to provide additional detail in support of these claims.  Indeed, courts

20    routinely grant leave to amend.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (courts

21    should grant leave to amend "unless it determines that the pleading could not possibly be cured

22    by allegation of other facts.").  Dismissal with prejudice, as Uber requests here, is typically only

23    granted where factors such as "undue delay, bad faith, or dilatory motive on the part of the

24    movant, repeated failure to cure deficiencies by amendments previously allowed, undue

25    prejudice to the opposing party by virtue of allowance of the amendment, and futility of

26    amendment" are present, none of which exist in this case.  <u>Castillo v. United Rental, Inc.</u>, 2018

27                                          18

28    OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
      STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

1382597, at *9 (W.D. Wash. Mar. 19, 2018).  As such, Uber's request for dismissal of Plaintiff's

claims with prejudice should be denied and leave to amend (if the Court deems the inclusion of

any additional details necessary) should be granted.

### D. Uber's Bid to Strike the Class Allegations Is Meritless and Should Be Rejected

Despite this Court's stern warning against motions to strike class allegations at this early

stage of litigation, Uber now argues that Plaintiff Hassell's "class allegations should be

dismissed or stricken…to the extent the putative class includes persons bound to arbitrate for

failure to state a plausible claim for classwide relief."  Dkt. 37 at *22; Hassell, 2020 WL

7173218, *12 ("the court disfavors issuing a decision on whether this action should proceed on a

class-wide basis absent a fully briefed motion for class certification following the opportunity for

discovery, and will likely summarily deny such a motion") (citing Colopy, 2019 WL 6841218,

*10 ("Courts disfavor motions to strike class allegations because issues related to class

allegations are generally more appropriately resolved on a motion for class certification.").[9]

Indeed, Judge Chen already declined a virtually identical motion to strike at the pleadings stage

in a case against Uber alleging independent contractor misclassification on behalf of rideshare

drivers, and this Court should do the same.  Colopy, 2019 WL 6841218, at *10 (denying Uber's

motion to strike class claims based on Uber's argument that dismissal of class claims prior to

discovery and class certification is warranted "because the vast majority of putative class

---

[9]      Premature motions to strike class allegations are widely disfavored in the Ninth Circuit.
See e.g., Varsam v. Lab. Corp. of Am., 120 F.Supp.3d 1173, 1184 (S.D. Cal. 2015) (class claims
are striken at the pleadings stage only in exceedingly rare circumstances where "the claim could
not possibly proceed on a classwide basis"); In Re Wal-Mart Stores, Inc. Wage & Hour Litig.,
505 F.Supp. 609, 615 (N.D. Cal. 2007) (denying motion to strike class allegations as premature
when defendant "ha[d] not answered in this case, discovery ha[d] not yet commenced, and no
motion for class certification ha[d] been filed."); Hibbs-Rines v. Seagate Techs., LLC, 2009 WL
513496, at *3 (N.D. Cal. Mar. 2, 2009) (denying premature motion to strike allegations because
"[p]laintiff should at least be permitted to conduct some discovery before the Court rules on the
propriety of the class allegations"); Luna v. Univ. Studio Cty. Prod. LLP, 2013 WL 12308198 at,
*9 (C.D. Cal. Aug. 27, 2013) (collecting cases).

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

members signed the valid Arbitration Agreement precludes commonality, typicality, superiority, and predominance of the putative class [plaintiff] seeks to represent, no matter what particular causes of action he alleges") (internal quotation marks omitted).  Based on timing alone, this Court should follow the <u>Colopy</u> court's lead and deny Uber's premature motion.

Uber's instant Motion to Strike is a blatant, unapologetic attempt by Uber to limit its potential exposure in this case by carving out the vast majority of putative class members before the Court has even had the chance to review the arbitration provision that Uber insists binds them.  Plaintiff has not yet moved to certify this case as a class action, and Uber has yet to bring a motion to compel arbitration (as it recognizes that Plaintiff Hassell opted out of Uber's arbitration provision).  Nevertheless, Uber asks this Court to assume the enforceability of its arbitration agreement – and further seeks permission to use the agreement to preclude Plaintiff's class claims from the outside of this case, despite Plaintiff specifically opting out of the agreement.  Uber should not be allowed to use an agreement to which he is not a party to short-circuit his claims at this early juncture.

Here, there is simply no benefit to the putative class members or the Court to consider the viability of Plaintiff's class claims now as opposed to at the class certification stage alongside a developed record.  Indeed, courts faced with allegations that putative class members may be required to arbitrate their claims have regularly deferred addressing the arbitration issue until *after* class certification.  <u>See e.g.</u>, <u>Conde v. Open Door Mktg., LLC</u>, 223 F.Supp.3d 949, 969 (N.D. Cal. 2017).[10]  Uber must abide by this process; it cannot simply assume enforceability of

---

[10]        <u>See also</u> <u>Grove v. Meltech, Inc.</u>, 2020 WL 7133568, at *5 (D. Neb. Dec. 3, 2020) (granting conditional certification despite arbitration clauses in plaintiff's potential conditional collective class members' contracts, and deferring the resolution of arbitrability to the de-certification stage); <u>In re Evanston Nw. Corp. Antitrust Litig.</u>, 2013 WL 6490152, at *5 (N.D. Ill. Dec. 10, 2013) (granting class certification under Rule 23 notwithstanding fact that some class members were bound by arbitration); <u>Davis v. Four Seasons Hotel Ltd.</u>, 2011 WL 4590393, at *4 (D. Haw. Sept. 30, 2011) (deferring arbitration issues until after class certification); <u>Coleman v. Gen. Motors Acceptance Corp.</u>, 220 F.R.D. 64, 91 (M.D. Tenn. 2004); <u>Bond v. Fleet Bank (RI), N.A.</u>, 2002 WL 31500393, at *7 (D.R.I. Oct. 10, 2002); <u>Collins v. Int'l Dairy Queen, Inc.</u>, 168 F.R.D. 668, 678 (M.D. Ga. 1996); <u>Deatrick v. Securitas Sec. Servs. USA, Inc.</u>, 2014 WL

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

its arbitration agreement, when there is no party before the Court who may be bound by it, and even before Plaintiff has moved to certify a class.  This is particularly true where, contrary to Uber's assertion, the question of whether delivery drivers are exempt from the Federal Arbitration Act under the Section 1 transportation worker exemption is far from settled.  See 9 U.S.C. § 1.  This Court may very well determine that the delivery drivers Plaintiff Hassell seeks to represent here are not bound by Uber's arbitration agreement.  Indeed, two cases currently pending at The Ninth Circuit involving Uber and Lyft drivers are examining this issue, see Capriole v. Uber. Techs., Inc., Case No. 20-16030 (9th Cir.); Rogers v. Lyft, Inc., Case No. 20-15689 (9th Cir.), and multiple federal courts across the country have already found similar "gig economy" workers to be exempt from arbitration as transportation workers engaged in interstate commerce – even when those workers did not actually cross state lines themselves.  See e.g., Rittmann v. Amazon.com, Inc., 971 F.3d 904 (9th Cir. 2020), certiorari denied, --- S. Ct. ---, 2021 WL 666403 (Feb. 22, 2021) (affirming district court determination delivery drivers engaging in last mile delivery of goods traveling interstate were transportation workers engaged in interstate commerce; Waithaka v. Amazon.com, Inc., 966 F.3d 10, 26 (1st Cir. 2020)) (same); Cunningham v. Lyft, Inc., 2020 WL 1503220, at *7 (D. Mass. Mar. 27, 2020) (rideshare drivers who transport passengers, some of whom travelled interstate, are exempt from arbitration under the transportation worker exemption to the FAA); see also Saxon v. Southwest Airlines Co., --- F.3d ---, 2021 WL 1201367 (7th Cir. Mar. 31, 2021) (airplane cargo loaders are transportation workers exempt from the FAA).  Because the majority of concerns that Uber states in support of its argument that the class claims should be stricken with respect to drivers bound by arbitration now instantly become moot if the Ninth Circuit determines that California delivery drivers are transportation workers exempt from FAA, it would be unthinkable for the class claims to be

5358723, at *3 (N.D. Cal. Oct. 20, 2014); D'Antuono v. C. & G. of Groton, Inc., 2011 WL 5878045, at *3 (D. Conn. Nov. 23, 2011); Sealy v. Keiser Sch., Inc., 2011 WL 7641238, at *3-4 (S.D. Fla. Nov. 8, 2011); Whittington v. Taco Bell of Am., Inc., 2011 WL 1772401 (D. Col. May 10, 2011); Davis v. Novastar Mortg., Inc., 408 F.Supp.2d 811 (W.D. Mo. 2005); Villatoro v. Kim Son. Rest., L.P., 286 F.Supp.2d 807 (S.D. Tex. 2003).

21

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT

dismissed now, before Plaintiff has had an opportunity to engage in discovery and brief class certification.

## III.    CONCLUSION

For the foregoing reasons, Uber's Motion to Dismiss and Strike Plaintiff's Class Allegations from Plaintiff's First Amended Complaint should be denied in its entirety.

Respectfully submitted,
KENT HASSELL, on behalf of himself and all others similarly situated,

By his attorneys,
*s/ Shannon Liss-Riordan* _____
Shannon Liss-Riordan, SBN 310719
Anne Kramer, SBN 315131
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
Email: sliss@llrlaw.com, akramer@llrlaw.com

Dated:        April 1, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by electronic filing on April 1, 2021, on all counsel of record.

 /s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, Esq.

22
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
STRIKE PLAINTIFF'S CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT