1  ANDREW M. SPURCHISE, Bar No. 245998
   aspurchise@littler.com
2  LITTLER MENDELSON, P.C.
   900 Third Avenue
3  New York, NY 10022.3298
   Telephone:  212.583.9600
4  Facsimile:  212.832.2719

5  SOPHIA BEHNIA, Bar No. 289318
   sbehnia@littler.com
6  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
7  San Francisco, CA 94104
   Telephone:  415.433.1940
8  Facsimile:  415.399.8490

9  Attorneys for Defendant
   UBER TECHNOLOGIES, INC.

10

11                    UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                          OAKLAND DIVISION

14  KENT HASSELL, on his own behalf and           Case No. 4:20-cv-04062-PJH
    on behalf of all others similarly situated,
15                                                **DEFENDANT'S REPLY IN SUPPORT OF**
                     Plaintiff,                   **MOTION TO DISMISS AND STRIKE**
16                                                **PLAINTIFF'S CLASS ALLEGATIONS**
    v.                                            **FROM FIRST AMENDED COMPLAINT**
17
    UBER TECHNOLOGIES, INC., d/b/a                Date:   May 6, 2021
18  UBER EATS,                                    Time:   1:30 p.m.
                                                  Ctrm.:  3, 3rd Floor
19                   Defendants.

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ........................................................................................................ 1

II.   HASSELL DOES NOT OFFER AMENDMENTS THAT WOULD STATE PLAUSIBLE
      CLAIMS IN HIS FIRST AMENDED COMPLAINT ................................................. 2

    A.   Hassell Cannot Evade Abatement Of His Claims For Unvested Remedies Due To The
           Passage Of Proposition 22. ..................................................................................... 2

    B.   Hassell Cannot Support His Inadequately Pled Claims. .......................................... 5

        1.   Hassell does not allege plausible minimum wage claims (Count II). ........................ 5

            a.   Hassell does not offer any new facts to plausibly allege he was
                    subject to Uber's control between deliveries………………………………5

            b.   Hassell relies on speculation to assert that time spent between
                    deliveries was primarily for Uber's benefit. ............................................ 7

            c.   Hassell also does not plausibly allege he was paid less than minimum
                    wage………………………………………………………………………..8

        2.   Hassell's Opposition does not establish that he adequately pleads his
                overtime claim for time spent between deliveries (Count III). ....................... 9

        3.   Hassell does not save his derivative wage statement claim (Count IV). ........ 9

        4.   Hassell's FAC fails to remedy the defects in his UCL claim (Count V). ....... 9

            a.   Hassell's UCL claim fails because he has adequate remedies at law  ..........9

            b.   Hassell's UCL claim should be dismissed to the extent it relies on
                    defective Labor Code claims……………………………………………..11

            c.   Hassell's UCL claim predicated on § 226.8 fails because he cannot
                    seek penalties under the UCL, there is no private right of action and
                    he alleges only conclusions of willful misclassification…………………...12

            d.   Hassell's UCL claim based on alleged failure to provide paid sick
                     leave should be dismissed…………………………………………………12

            e.   Hassell does not defend his references to § 1197.1 in his UCL claim
                    and they should be dismissed or stricken……………………………………13

    C.   Offering To Plead No New Facts, Hassell's Defective Claims Should Be Dismissed
           With Prejudice. ..................................................................................................... 13

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND STRIKE                    i.                    CASE NO. 4:20-cv-04062-PJH
CLASS ALLEGATIONS FROM FAC

III. HASSELL HAS NO STANDING TO RAISE DEFENSES TO ARBITRATION, THUS THERE IS NO REASON TO DELAY LIMITING THE PUTATIVE CLASS ............. 14

IV. CONCLUSION ................................................................................................................... 15

LITTLER MENDELSON, P.C.
333 Bush Street, 34ᵗʰ Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND
STRIKE CLASS ALLEGATIONS FROM FAC

ii.

CASE NO. 4:20-cv-04062-PJH

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

### Cases

4

*Albert v. Postmates Inc.*,
   No. 18-cv-07592-JCS, 2019 WL 1045785 (N.D. Cal. Mar. 5, 2019)........................... 12, 13

5

6

*Audrey Heredia v. Sunrise Senior Living, LLC*,
   2021 WL 819159 (C.D. Cal. Feb. 10, 2021).............................................................. 11

7

*Avilez v. Pinkerton Gov't Servs., Inc.*,
   569 Fed. Appx. 579 (9th Cir. 2015)............................................................................ 15

8

9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................................... 7

10

*Capriole v. Uber Techs., Inc.*,
   460 F. Supp. 3d 910 (N.D. Cal. Oct. 17, 2020)........................................................... 15

11

12

*Carter v. Rasier-CA, LLC*,
   No. 17-cv-00003-HSG, 2017 WL 4098858 (N.D. Cal. Sept. 15, 2017),
   *aff'd*, 724 F.App'x 586 (9th Cir. 2018)......................................................................... 8

13

14

*Castillo v. United Rentals, Inc.*,
   No. C17-1573 JLR, 2018 WL 1382597 (W.D. Wash. Mar. 19, 2018).......................... 14

15

*Cel–Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.*,
   20 Cal.4th 163 (1999)................................................................................................ 12

16

17

*Cervantes v. Countrywide Home Loan Servs., Inc.*,
   656 F.3d 1034 (9th Cir. 2011).................................................................................... 15

18

19

*Chabner v. United of Omaha Life Ins. Co.*,
   225 F.3d 1042 (9th Cir. 2000).................................................................................... 12

20

*Clark v. American Honda Motor Co.*,
   2021 WL 1186338 (C.D. Cal. Mar. 25, 2021).............................................................. 10

21

22

*Coleman v. Gen. Motors Acceptance Corp.*,
   220 F.R.D. 64 (M.D. Tenn. 2004)............................................................................... 15

23

*Colopy v. Uber Techs., Inc.*,
   2020 WL 3544982 (N.D. Cal. Jun. 30, 2020).............................................................. 11

24

25

*Conde v. Open Door Mtkg., LLC*,
   223 F.Supp.3d 949 (N.D. Cal. 2017)...................................................................... 14, 15

26

*D'Antuono v. C & G. of Groton, Inc.*,
   2011 WL 5878045 (D. Conn. Nov. 23, 2011).............................................................. 15

27

28

*Davenport v. Wendy's Co.*,
   No. 2:14-cv-00931 JAM DAD, 2014 WL 3735611 (E.D. Cal. Jul. 28, 2014)................ 9

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND STRIKE
CLASS ALLEGATIONS FROM FAC

iii.

CASE NO. 4:20-cv-04062-PJH

*Davis v. Novastar Mortgage, Inc.*,
    408 F.Supp.2d 811 (W.D. Mo. 2005) ........................................................................... 15

*Deatrick v. Securitas Sec. Servs. USA, Inc.*,
    2014 WL 5358723 (N.D. Cal. Oct. 20, 2014) ............................................................... 15

*Dept. of Indus. Rel. v. Fidelity Roof Co.*,
    60 Cal.App.4th 411 (1997) ........................................................................................... 13

*Dynamex Operations W., Inc. v. Superior Court*,
    4 Cal.5th 903 (2018) ............................................................................................... 3, 12

*Eason v. Roman Catholic Bishop of San Diego*,
    414 F. Supp.3d 1276 (S.D. Cal. 2019) ......................................................................... 11

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
    751 F.3d 990 (2014) ....................................................................................................... 7

*Evangelatos v. Superior Court*,
    44 Cal.3d 1188 (1988) ................................................................................................... 4

*Frlekin v. Apple Inc.*,
    8 Cal.5th 1038 (2020) ................................................................................................. 5, 7

*Gibson v. Jaguar Land Rover N. Am., LLC*,
    Case No. 20-CV-769-CJC, 2020 WL 5492990 (C.D. Cal. Sep. 9, 2020) ..................... 10

*Governing Board v. Mann*,
    18 Cal.3d 819 (1977) ................................................................................................. 4, 5

*Graczyk v. Workers Comp. Appeals Board*,
    184 Cal.App.3d 997 (1986) ............................................................................................ 3

*Harris v. Best Buy Stores, L.P.*,
    No. 17-CV-00446-HSG, 2018 WL 984220 (N.D. Cal. Feb. 20, 2018) ........................... 9

*Hartless v. Clorox Co.*,
    2007 WL 3245260 (S.D. Cal. Nov. 2, 2007). ............................................................... 12

*Horwich v. Superior Court*,
    21 Cal.4th 272 (1999) .................................................................................................... 4

*In re Evanston Nw. Corp. Antitrust Litig.*,
    2013 WL 6490152 (N.D. Ill. Dec. 10, 2013) ............................................................... 15

*In re JUUL Labs, Inc., Marketing, Sales Practices and Product Liability Litig.*,
    No. 19-md-02913-WHO, 2020 WL 6271173 (N.D. Cal. Oct. 23, 2020) ....................... 11

*In re Macbook Keyboard Litigation*,
    2020 WL 6047253 (N.D. Cal. 2020) ............................................................................ 10

*Interstate Cigar Co. v. U.S.*,
    928 F.2d 221 (7th Cir. 1991) ........................................................................................ 11

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND           iv.               CASE NO. 4:20-cv-04062-PJH
STRIKE CLASS ALLEGATIONS FROM FAC

*James v. Uber Techs., Inc.*,
   No. 19-cv-06462-EMC, 2021 WL 1345019 (N.D. Cal. Apr. 9, 2021) ........................................ 3, 5

*James v. Uber Techs., Inc.*,
   No. 19-cv-06462-EMC, 2021 WL 254303 (N.D. Cal. Jan. 26, 2021) ................................. 3, 4, 5, 6

*Johnson v. Estension Logistics, LLC*,
   2020 WL 8993120 (C.D. Cal. Dec. 28, 2020) ................................................................ 10

*Joyce v. Office of Architect of Capitol*,
   966 F.Supp.2d 15 (D.D.C. 2013) ................................................................................ 13

*Kitazato v. Black Diamond Hosp. Invs.*,
   655 F.Supp.2d 1139 (D. Haw. 2009) .......................................................................... 11

*Krommenhock v. Post Foods, LLC*,
   Case No. 16-CV-4958-WHO, 2020 WL 6074107 (N.D. Cal. Sep. 29, 2020) ............................ 10

*Landers v. Quality Commc'ns, Inc.*,
   771 F.3d 638 (9th Cir. 2014) ..................................................................................... 8

*Lee v. Postmates, Inc.*,
   No. 18-cv-03421-JCS, 2018 WL 6605659 (N.D. Cal. Oct. 5, 2018) ...................................... 15

*Magana v. Doordash, Inc.*,
   343 F.Supp.3d 891 (N.D. Cal. Oct. 22, 2018) ............................................................... 15

*Marcine Franckowiak v. Scenario Cockram USA, Inc.*,
   2020 WL 9071697 (C.D. Cal. Nov. 30, 2020) ............................................................... 11

*Mendiola v. CPS Security Solutions, Inc.*,
   60 Cal.4th 833 (2015) ............................................................................................ 5

*Mohamed v. Uber Tech., Inc.*,
   848 F.3d 1201 (9th Cir. 2016) ................................................................................... 14

*Nicholas v. Uber Tech., Inc.*,
   No. 19-cv-08228-PJH, 2020 WL 7173249 (N.D. Cal. Dec. 7, 2020) ........................... 5, 8, 11, 12

*O'Connor v. Uber Techs., Inc.*,
   904 F.3d 1087 (9th Cir. 2018) ................................................................................... 14

*Pineda v. Bank of America*,
   50 Cal. 4th 1389 (2010) ......................................................................................... 13

*Pruell v. Caritas Christi*,
   678 F.3d 10 (1st Cir. 2012) ...................................................................................... 9

*Ridgeway v. Wal-Mart Stores Inc.*,
   No. 08-CV-05221-SI, 2017 WL 363214 (N.D. Cal. Jan. 25, 2017),
   *aff'd sub nom. Ridgeway v. Walmart Inc*, 946 F.3d 1066 (9th Cir. 2020) ............................ 13

*Robert L. v. Superior Court*,
   30 Cal.4th 894 (2003) ............................................................................................ 4

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND
STRIKE CLASS ALLEGATIONS FROM FAC

v.

CASE NO. 4:20-cv-04062-PJH

*Rodriguez v. F&B Solutions LLC*,
20 F.Supp.3d 545 (E.D. Va. 2014) .................................................................................... 9

*Rossetti v. Stearn's Products, Inc.*,
2016 WL 3277295 (C.D. Cal. June 6, 2016) ..................................................................... 5

*Sagastume v. Psychemedics Corp.*,
No. CV 20-6624 DSF, 2020 WL 8175597 (C.D. Cal. Nov. 30, 2020) ............................ 10

*Sealy v. Keiser Sch., Inc.*,
2011 WL 7641238 (S.D. Fla. Nov. 8, 2011) .................................................................... 15

*Sharma v. Volkswagen AG*,
2021 WL 912271 (N.D. Cal. Mar. 9, 2021) ..................................................................... 10

*Sonner v. Premier Nutrition  Corp.*,
971 F.3d 834 (9th Cir. 2020) .............................................................................. 9, 10, 11

*Tan v. Grubhub, Inc.*,
2016 WL 4721439 (N.D. Cal. July 19, 2016) .................................................................. 14

*U.S. v. Bluitt*,
815 F. Supp. 1314 (N.D. Cal. 1992) ................................................................................ 11

*Vazquez v. Jan-Pro Franchising Int'l, Inc.*,
10 Cal.5th 944 (2021) ......................................................................................................... 3

*Villatoro v. Kim Son. Rest., L.P.*,
286 F.Supp.2d 807 (S.D. Tex. 2003) ............................................................................... 15

*Wallace v. Grubhub Holdings Inc.*,
Nos. 19-1564, 19-2156, 2020 WL 4463062 (7th Cir. August 4, 2020) ........................... 15

*Younger v. Superior Court*,
21 Cal.3d 102 (1978) .......................................................................................................... 3

*Yucesoy v. Uber Techs., Inc.*,
2015 WL 6955140 (N.D. Cal. Nov. 10, 2015) .................................................................... 8

*Yucesoy v. Uber Techs., Inc.*,
2016 WL 493189 (N.D. Cal. Feb. 9, 2016) ........................................................................ 7

*Zaback v. Kellogg Sales Company*,
No. 3:20-cv-00268-BEN-MSB, 2020 WL 6381987 (C.D. Cal. Oct. 29, 2020) ............... 10

*Zipperer v. County of Santa Clara*,
133 Cal.App.4th 1013 (2005) .................................................................................... 3, 4, 5

**Statutes**

Federal Rules of Civil Procedure, Rule 8 ................................................................................. 8

Federal Rules of Civil Procedure, Rule 12 ............................................................................. 10

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND
STRIKE CLASS ALLEGATIONS FROM FAC

vi.

CASE NO. 4:20-cv-04062-PJH

Federal Rules of Civil Procedure, Rule 23 ........................................................................ 15

California Assembly Bill 5 .................................................................................... 2, 3, 12

California Business & Professions Code section 7451 ...................................................... 2, 4

California Government Code section 9606 ........................................................................ 4

California Labor Code section 226.8 .............................................................................. 12

California Labor Code section 226.8(i)(4) ....................................................................... 12

California Labor Code section 246 ............................................................................ 12, 13

California Labor Code section 1197.1 ............................................................................ 13

California Labor Code §§ 2775, *et seq.* .......................................................................... 2

California Proposition 22 (2020) ........................................................................... passim

California Proposition 51 (2016) ................................................................................... 4

**Other Authorities**

Article II, Section 10 of the California Constitution .......................................................... 2

California Secretary of State,
   *Proposition 22 – Analysis by the Legislative Analyst* (2020) ........................................ 2

LITTLER MENDELSON, P.C.
333 Bush Street, 34ᵗʰ Floor
San Francisco, CA 94104
415.433.1940

## I.   INTRODUCTION

Despite this Court's thorough ruling granting Defendant Uber Technologies, Inc.'s ("Uber") motion to dismiss Plaintiff Kent Hassell's ("Hassell") initial Complaint, Hassell's First Amended Complaint ("FAC") fails to rectify the many defects in his allegations.  Hassell's Opposition likewise fails to provide additional facts he could assert to support claims premised on the contention that Uber "misclassified" Hassell and other delivery persons, and instead largely repeats the same arguments this Court previously rejected.  Uber's motion to dismiss the FAC should be granted, with prejudice.

First, because Hassell concedes that he had no vested rights under the Labor Code nor any final judgment in his favor, Proposition 22 abates all of his claims.

Second, even if Proposition 22 did not abate his claims in their entirety, Hassell's minimum wage, overtime, and wage statement claims remain fatally deficient.  Among other reasons, each claim fails because it is premised on time spent between deliveries, yet Hassell offers nothing but speculation to allege this time is compensable "hours worked."

Third, Hassell's unfair competition law ("UCL") claim fails because his only basis for claiming an inadequate remedy at law is his desire for a longer statute of limitations; this does not render his legal remedies inadequate.  Hassell has also not offered plausible facts to support his claimed "willful misclassification," and he concedes by his silence that he suffered no injury by the absence of paid sick leave.

Finally, Hassell should not be able to pursue a putative class action including the vast number of delivery people bound to arbitrate because he has no standing to challenge that arbitration agreement and, regardless, the Ninth Circuit has repeatedly enforced Uber's arbitration agreement.

In short, because Proposition 22 abates his Labor Code claims, Hassell's FAC fails as a matter of law.  Even if Hassell could overcome this definitive obstacle, Hassell's Opposition does not support the defective claims in his FAC and he offers no additional facts that he could allege to cure these deficiencies.  This Court should now dismiss those claims with prejudice since leave to amend would be futile.  For any remaining claims, because Hassell has no standing to challenge the arbitration agreements most of the putative class members agreed to, his putative class claims should be limited to a class of persons who also opted out of arbitration.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND
STRIKE CLASS ALLEGATIONS FROM FAC
1.
CASE NO. 4:20-cv-04062-PJH

## II. HASSELL DOES NOT OFFER AMENDMENTS THAT WOULD STATE PLAUSIBLE CLAIMS IN HIS FIRST AMENDED COMPLAINT

### A. Hassell Cannot Evade Abatement Of His Claims For Unvested Remedies Due To The Passage Of Proposition 22.

Hassell concedes by his silence that all his misclassification claims are based on Labor Code §§ 2775, *et seq*. ("A.B. 5"), that any rights he may have asserted under the Labor Code (and by extension, the UCL) were not vested, and there is no final judgment in this action. Thus, three of the four conditions for abatement have been satisfied. The only condition Hassell disputes is whether Proposition 22 in substance repealed the Labor Code sections Hassell alleges were violated. He contends that (1) Proposition 22 does not expressly or implicitly repeal A.B. 5 because supposedly the two statutes "can and do operate concurrently;" and (2) assuming abatement applies, then Proposition 22 should not affect claims for the time period before its effective date of December 16, 2020.[1] Oppos. at 2-3. Neither contention has merit.

First, Hassell is misguided in arguing that Proposition 22 did not repeal A.B. 5 because it did not expressly mention A.B. 5. The intent was apparent in the official voter guide explanation: "The state recently passed a law that limits the ability of companies to hire workers as independent contractors. The state Attorney General says the law means rideshare and delivery companies must hire drivers as employees. This measure makes app-based rideshare and delivery drivers independent contractors" such that "[t]he new state law that limits the ability of companies to hire independent contractors would not apply to drivers." Cal. Sec'y of State, *Proposition 22 – Analysis by the Legislative Analyst* (2020).[2]

Nor does it matter that Proposition 22 does not use the word "repeal." Proposition 22 expressly repudiates A.B. 5 when it states: "Notwithstanding any other provision of law…, an app-based driver is an independent contractor and not an employee or agent with respect to the app-based driver's relationship with a network company." Cal. Bus. & Prof. Code § 7451. Courts "look to the substance of the legislation – not its label – to determine whether it operates as a repeal." *Zipperer v. County of*

---

[1] California's 2020 election results were certified on December 11, 2020. https://www.sos.ca.gov/administration/news-releases-and-advisories/2020-news-releases-and-advisories/ap20116. Article II, Section 10 of the California Constitution thus establishes the effective date of Proposition 22 as December 16, 2020, not December 17, as Hassell contends.

[2] Available at https://voterguide.sos.ca.gov/propositions/22/analysis.htm.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND
STRIKE CLASS ALLEGATIONS FROM FAC

2.

CASE NO. 4:20-cv-04062-PJH

*Santa Clara*, 133 Cal.App.4th 1013, 1025 (2005). As that court held, "[w]henever the Legislature eliminates a statutory remedy before a judgment becomes final, the legislative act destroys the right of action." *Id*. at 1024, quotations omitted. The court explained, "[r]epeal of a remedial statute destroys a pending statutory action unless vested or contractual rights have arisen under the statute." *Id*. (quotations omitted.) Until it is fully enforced, a statutory remedy is merely an 'inchoate, incomplete, and unperfected right,' which is subject to legislative abolition." *Id*. (quotation omitted); *see Graczyk v. Workers Comp. Appeals Board*, 184 Cal.App.3d 997 (1986) (inchoate rights of student athletes for workers' compensation benefits eliminated by statutory amendment before judgment).

Since the voters chose to enact Proposition 22, Hassell's unvested statutory remedies under A.B. 5 were eliminated. Indeed, in *James*, a decision Hassell relies upon, Judge Chen found that "Prop 22 passed on November 3, 2020, repealing AB 5 with respect to app-based drivers and declaring these drivers to be independent contractors as long as the network company (in this case, Uber) provides those drivers with specific wage and hour protections." *James v. Uber Techs., Inc*., No. 19-cv-06462-EMC, 2021 WL 254303, at *17 (N.D. Cal. Jan. 26, 2021); *see also James*, No. 19-cv-06462-EMC, 2021 WL 1345019, at *2 (N.D. Cal. Apr. 9, 2021) (withdrawing ruling that Proposition 22 does not apply retroactively).

Hassell attempts to split hairs by arguing that his suit is based on the decision in *Dynamex Operations W., Inc. v. Superior Court,* 4 Cal.5th 903 (2018), as if that decision provides any rights beyond the statute. Oppos. at 2:11-12. Hassell's own FAC concedes that "the California legislature passed a statute known as Assembly Bill 5 (or A.B. 5), which codified the 2018 California Supreme Court decision, *Dynamex* …." FAC ¶ 3. *Dynamex* did not establish new independent remedies; rather, as the California Supreme Court noted, *Dynamex* construed existing wage orders. *Vazquez v. Jan-Pro Franchising Int'l, Inc*., 10 Cal.5th 944 (2021). A.B. 5 then codified *Dynamex*, and Proposition 22 later repealed A.B. 5 with respect to drivers such as Hassell. Plaintiff's FAC thus asserts Labor Code claims "wholly dependent on statute." *Younger v. Superior Court*, 21 Cal.3d 102, 109 (1978) (repeal effective by amendment of statute eliminating specific procedure).

Hassell has also failed to establish that A.B. 5 and Proposition 22 "can and do operate concurrently." As Judge Chen held in *James*, Proposition 22 requires a plaintiff to allege that the

1    requirements of Bus. & Prof. Code § 7451 have not been met in order to bring wage and hour claims

2    as "employees." *James*, 2021 WL 254303, at *18.  Hassell's FAC does not so allege, nor does Hassell

3    claim he could.

4         Second, Hassell's argument that Proposition 22 does not apply "retroactively" – i.e., to claims

5    prior to December 16, 2020 – misses the mark.  Retroactivity is irrelevant to whether Proposition 22

6    abates Hassell's claims, where, as here, the plaintiff's alleged rights are unvested.  As the California

7    Supreme Court held in *Mann*, "the courts correlatively hold under the common law that when a

8    pending action rests solely on a statutory basis, and when no rights have vested under the statute, a

9    repeal of such a statute without a saving clause will terminate all pending actions based thereon."

10   *Governing Board v. Mann*, 18 Cal.3d 819, 829 (1977) (quotations omitted).  This common law

11   principle is codified in Government Code § 9606: "Any statute may be repealed at any time, except

12   when vested rights would be impaired."  *See also*, *Zipperer*, 133 Cal.App.4th at 1023 ("[W]here the

13   legislature has conferred a remedy and withdraws it by amendment or repeal of the remedial statute,

14   the new statutory scheme may be applied to pending actions without triggering retrospectivity

15   concerns.") (quotations omitted).  In *Zipperer*, the court found, under *Mann* and its progeny, that a

16   county ordinance eliminated the plaintiff's cause of action even though the alleged harm was suffered

17   ***before*** the ordinance's passage.  Even without express repeal language, the statutory authority for

18   plaintiff's action had been withdrawn, extinguishing the statutory claim, including based on conduct

19   occurring before that repeal.  *Id.* at 1025.[3]  The same result is appropriate here.

20        Regardless, Hassell is wrong that Proposition 22 is prospective only.[4]  Proposition 22 does not

21   include a savings clause expressly declaring that its terms shall be applied only prospectively.

22   Retroactivity must be clearly stated where a statute imposes new or different obligations on a party,

23

24   [3] *Evangelatos v. Sup. Court*, 44 Cal.3d 1188 (1988) (Oppos. 3:24) is inapposite since that court found
     that Proposition 51, in limiting a tortfeasor's liability for noneconomic damages, could not be applied
25   to torts committed before its enactment because such an application "could result in placing
     individuals who had acted in reliance on the old law in a worse position than litigants under the new
26   law."  *Id.* at 1213-1217.  Here, there is no indication Hassell acted in reliance on the old law.  *Robert
     L. v. Sup. Court*, 30 Cal.4th 894 (2003) and *Horwich v. Sup. Court*, 21 Cal.4th 272 (1999) (Oppos.
27   3:25-26) do not even address retroactivity.
     [4] Hassell has not adequately pled any claims after the effective date of Proposition 22, and – at a
28   minimum – his claims must be dismissed for the period of time after its effective date.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND
STRIKE CLASS ALLEGATIONS FROM FAC          4.          CASE NO. 4:20-cv-04062-PJH

but here the new statute expands protections afforded defendants like Uber. *Rossetti v. Stearn's Products, Inc.*, 2016 WL 3277295, at *4 (C.D. Cal. June 6, 2016).

Hassell's reliance on Judge Chen's holding in *James* that Proposition 22 is not retroactive is similarly misplaced. *James*, 2021 WL 254303, at *7. First, Judge Chen **subsequently corrected his order** and found that it was premature to determine Proposition 22's retroactivity. *James,* 2021 WL 1345019, at *2. Second, Judge Chen did not address *Mann* and its progeny, including *Zipperer*.

The passage of Proposition 22 eliminated the statutory unvested rights and remedies Hassell seeks to recover by this lawsuit. Hassell's claims are therefore abated and his action should be dismissed in its entirety.

**B.      Hassell Cannot Support His Inadequately Pled Claims.**

**1.      Hassell does not allege plausible minimum wage claims (Count II).**

Even assuming Hassell's claims survive Proposition 22 (and they should not), Hassell's Opposition does not establish that he has remedied the defects in his minimum wage claim. First, Hassell does not justify his claim that any time spent between deliveries is compensable "hours worked." Second, Hassell's Opposition does not show that his FAC provides sufficient facts to plausibly assert that he was paid less than minimum wage for the hours he worked.

**a.      Hassell does not offer any new facts to plausibly allege he was subject to Uber's control between deliveries.**

In order for Hassell's minimum wage claim based to survive, he must show that he and other delivery people were **required** to be on duty in between deliveries or **required** to be at a prescribed work place. *Frlekin v. Apple Inc.*, 8 Cal.5th 1038, 1048 (2020). To do so, he must allege that Uber "direct[ed], command[ed], or restrain[ed]" Hassell in a way that "prevent[ed] [him] from using [time between deliveries] effectively for his or her own purposes." *Nicholas v. Uber Tech., Inc.*, No. 19-cv-08228-PJH, 2020 WL 7173249, at *5 (N.D. Cal. Dec. 7, 2020), *quoting Mendiola v. CPS Security Solutions, Inc.*, 60 Cal.4th 833, 840 (2015).

Hassell urges the Court to conclude that, "as a practical matter," he was required to remain online between deliveries in order to receive delivery offers. Oppos. 7:6-12. This strained analogy to *Frlekin* is inapt. It is ultimately Hassell's choice, not Uber's requirement, whether and when Hassell

goes online and offline in the first place.  Hassell does not contend (nor could he) that he is required to report to duty or remain on duty, nor does he legitimately dispute Uber's contention that he could have remained logged into the App while engaged in personal activities and simply rejected delivery requests until he was ready to seek work.  *James*, 2021 WL 254303, at *15 ("Presumably, some of the drivers in Plaintiffs' putative class 'engaged in personal activities' – including paid work for third parties – while waiting to receive ride requests on the Uber app; others may not or may do so only occasionally.").[5]

Hassell's allegation of purported "discipline" if he failed to respond to delivery requests is unsupported and contrary to his contract with Uber.  According to Hassell, he "***may***" suffer discipline if he does not respond to a delivery request "within several seconds."  FAC ¶ 33.  Yet, Hassell does not assert he must ***accept*** a certain percentage of delivery requests, just that he must "respond."  These ambiguous allegations imply that Hassell was free to affirmatively reject (as opposed to ignore) delivery requests without consequence.  Hassell also does not explain how the act of merely responding to a delivery request (i.e., by pressing accept or reject on his phone) might be so restrictive that it renders all time in between deliveries compensable.

Even assuming Hassell properly alleged that he was required to ***accept*** (as opposed to "respond to") a certain percentage of offered deliveries, he does not allege what discipline – if any – ***actually*** ensued, what discipline ***would*** ensue from declining a specific number of offered deliveries, and what specific number of offered deliveries would need to be declined to result in the alleged discipline.  The FAC contains no allegations that Hassell or any other delivery person actually was disciplined or even warned that any low "acceptance rate" could result in discipline.  At most, Hassell relies upon mere speculation that some adverse action ***might*** occur.

Nor does Hassell plausibly claim he was unable to perform personal activities in between deliveries, regardless of any alleged possible discipline for failure to accept delivery requests.  Hassell's Opposition merely rehashes his conclusory claim that he must forego any other activity to avoid this alleged illusory discipline.  Oppos. 7:6-8:2; FAC ¶ 33.

---

[5]  Hassell's reliance on facts alleged regarding a different company – Grubhub – are not pertinent to this case.  Oppos. 7:24-8:2.  Here, Hassell does not allege he was required to be in or very near to his vehicle to accept deliveries.  Nor does he allege he was unable to engage in personal activities while remaining near his vehicle.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND
STRIKE CLASS ALLEGATIONS FROM FAC

6.

CASE NO. 4:20-cv-04062-PJH

1   Finally, Hassell's theory of control is also contradicted by the governing contract. Rosenthal

2   Decl., Ex. A. The contract clearly specifies that Hassell "decide[s] when, where and whether (a) you

3   want to offer delivery services facilitated by our Platform and (b) you want to accept, decline, ignore

4   or cancel a Delivery (defined below) request…." *Id.*, § 1.2.

5   Hassell's speculative allegations regarding time spent between deliveries lack "sufficient

6   'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props. E.,*

7   *LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (2014) (quoting *Bell Atlantic Corp. v. Twombly*,

8   550 U.S. 544, 557 (2007)).

9         **b.    Hassell relies on speculation to assert that time spent between**
          **deliveries was primarily for Uber's benefit.**
10

11   Hassell's Opposition also offers no additional facts he could plausibly allege to establish that

12   the time spent between deliveries was primarily for Uber's benefit. *Frlekin*, 8 Cal.5th at 1051

13   (distinguishing time spent on optional transportation services that benefit employee from mandatory

14   transportation benefiting employer). Hassell offers the speculative claim that if delivery people chose

15   to ignore or decline some requests, "there would be no one to bring Uber Eats' customers their food."

16   FAC ¶ 33; Oppos. 8:16-24. Hassell offers no facts to support this speculation and does not dispute

17   that it is ultimately his decision when to go online and offline on the Uber Eats App. It strains logic

18   to assert that the time Hassell *voluntarily chooses* to spend on the Uber Eats App can be considered

19   "primarily for Uber's benefit." Hassell's contention also proves too much because under his

20   formulation, ***all*** time "on-call" or between deliveries would be compensable ***regardless of***

21   ***circumstances***, when that is clearly not the law.

22   Hassell's Opposition proves he cannot cure the defects in his FAC nor present a plausible claim

23   that time spent between deliveries was primarily subject to Uber's control. His minimum wage claim

24   must be dismissed with prejudice, if not entirely, then at a minimum to the extent based on time spent

25   between deliveries. *Yucesoy v. Uber Techs., Inc.*, 2016 WL 493189, at *5-6 (N.D. Cal. Feb. 9, 2016)

26   (dismissing minimum wage claim with prejudice).

27

28

LITTLER MENDELSON, P.C.
333 Bush Street, 34ᵗʰ Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND          7.          CASE NO. 4:20-cv-04062-PJH
STRIKE CLASS ALLEGATIONS FROM FAC

1

**c.      Hassell also does not plausibly allege he was paid less than minimum wage.**

2

3      Hassell concedes as he must that, even assuming he pled facts to plausibly assert that time

4   spent between deliveries is compensable, he also must support his minimum wage claim by alleging

5   more than "generalized allegations asserting violations of the minimum wage" to meet Rule 8

6   standards.  *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014).  To meet this

7   threshold, plaintiffs must provide ***facts*** "regarding a given workweek when [they] . . . [were] not paid

8   minimum wages."  *Id.*  These facts must sufficiently detail the number of compensable hours worked

9   and the amount of wages paid for those hours in order to "support a reasonable inference" of under-

10  compensation.  *See id.*

11      Hassell contends he has met the required pleadings standard, claiming he has pled "a much

12  higher level of detail" than provided in *Carter v. Rasier-CA, LLC*, No. 17-cv-00003-HSG, 2017 WL

13  4098858 at *3 (N.D. Cal. Sept. 15, 2017), *aff'd,* 724 F.App'x 586 (9th Cir. 2018), and *Yucesoy v. Uber

14  Techs., Inc.*, 2015 WL 6955140, at *3 (N.D. Cal. Nov. 10, 2015).  Oppos. 9:18-26.  Hassell is incorrect.

15      In *Carter*, 2017 WL 4098858, the plaintiff alleged that "there were periods or hours where

16  Uber paid [him] $3.75 or less in fares."  *Id.* at *3.  The court found, just like here, that the plaintiff

17  "critically fail[ed] to explain how he calculated this figure, his hours worked, or his related hourly rate

18  of pay."  *Id.*  Likewise, in *Yucesoy,* 2015 WL 6955140, at *3, the court dismissed as implausible

19  minimum wage claims where the plaintiff contended that "Plaintiff Morris calculates that in some

20  weeks (including the week of June 16, 2015), considering the hours he was logged in to receive ride

21  requests from Uber, and after deducting the cost of his car and gas expenses, the amount he received

22  for his work driving for Uber came to less than the Massachusetts minimum wage of $9.00 per hour."

23  Similarly, in *Nicholas*, 2020 WL 7173249, this Court dismissed a minimum wage claim against Uber

24  where the plaintiff failed to allege how much they were paid for the work they performed.  *Id.* at *5.

25  Hassell's allegations here are no better than in those cases.

26      Hassell alleges a conclusion – that he only earned $10.78 per hour – but does not provide any

27  information to indicate how that number was calculated.  FAC ¶ 37.  He argues he does not have to

28  allege his minimum wage claims with "mathematical precision."  However, he makes no effort to

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND
STRIKE CLASS ALLEGATIONS FROM FAC

8.

CASE NO. 4:20-cv-04062-PJH

explain why he does not provide the total dollar amount he received for the work he performed, or the number of deliveries he completed or hours he claims to have worked in exchange for that amount.  It is Hassell's obligation, not Uber's, to state a valid claim based on the information he possesses.  He has not done so.  Uber's motion to dismiss this claim should be granted.[6]

### 2. Hassell's Opposition does not establish that he adequately pleads his overtime claim for time spent between deliveries (Count III).

Hassell's overtime claim (Count III) based on time spent between deliveries is predicated on the same implausible allegations as his minimum wage claims that the time spent between deliveries constitutes "hours worked."  FAC ¶ 39; Dkt. 30 at 10:25-11:1.  Consequently, Hassell's overtime claim, to the extent based on time spent between deliveries, must also be dismissed.  FAC ¶ 63.

### 3. Hassell does not save his derivative wage statement claim (Count IV).

This Court previously dismissed Hassell's wage statement claim as derivative of his deficient minimum wage and overtime claims.  Dkt. 30 at 11:28-12:2.  *See, e.g.*, *Harris v. Best Buy Stores, L.P.*, No. 17-CV-00446-HSG, 2018 WL 984220, at *9 (N.D. Cal. Feb. 20, 2018) (dismissing derivative wage statement claims where underlying overtime claims failed).  Because his overtime and minimum wage claims remain defective, as discussed above, this claim must also be dismissed.

### 4. Hassell's FAC fails to remedy the defects in his UCL claim (Count V).

#### a. Hassell's UCL claim fails because he has adequate remedies at law.

Although this Court previously found that "plaintiff fails to show why he lacks an adequate legal remedy to pursue his § 17200 claim," Hassell's FAC fails to allege the lack of a legal remedy.  Dkt. No. 30, 14:11-12, *citing Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

---

[6]  *Pruell v. Caritas Christi*, 678 F.3d 10, 15 (1st Cir. 2012) (Oppos. 10:4) supports Uber, as the court there found the allegation that the plaintiffs "regularly worked hours over 40 in a week and were not compensated for such time" to be insufficient to state a viable claim.  *Davenport v. Wendy's Co.*, No. 2:14-cv-00931 JAM DAD, 2014 WL 3735611, at *4-5 (E.D. Cal. Jul. 28, 2014) (Oppos. 10:5-6) is inapposite, since the plaintiff employee specifically alleged he worked an average of 50 hours a week but was not paid overtime.  *Rodriguez v. F&B Solutions LLC*, 20 F.Supp.3d 545, 547 (E.D. Va. 2014) (Oppos. 10:4), followed a lenient approach to pleading overtime hours because the defendant had the records.  Here, of course, Hassell was able to plead his alleged "hourly rate," and even the hours that he worked relative to his overtime claim, which suggests that he has access to the information needed to validly plead his claims.  For some reason, he has simply not done so.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND
STRIKE CLASS ALLEGATIONS FROM FAC

9.

CASE NO. 4:20-cv-04062-PJH

1    In his Opposition, Hassell does not dispute that his UCL claim seeks the same "pay and wages" alleged

2    in the legal claims for relief, and is based on the same alleged facts.  FAC ¶ 68.

3         Instead, Hassell contends that he is entitled to seek equitable relief as an alternative remedy at

4    this pleading stage.  (Oppos. 13:1-16.)  That is not consistent with *Sonner*.  The trial court in *Sonner*

5    granted a Rule 12 motion to dismiss an amended complaint seeking restitution on the basis that

6    plaintiff could not establish an inadequate legal remedy and, under the facts of that case, denied a

7    request by plaintiff to restore a voluntarily dismissed claim for legal damages, resulting in the action

8    being dismissed.  While the *Sonner* plaintiff had chosen to first dismiss the legal claims rather than

9    pursue the legal claims as an alternative, numerous district courts have applied *Sonner* to alternatively

10   pled claims for equitable relief.  Indeed, the courts in *Sharma v. Volkswagen AG,* 2021 WL 912271,

11   at *8 (N.D. Cal. Mar. 9, 2021) and *Sagastume v. Psychemedics Corp*., No. CV 20-6624 DSF, 2020

12   WL 8175597, at *7-8 (C.D. Cal. Nov. 30, 2020) – relied upon by Hassell as supposedly giving him

13   the right to seek alternative legal remedies at this stage (Oppos. 13:4-14) – dismissed UCL claims at

14   the pleadings on the same grounds that Uber challenges Hassell's UCL claim here.[7]  The court in

15   *Sharma* expressly rejected the argument that alternative theories could be pled if there was adequate

16   legal relief: "The issue is not whether a pleading may seek distinct forms of relief in the alternative,

17   but rather whether a prayer for equitable relief states a claim if the pleading does not demonstrate the

18   inadequacy of a legal remedy.  On that point, *Sonner* holds that it does not."  *Sharma*, 2021 WL

19   912271, at *8.  *Accord, Sagastume*, 2020 WL 8175597, at *7 ("[W]hether a UCL claim is pleaded as

20   the sole or an alternative remedy, it must be pleaded adequately. . . . The FAC does not.").

21        As in *Sharma* and *Sagastume*, Hassell does not allege facts establishing an inadequate remedy

22   at law.  Hassell argues he should be able to recast legal damages as "restitution" to take advantage of

23   the 4-year limitations period under the UCL.  Oppos. 13:17-14:12.  This does not make his legal

---

[7]  *Accord, In re Macbook Keyboard Litigation*, 2020 WL 6047253, at *3 (N.D. Cal. 2020) (granting motion to dismiss with prejudice); *Clark v. American Honda Motor Co*., 2021 WL 1186338 (C.D. Cal. Mar. 25, 2021) (dismissing UCL claim); *Johnson v. Estension Logistics, LLC*, 2020 WL 8993120, at *7 (C.D. Cal. Dec. 28, 2020) (dismissing UCL claim based on wage and hour violations); *Zaback v. Kellogg Sales Company*, No. 3:20-cv-00268-BEN-MSB, 2020 WL 6381987, at *4 (C.D. Cal. Oct. 29, 2020) (granting Rule 12 motion); *Krommenhock v. Post Foods, LLC*, Case No. 16-CV-4958-WHO, 2020 WL 6074107, at *1 (N.D. Cal. Sep. 29, 2020) (same); *Gibson v. Jaguar Land Rover N. Am., LLC*, Case No. 20-CV-769-CJC, 2020 WL 5492990, at *3 (C.D. Cal. Sep. 9, 2020) (same).

LITTLER MENDELSON, P.C.
333 Bush Street, 34ᵗʰ Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND
STRIKE CLASS ALLEGATIONS FROM FAC

10.

CASE NO. 4:20-cv-04062-PJH

1  remedy inadequate. "[P]laintiffs cannot persuasively argue that they lack an adequate remedy at law

2  even when their claims under the California Labor Code are barred by the statute of limitations."

3  *Marcine Franckowiak v. Scenario Cockram USA, Inc*., 2020 WL 9071697, at *3 (C.D. Cal. Nov. 30,

4  2020) (granting motion to dismiss with prejudice).  As another court succinctly summarized, "[the]

5  failure to file a proper claim within the statute of limitations does not make the remedy at law

6  inadequate; it simply means Plaintiffs missed their opportunity to seek legal redress under those

7  statutes."  *Kitazato v. Black Diamond Hosp. Invs*., 655 F.Supp.2d 1139, 1146-47 (D. Haw. 2009)

8  (adequate legal remedy not lacking even though all claims were time-barred).

9       Plaintiff's reliance on *Audrey Heredia v. Sunrise Senior Living, LLC*, 2021 WL 819159 (C.D.

10  Cal. Feb. 10, 2021) is misplaced.  That court did not address whether a longer limitations period for

11  equitable claims made legal damages inadequate because there was no difference in the relevant

12  periods. *Id*. at *5.[8]

13       In sum, Plaintiff's legal remedy here is adequate and his UCL claim should be dismissed.[9]

14          **b.**    **Hassell's UCL claim should be dismissed to the extent it relies on defective Labor Code claims.**

16       Even if Hassell could show an inadequate legal remedy, his UCL claim to the extent predicated

17  on his defective Labor Code claims should be dismissed.  Hassell's response is simply to assert his

18  predicate Labor Code claims have been "adequately pled." Oppos. 15:15-16:4. Since this is incorrect,

19  the derivative UCL claim also fails and his reference to these statutes should be stricken from his UCL

20  claim.  *See, e.g*., *Nicholas*, 2020 WL 7173249, at *8 (dismissing UCL claim based on dismissed

21  predicate claims).

---

[8] Hassell cannot avoid dismissal by relying on cases that either predate or do not discuss *Sonner*, decided in June 2020.  Oppos. 13:10-14:18; *e.g., Colopy v. Uber Techs., Inc.,* 2020 WL 3544982 (N.D. Cal. Jun. 30, 2020) (no discussion of *Sonner* decision); *Eason v. Roman Catholic Bishop of San Diego*, 414 F. Supp.3d 1276 (S.D. Cal. 2019) (predates *Sonner*); *U.S. v. Bluitt*, 815 F. Supp. 1314 (N.D. Cal. 1992) (same): *Interstate Cigar Co. v. U.S*., 928 F.2d 221 (7th Cir. 1991) (same).

[9] *In re JUUL Labs, Inc., Marketing, Sales Practices and Product Liability Litig*., No. 19-md-02913-WHO, 2020 WL 6271173, at *55 (N.D. Cal. Oct. 23, 2020) (Oppos. 14:1) is inapposite because the court there merely gave plaintiff an opportunity to amend to allege an inadequate remedy at law.  Here, Hassell already has been given that opportunity and come up short.

LITTLER MENDELSON, P.C.
333 Bush Street, 34ᵗʰ Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND
STRIKE CLASS ALLEGATIONS FROM FAC

11.

CASE NO. 4:20-cv-04062-PJH

1

**c.** **Hassell's UCL claim predicated on § 226.8 fails because he cannot seek penalties under the UCL, there is no private right of action and he alleges only conclusions of willful misclassification.**

2

3     Hassell's FAC does not cure the fatal defects in his UCL claim predicated on an alleged

4   violation of Labor Code § 226.8 for at least three reasons.  First, Hassell concedes by his silence that

5   he is not entitled to seek penalties – the only remedy available under § 226.8 – under the UCL.  *Albert*

6   *v. Postmates Inc*., No. 18-cv-07592-JCS, 2019 WL 1045785, at *5 (N.D. Cal. Mar. 5, 2019).  Second,

7   since § 226.8 expressly does not authorize a private right of action, Hassell cannot "plead around an

8   absolute bar to relief simply by recasting the cause of action as one for unfair competition." *Chabner*

9   *v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1048 (9th Cir. 2000) (quotations omitted); *Cel–Tech*

10   *Comm., Inc. v. Los Angeles Cellular Tel. Co*., 20 Cal.4th 163, 182 (1999); *Hartless v. Clorox Co*.,

11   2007 WL 3245260, at *4 (S.D. Cal. Nov. 2, 2007).  Third, Hassell offers no new facts that would

12   plausibly allege Uber "avoid[ed] employee status for an individual by voluntarily and knowingly

13   misclassifying that individual as an independent contractor."  Cal. Lab. Code § 226.8(i)(4).

14     This Court previously concluded that Hassell "fails to provide any other facts to plausibly show

15   that defendant acted willfully when engaging in the challenged conduct."  Dkt. 30 at 14:6-10.  In

16   response, Hassell added one new paragraph (¶ 48), but that paragraph merely cites articles and a

17   transcript expressing mere ***opinions*** from gig workers' counsel and unions, not any ***facts*** to show a

18   willful misclassification.  Hassell again entirely ignores Uber's favorable rulings.  Def's RJN Ex. 3.

19   Hassell's UCL claim predicated on § 226.8 should be dismissed since it merely offers the same

20   sweeping legal conclusions this Court previously found to be insufficient.  *Nicholas*, 2020 WL

21   7173249, at *10-11.[10]

22

**d.** **Hassell's UCL claim based on alleged failure to provide paid sick leave should be dismissed.**

23

24     Hassell's Opposition fails to substantiate his UCL claim predicated on a purported failure to

25   provide paid sick leave under Labor Code § 246 as plausible.  First, Hassell concedes by his silence

26

---

27   [10]  This Court granted Uber's motion despite Hassell's previous argument that *Dynamex* and the passage of A.B. 5 sufficed to allege a willful violation because those events "put Uber on notice that it is misclassifying its delivery drivers under California law, and Uber has brazenly and defiantly refused to change its practices."  Dkt. 22 at 13:23-26.  The same outcome is warranted here.

28

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND
STRIKE CLASS ALLEGATIONS FROM FAC

12.

CASE NO. 4:20-cv-04062-PJH

1    that he has an adequate legal remedy for any proven violation of § 246, which requires dismissal of

2    his UCL claim, as this Court previously ruled.  Dkt. 30 at 16:12-19.  Second, Hassell concedes there

3    is no private right of action under § 246, but claims he can still seek equitable relief.  Hassell does

4    not – and cannot – explain how this interpretation of the UCL is in harmony with the clear legislative

5    intent to preclude private rights of action under § 246.  It would make no sense for the courts to strip

6    § 246 of the limitations on its enforcement the Legislature deliberately chose to impose.  The more

7    specific limitation in § 246 should prevail over the general statutory language in the UCL.  *Dept. of*

8    *Indus. Rel. v. Fidelity Roof Co.*, 60 Cal.App.4th 411, 426 (1997).

9         Most tellingly, Uber pointed out specifically that Hassell must allege not only that he was ill,

10   but that he was deprived of pay for those days to have standing to seek unpaid sick leave.  Hassell still

11   did not so allege, and his Opposition crucially ***never asserts*** that Hassell lost ***any money*** when ill.  As

12   a result, Hassell has no standing to seek any equitable relief under the UCL based on § 246.  FAC

13   ¶¶ 45; *Joyce v. Office of Architect of Capitol*, 966 F.Supp.2d 15, 24 (D.D.C. 2013) (plaintiff's failure

14   to allege his sick leave was unpaid "prove[d] fatal" as he suffered "no material injury").

15              **e.     Hassell does not defend his references to § 1197.1 in his UCL claim**
                       **and they should be dismissed or stricken.**
16

17        Finally, Hassell's UCL claim predicated on a purported violation of Labor Code § 1197.1

18   should be dismissed because Hassell concedes by his silence that this section authorizes only a civil

19   penalty and there is no private right of action.  *Albert*, 2019 WL 1045785, at *5; *Pineda v. Bank of*

20   *America*, 50 Cal. 4th 1389, 1401-1402 (2010); *Ridgeway v. Wal-Mart Stores Inc.*, No. 08-CV-05221-

21   SI, 2017 WL 363214, at *9 (N.D. Cal. Jan. 25, 2017), *aff'd sub nom. Ridgeway v. Walmart Inc*, 946

22   F.3d 1066 (9th Cir. 2020).

23        **C.     Offering To Plead No New Facts, Hassell's Defective Claims Should Be**
                **Dismissed With Prejudice.**
24

25        This Court already provided Hassell with a full opportunity to amend his Complaint to remedy

26   all deficiencies.  Dkt. 30 at 19:2-14.  Nowhere in his Opposition does Hassell identify what additional

27   facts he could allege to address the continued deficiencies of his claims.  Futility is a basis for denial

28   of further amendment, as noted in a decision cited by Hassell.  *Castillo v. United Rentals, Inc.*,

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND
STRIKE CLASS ALLEGATIONS FROM FAC          13.          CASE NO. 4:20-cv-04062-PJH

No. C17-1573 JLR, 2018 WL 1382597, at *9 (W.D. Wash. Mar. 19, 2018).[11]  Since leave to amend would be futile here, this Court should exercise its broad discretion to dismiss with prejudice.

## III.   HASSELL HAS NO STANDING TO RAISE DEFENSES TO ARBITRATION, THUS THERE IS NO REASON TO DELAY LIMITING THE PUTATIVE CLASS

While in certain cases the question of enforcement of arbitration agreements might be deferred until class certification, this is not one of those cases for four key reasons.  First, the vast majority of the putative class agreed to individual arbitration.  Rosenthal Decl. ¶ 7.  Second, any challenge to the enforceability of Uber's arbitration agreement is futile since the Ninth Circuit took the unusual step of *reversing* certification of a class action of drivers who use the Uber Apps because those drivers had agreed to arbitrate their claims on an individual basis.  *O'Connor v. Uber Techs., Inc*., 904 F.3d 1087, 1094-95 (9th Cir. 2018).  In so holding, the Ninth Circuit found (for a second time) that Uber's arbitration agreements and class waiver are enforceable.  *Id.*; *Mohamed v. Uber Tech., Inc.*, 848 F.3d 1201, 1210-12 (9th Cir. 2016).

Third, Hassell does not refute that his personal status as one of the few drivers who opted out destroys commonality and superiority, renders him atypical and inadequate, and defeats predominance of common questions.  *Tan v. Grubhub, Inc.*, 2016 WL 4721439, at *3 (N.D. Cal. July 19, 2016).  Indeed, the court in one of the cases Hassell approvingly cites (Oppos. 20:19-20) relied upon *Tan* in *denying* certification of persons bound by arbitration agreements.  *Conde v. Open Door Mtkg., LLC*, 223 F.Supp.3d 949, 963 (N.D. Cal. 2017).

Seeking to delay the inevitable, Hassell argues that the putative class members will fall within the Section 1 "transportation worker" exception to the FAA.  This is a red herring.  Hassell does not dispute that he has *no standing* to litigate this exception since he opted out.  As held by the court in *Conde*, not being subject to arbitration himself, Hassell "lack[s] the ability to challenge the [arbitration] agreements on behalf of individuals who did sign such agreements."  *Id.*; *Tan,* 2016 WL 1721439, at *3.[12]

---

[11]  Leave to amend was permitted in *Castillo* because it was the first motion to dismiss granted.  Hassell has already been given the opportunity to amend and offers no additional facts he could plead.
[12]  The court in *Conde* did defer resolution of the enforceability of arbitration at stage 1 of conditional certification of a collective – a distinguishing fact Hassell omits.  *Conde,* 223 F.Supp.3d at 969.

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND
STRIKE CLASS ALLEGATIONS FROM FAC

14.

CASE NO. 4:20-cv-04062-PJH

1      Even if Hassell somehow had standing, there is no reason to wait to address this issue because

2   Hassell offers no facts that he could allege to support the narrow "transportation worker exemption"

3   to the Federal Arbitration Act ("FAA") (Opp. at 16), and Ninth Circuit case law is heavily against him.

4   *See, e.g., Magana v. Doordash, Inc*., 343 F.Supp.3d 891 (N.D. Cal. Oct. 22, 2018) (§ 1 exemption

5   inapplicable to DoorDash delivery person); *Lee v. Postmates, Inc*., No. 18-cv-03421-JCS, 2018 WL

6   6605659, at *7 (N.D. Cal. Oct. 5, 2018) (same with respect to Postmates courier); *Wallace v. Grubhub*

7   *Holdings Inc.*, Nos. 19-1564, 19-2156, 2020 WL 4463062 at *3-4 (7th Cir. August 4, 2020)

8   ("plaintiffs' contracts with Grubhub do not fall within § 1 of the FAA."); *Capriole v. Uber Techs.,*

9   *Inc.*, 460 F. Supp. 3d 910, 932 (N.D. Cal. Oct. 17, 2020) ("Uber drivers do. . . do not fall within the

10   Section 1 exemption to the FAA.").

11      Assuming this action proceeds beyond the pleadings, it makes no sense to conduct discovery

12   regarding many thousands of drivers who could not in any event be part of this class.[13]  *Avilez v.*

13   *Pinkerton Gov't Servs., Inc*., 569 Fed. Appx. 579, 579 (9th Cir. 2015) (vacating class certification).

14   Hassell's class claims thus must be stricken with prejudice to the extent those claims are brought on

15   behalf of those bound by arbitration because "amendment would be futile."  *Cervantes v. Countrywide*

16   *Home Loan Servs., Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

17   **IV.    CONCLUSION**

18      Despite ample opportunity to amend, Hassell's FAC still fails to state plausible claims. This

19   Court therefore should exercise its discretion to dismiss these claims with prejudice.  To the extent

20   any claims remain, since Hassell has no standing to challenge arbitration on behalf of the vast majority

21   of drivers who did not opt out, this Court should limit that class to those not bound by arbitration rather

22   than unleash burdensome discovery into persons Hassell has no standing to represent.

23

24   [13]   *Conde*, 223 F.Supp.3d at 962-63  (Opp. at 20) supports Uber, since the court denied Rule 23 class
      certification because the putative class included many persons bound to arbitrate.  The arbitration
25   agreements in *In re Evanston Nw. Corp. Antitrust Litig*., 2013 WL 6490152 (N.D. Ill. Dec. 10, 2013) were
      not at issue until the plaintiff expanded the class definition in its certification motion.  In *Coleman v. Gen.*
26   *Motors Acceptance Corp*., 220 F.R.D. 64, 91 (M.D. Tenn. 2004), how many class members were bound to
      arbitrate was uncertain.  *Deatrick v. Securitas Sec. Servs. USA, Inc*., 2014 WL 5358723, at*3 (N.D. Cal.
27   Oct. 20, 2014), *D'Antuono v. C & G. of Groton, Inc*., 2011 WL 5878045, at *3 (D. Conn. Nov. 23, 2011),
      *Sealy v. Keiser Sch., Inc*., 2011 WL 7641238 (S.D. Fla. Nov. 8, 2011), *Davis v. Novastar Mortgage, Inc.,*
28   408 F.Supp.2d 811 (W.D. Mo. 2005) and *Villatoro v. Kim Son. Rest., L.P*., 286 F.Supp.2d 807 (S.D. Tex.
      2003) all were collective actions with a two-step process with a lenient initial certification standard.

LITTLER MENDELSON, P.C.
333 Bush Street, 34ᵗʰ Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND
STRIKE CLASS ALLEGATIONS FROM FAC          15.          CASE NO. 4:20-cv-04062-PJH

1   Dated: April 22, 2021                          /s/ Sophia Behnia
                                                   SOPHIA BEHNIA
2                                                  LITTLER MENDELSON, P.C.
                                                   Attorneys for Defendant
3                                                  UBER TECHNOLOGIES, INC.

    4815-2909-6931.4 / 073208-2022

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

DEFT'S REPLY ISO MTN TO DISMISS AND          16.          CASE NO. 4:20-cv-04062-PJH
STRIKE CLASS ALLEGATIONS FROM FAC