1  ANDREW M. SPURCHISE, Bar No. 245998
   aspurchise@littler.com
2  LITTLER MENDELSON, P.C.
   900 Third Avenue
3  New York, NY 10022.3298
   Telephone:   212.583.9600
4  Facsimile:   212.832.2719

5  SOPHIA BEHNIA, Bar No. 289318
   sbehnia@littler.com
6  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
7  San Francisco, CA 94104
   Telephone:   415.433.1940
8  Facsimile:   415.399.8490

9  Attorneys for Defendant
   UBER TECHNOLOGIES, INC.
10

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| KENT HASSELL, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., d/b/a UBER EATS,<br><br>Defendant. | CASE NO. 4:20-cv-04062-PJH<br><br>**RESPONSE TO CELA BRIEF** |

At the May 6, 2021 hearing on Uber's Motion to Dismiss, Plaintiff's counsel attempted to "incorporate by reference" the amicus brief filed by the California Employment Lawyers' Association in a different case, *Nicholas v. Uber Techs., Inc.*, No. 4:19-cv-08228 (N.D. Cal. Mar. 10, 2021), Dkt. 58-1 ("CELA Br."). CELA's brief in *Nicholas* does not even address the doctrine of abatement at issue in Uber's motion to dismiss, and therefore is not relevant to whether the Court should grant Uber's motion.

***CELA Does Not Even Address Abatement.*** CELA's brief argues that "Uber fails to meet the elements of the 'statutory repeal' doctrine." CELA Br. 1. But "statutory repeal" is not the doctrine at issue in Uber's motion to dismiss in this case (or in *Nicholas* for that matter). ***Abatement*** is the basis for Uber's motion to dismiss, and that is a distinct and independent doctrine, with different standards than statutory repeal. *See Rossetti v. Stearn's Prods., Inc.*, 2016 WL 3277295, at *4 (C.D. Cal. June 6, 2016). CELA's amicus brief does not mention abatement—not once—and is therefore inapplicable to the issues presented in Uber's motion.

CELA also insists that for Prop 22 to apply to this case, Uber must present sufficient evidence to overcome the presumption against retroactivity and demonstrate the voters and Legislature intended Prop 22 to apply retroactively. CELA Br. 2. But here again, the doctrine at issue is *abatement*, not retroactivity—separate legal standards that operate independently. *Physicians Comm. for Responsible Med. v. Tyson Foods, Inc.*, 119 Cal. App. 4th 120, 125 (2004); *Rossetti*, 2016 WL 3277295, at *4. Abatement concerns the dissolution of an existing cause of action and an "*expan[sion of] protections* afforded defendants by way of changes to previous statutory foundations for liability"; retroactivity, by contrast, applies when a statute "*impose[s] new or additional liability* on a defendant" for actions that were legal under contemporaneous law by applying a new standard to past conduct. *Rossetti*, 2016 WL 3277295, at *4. As the California Supreme Court recognized nearly a century ago, the presumption that statutes "operate prospectively" is distinct from, and co-exists with, the "general rule" that "a cause of action or remedy dependent on a statute falls with a repeal of the statute, even after the action thereon is pending." *Callet v. Alioto*, 210 Cal. 65, 67 (1930). This is why "[a]lthough the courts normally construe statutes to operate prospectively," dissolution of a statutory right or remedy "'terminate[s] all

pending actions based [solely] thereon.'" *Governing Bd. v. Mann*, 18 Cal. 3d 819, 829 (1977) (quoting *S. Serv. Co. v. Los Angeles County*, 15 Cal. 2d 1, 11–12 (1940)).

***Abatement Does Not Require a Repeal.*** CELA argues at length that Prop 22 did not repeal AB5. But abatement does not require a "repeal"; abatement focuses on the *substance* of the legislation, not its *label* or any magic words effectuating repeal. *Zipperer v. County of Santa Clara*, 133 Cal. App. 4th 1013, 1025 (2005). Abatement applies even where the voters "leav[e] the original language in [a] statute and" merely create a "safe harbor" for certain litigants because the voters still have "take[n] away the right of action itself." *Fitzpatrick v. Tyson Foods, Inc.*, 2016 WL 5395955, at *3 (E.D. Cal. Sept. 27, 2016) (electorate "need not repeal a statute in its entirety" to trigger abatement, "but may instead partially repeal a statute by taking away the right of action *in certain situations*," including "by amendment" (italics added)), *aff'd*, 714 F. App'x 797 (9th Cir. 2018); *Zipperer*, 133 Cal. App. 4th at 1023 (*amendment* may cause abatement); *Rossetti*, 2016 WL 3277295, at *3–4 (abating UCL claims where prior "version of the statute upon which Plaintiff relies" "still reads much the same"); *Alaei v. Rockstar, Inc.*, 224 F. Supp. 3d 992, 999 (S.D. Cal. 2016) ("amendment" sufficient to trigger abatement, collecting abatement cases whenever "a statutory remedy is" "withdrawn").

***Prop 22 Partially Repealed AB5.*** Regardless, CELA gets the law on repeal in California wrong as well. As Judge Chen has explained, "Prop 22 … repeal[ed] AB 5 with respect to app-based drivers" and classified those drivers independent contractors. *James v. Uber Techs., Inc.*, 2021 WL 254303, at *1 (N.D. Cal. Jan. 26, 2021). Prop 22 created a new classification test for app-based drivers "*[n]otwithstanding any other provision of law, including … the Labor Code*"—which is a term of art that effectuates an implied repeal of AB5 for these workers. Cal. Bus. & Prof. Code § 7451 (italics added). That statutory phrase unmistakably "declares the legislative intent to override all contrary law" and "to have the specific statute control despite the existence of other law which might otherwise govern." *Klajic v. Castaic Lake Water Agency*, 121 Cal. App. 4th 5, 13 (2004) (citations omitted); *In re Marriage of Cutler*, 79 Cal. App. 4th 460, 475 (2000) ("notwithstanding any other provision of law" "signals a broad application overriding all other code sections"). And it provides "undebatable evidence of an intent to supersede [an] earlier" enactment especially where, as here, "the [voters] w[ere] aware of the conflict" between Prop 22 and AB5. *Watkins v. County of Alameda*, 177 Cal. App. 4th

320, 343 (2009) (rejecting plaintiff's argument that later statute did not impliedly repeal earlier statute). Prop 22 thus "takes the place of whatever law would otherwise" apply (*People v. Acosta*, 29 Cal. 4th 105, 132 (2002)), "partially repeal[ing]" the ABC test as applied to app-based drivers such as Plaintiff (*United States v. Novak*, 476 F.3d 1041, 1052 (9th Cir. 2007) (rejecting argument against implied repeal because "[w]e have recognized that 'including a 'notwithstanding any other law' provision is a method—akin to an express reference to the superseded statute—by which Congress can demonstrate that it 'intended to partially repeal an act'") (quoting *Lujan–Armendariz v. INS*, 222 F.3d 728, 747 (9th Cir. 2000)); *James*, 2021 WL 254303, at *1).

***Prop 22 Does Not Contain a Savings Clause.*** CELA insists that California Business and Professions Code sections 4 and 12 operate as a "general savings clause" that precludes abatement. CELA Br. 16. But California law is clear that a pending statutory cause of action "falls … in the absence of a saving clause *in the repealing statute*"—Prop 22—itself. *Mann*, 18 Cal. 3d at 829; *see also Rankins v. Longs Drug Store*, 169 Cal.App.4th 1246, 1260 (2009) (holding general savings clause in federal law could not bar abatement absent an "express savings clause" in statute). CELA's argument that a *general, preexisting* savings clause applies to *new* legislation has been rejected by numerous courts. *See*, *e.g.*, *Rossetti*, 2016 WL 3277295, at *4 (applying abatement based on new statute added to the Business and Professions Code that limited reach of previously codified general provision); *Hass v. Citizens of Humanity* 2016 WL 7097870, at *3 (S.D. Cal. Dec. 6, 2016) (same); *Fitzpatrick*, 2016 WL 5395955, at *4 (same).

In *Palmer v. Stassinos*, 419 F. Supp. 2d 1151 (N.D. Cal. 2005), for example, the plaintiffs quoted the same dicta from *Sobey v. Molony*, 40 Cal. App. 2d 381 (1940), that CELA relies on, to advance CELA's same general "savings clause" argument to bar application of a ballot measure's amendments to pending statutory claims. *Palmer*, 419 F. Supp. 2d at 1157. But the court in *Palmer* explained that "the *Sobey* court's statements were" not made in the context of new legislation and sections 4 and 12 do not apply where, as here, "[t]he change at issue" does not involve the law as its existed before the creation of the code. *Id.* (quoting *Sobey*, 40 Cal. App. 2d at 384). *Palmer* was correct; *Sobey* spoke only of Section 4's construction "to continue the *old statute in effect*" at the time of codification in 1937—nothing more. 40 Cal. App. 2d at 384.

The California Court of Appeal likewise explained that the "evident purpose of [section 4] was to preserve actions, proceedings, and accrued rights in existence at the time the code itself was enacted" in 1937, and that section 12 is merely an interpretive provision to "ensure that any references to a Business and Professions code section by some other code would apply also to any amendments or enactments of the Business and Professions Code." *Hartford Fire Ins. Co. v. Superior Court*, 36 Cal. Rptr. 3d 279, 285 (Cal. Ct. App. 2005), *transferred and vacated on other grounds*. That understanding is wholly consistent with the plain text of these provisions, which apply only to ""action[s] or proceeding[s] *commenced before this code takes effect*" and "rights accrued" thereto. Cal. Bus. & Profs Code § 4 (emphasis added). And the California Supreme Court (and many others) have rejected arguments against abatement in the context of identical provisions in the Health and Safety Code, among others. *Younger v. Superior Court*, 21 Cal. 3d 102, 110 & fn. 5 (1978) ("it does not deal with pending actions and is not a savings clause"); *City of San Jose v. Int'l Ass'n of Firefighters* 178 Cal. App. 4th 408, 423–24 (2009) (same, despite identical provisions in the Government Code); *Dep't of Soc. Welfare v. Wingo*, 77 Cal. App. 2d 316, 321 (1946) (same, despite identical provisions in the Welfare and Insurance Code). In fact, (almost) every code in California contains identical provisions— meaning CELA's position asks this Court to find every case abating claims in the state over the last century were wrongly decided.[1]

"[A]ll statutory remedies are pursued with full realization that the" voters "may abolish the right to recover at any time," and, in passing Prop 22, the electorate has done exactly that. *Younger*, 21 Cal. 3d at 109. CELA is wrong; the voters have extinguished Plaintiff's claims grounded in the ABC test.

***Plaintiff's Claims Are Not Based in Common Law.*** CELA asserts that abatement cannot apply to claims for "unpaid wages" because employees could recover such wages at common law. CELA Br. 6, 17. But this argument just begs the question—whether Plaintiff is an employee. To have any such common-law right in the first place, drivers must have been classified as employees, as CELA's

---

[1] *Compare e.g.,* Sections 4 & 9 of the Government Code, *with, e.g., County of San Bernardino v. Ranger Ins. Co.*, 34 Cal. App. 4th 1140 (1995) (abating claims). Identical or nearly identical provisions exists in the Health & Safety Code, Government Code, Labor Code, Welfare and Insurance Code, Education Code, Insurance Code, Financial Code, Unemployment Insurance Code, Revenue and Taxation Code, Food and Agriculture Code, Public Resources Code, Public Utilities Code, Water Code, Vehicle Code, Harbors and Navigation Code, etc.—and yet CELA cannot point to a single case ever adopting its atextual reading of these provisions.

own authority makes clear. *See Sims v. AT&T Mobility Servs. LLC*, 955 F. Supp. 2d 1110, 1117 (E.D. Cal. 2013) ("an *employee* could recover unpaid wages through an action in contract") (emphasis added). The Court has not issued a final judgment here to vest Plaintiff's purported rights or his asserted employment classification under the ABC test. *See Mann*, 18 Cal. 3d at 829–30.

As pleaded, Plaintiff's substantive wage-and-hour claims are "wholly dependent on statute," relying on a purported violation of the ABC test codified in AB5. *Younger*, 21 Cal. 3d at 109. The California Supreme Court in *Dynamex Operations West Inc. v. Superior Court* interpreted the "suffer or permit to work" language of the IWC wage orders to require the ABC test. 4 Cal. 5th 903, 958 (2018) (recognizing that the wage orders were "intended to be broader and more inclusive than the common law test"). And those orders are "accorded the same dignity as statutes." *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1027 (2012). In fact, the California Supreme Court recently described *Dynamex* as a "judicial construction of a statute." *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 10 Cal. 5th 944, 951 (2021). California's ABC test derives solely from statute (*Dynamex*, 4 Cal. 5th at 956 & n.23), and Plaintiff thus "possesse[s] no right or remedy … which the legislature could not cut off" (*Zipperer*, 133 Cal. App. 4th at 1024).

Moreover, Plaintiff did not have a vested property right at common law for restitution of "unpaid wages" to begin with. "[T]he law relating to employment status [has been] in flux," and it is doubtful that an individual's *common law* right to be paid *something* for his or her work would equate with a right to the *exact minimum wage enacted in statute*, particularly when there's a contract setting forth terms of compensation. *Graczyk v. Workers' Comp. Appeals Bd.*, 184 Cal. App. 3d 997, 1006 (1986). To assert that Plaintiff has a vested property right for any "unpaid wages" assumes that there is some vested right to this Court finding his agreement to be an independent contractor invalid—and to a specific outcome when applying the statutory ABC test. But because Plaintiff's "rights, remedies and obligations rest on the status of the employer-employee relationship, rather than on contract or tort," Plaintiff "did not have a vested right in employee status at the time" his claims arose. *Graczyk*, 184 Cal. App. 3d at 1003, 1007; *see also Angelotti Chiropractic, Inc. v. Baker*, 791 F.3d 1075, 1081 (9th Cir. 2015) (employment benefits derived from statute are "wholly statutory," and "such rights are not vested until they are 'reduced to final judgment'").

***Plaintiff Is Not Being Denied Due Process.*** CELA is wrong that applying Prop 22 retroactively would violate the Due Process Clause. CELA Br. 2, 18–19.

*First*, CELA conflates retroactivity with abatement—as explained above, these are distinct legal doctrines with completely different concerns. *See supra* pp. 3–4. Abatement is about relieving defendants of liability, and thus it does not raise any due process concerns. *See Brenton v. Metabolife Int'l, Inc.*, 116 Cal. App. 4th 679, 690 (2004) (where "the Legislature has conferred a remedy and withdraws it by amendment or repeal of the remedial statute, the new statutory scheme may be applied to pending actions without triggering retroactivity concerns").

*Second*, due process concerns only arise when a statute attempts to unwind a final judgment, thereby taking away a *vested* right. *Graczyk*, 184 Cal. App. 3d at 1006–07. As explained above, there are no vested rights here to implicate due process in the first place.

*Third*, the test for when a retroactive statute violates due process is in fact fairly forgiving, and Prop 22 easily meets it. No due process violation occurs when a vested right is amended if an important state interest justifies the amendment (*see id.* at 1008–09; *In re Marriage of Bouquet*, 16 Cal. 3d 583, 592–93 (1976)), and Prop 22 recounts several such important interests (Cal. Bus. & Prof. Code §§ 7449, 7450). Thus, because Plaintiff's claims are grounded in a statutory scheme that Prop 22 repealed as to Uber and independent delivery drivers using the Uber Eats App, and Plaintiff has no vested right to a particular employment classification, Prop 22 abates Plaintiff's action.

The arguments advanced in CELA's *Nicholas* amicus brief do not support Plaintiff's claims in this case. The Court should grant Uber's motion to dismiss.

Dated: May 19, 2021

                                       */s/ Andrew Spurchise*
                                       ANDREW SPURCHISE
                                       SOPHIA BEHNIA
                                       LITTLER MENDELSON, P.C.
                                       Attorneys for Defendant
                                       UBER TECHONOLOGIES, INC.