SHANNON LISS-RIORDAN, SBN 310719
(sliss@llrlaw.com)
ANNE KRAMER, SBN 315131
(akramer@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

*Attorneys for Plaintiff KENT HASSELL,
individually and on behalf of all others similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENT HASSELL, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> UBER EATS TECHNOLOGIES, INC., d/b/a UBER EATS, <br><br> Defendant. | Case No. 4:20-cv-04062-PJH <br><br> **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO CELA BRIEF** |

Uber argues that the Proposition 22 abates Assembly Bill 5, such that all of Plaintiff's claims are extinguished. For the common law doctrine of abatement to apply, the action must rest entirely in statute, the plaintiff must not have any rights vested under the statute, and the statute must have been repealed without a saving clause. Governing Bd. v. Mann, 18 Cal.3d 819, 829 (1977) (quoting S. Serv. Co., Ltd. v. L.A, 15 Cal.2d 1, 11-12 (1940)). For the reasons stated in Plaintiffs' Opposition to Uber's latest Motion to Dismiss (Dkt. 43), the CELA amicus brief (Dkt. 48, Ex. A), and herein, the doctrine of abatement does not apply to this action because A.B. 5 was neither expressly nor impliedly repealed, Plaintiff's claims originate from the common law, Plaintiff Hassell has a vested property interested in his unpaid wages, and Prop. 22 contains both a general and implied saving clause. As a result, Prop. 22 applies only prospectively, and Plaintiff remains free to pursue his claims under the ABC test announced by the California Supreme Court in Dynamex Operations W. Inc. v. Sup. Ct., 4 Cal.5th 903 (2018), reh'g denied (June 20, 2018), and codified by A.B. 5, that accrued prior to Proposition 22's effective date.

### A. The CELA Brief Addresses the Same Doctrine as Does Uber, Albeit Under a Different Name

Uber asserts that CELA's brief is inapplicable to the issues presented here because CELA discussed the statutory repeal doctrine as opposed to the common law doctrine of abatement. See Dkt. 50 at 1. However, a quick read of CELA and Uber's briefs clarifies that these doctrines are one and the same. See Dkt. 37 at 7-8; Dkt. 48, Ex. A at 8; Dkt. 50 at 2. Indeed, both CELA and Uber cite to the same standard and four-factor test[1] to determine whether an action predicated on an older law must be abated. See Mann, 18 Cal.3d at 829 (quoting S. Serv. Co., Ltd, 15 Cal.2d at 11-12); Dkt. 37 at 7; Dkt.48, see generally, Ex. A.

### B. Proposition 22 Did Not Repeal A.B. 5

A.B. 5 has neither been expressly repealed by Prop. 22, nor has it been repealed by implication. Instead, Prop. 22 establishes a new defense, or exception, to A.B. 5 that includes its own standard for determining whether a company has violated the statute. Implied repeals are extremely disfavored, rarely found, and completely unwarranted in situations like this one where

---

[1] The factors are: (1) "the statutory nature of the plaintiffs' claim"; (2) "the unvested nature of the plaintiffs' claimed rights"; (3) "the timing of the elimination of those rights"; and (4) "the nature of the mechanisms by which the right of action was eliminated."). Zipperer v. Cnty. of Santa Clara, 133 Cal.App.4th 1013, 1025 (2005).

1
PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO CELA BRIEF

1  the party alleging a repeal is unable to point to *any* evidence that either the Legislature or
2  California voters intended to extinguish delivery drivers' ability to bring misclassification
3  actions to recover unpaid wages earned before Prop. 22 took effect. See Stop Youth Addiction,
4  Inc. v. Lucky Stores, Inc., 17 Cal.4th 553, 569 (1998).[2]

5  Rather than advance case-specific evidence of intent, Uber argues that the mere inclusion
6  of the phrase *"[n]otwithstanding any other provision of law, including, but not limited to, the*
7  *Labor Code…"* contained in Cal. Bus. & Prof § 7451 (Prop. 22) is enough for this Court to find
8  legislative intent to repeal A.B. 5 with respect to app-based workers. However, Uber has failed to
9  identify even one case where a "notwithstanding" clause was, without more, was sufficient for a
10 court to find legislative intent to impliedly repeal an earlier statute.[3] As the Ninth Circuit
11 explained in U.S. v. Novak, while a "notwithstanding" clause *may* demonstrate the Legislature's
12 intent to repeal an earlier statute, the reach of a "notwithstanding clause" does *not* automatically
13 repeal prior law and instead, can only be viewed within the larger statutory context in which the
14 clause appears. 476 F.3d 1041, 1046 (9th Cir. 2007) (quotations omitted). Here, the
15 "notwithstanding clause" of Prop. 22, when viewed in the larger statutory context and recognized
16 state interest in protecting workers from wage theft, provides little (if any) evidence of the

---

[2] While Judge Chen in the James v. Uber case made passing reference to Prop. 22 repealing A.B. 5 in part, the court did so without having considered specific argument on this point, and this language was not a determination that Prop. 22 abated A.B. 5. James, 2021 WL 254303, at *17. On the contrary, the court in that order held Prop. 22 not to have any impact on Uber drivers' claims prior to its enactment. Id. (though the court later clarified that it would not decide that substantive merits issue prior to the Rule 23 class notice having been finalized, James v. Uber Techs., Inc., C.A. 19-cv-06462-EMC (N.D. Cal. Apr. 4, 2021) (Dkt. 162)).

[3] See Klajic v. Castaic Lake Water Agency, 121 Cal.App.4th 5, 13 (2004) (noting that "notwithstanding" language referring to *specific subsection of statute* was clear and ambiguous evidence of legislative intent to create a new, independent grant of authority, but determining that new statute applied only prospectively based on declaration of legislative intent accompanying assembly bill text expressly stating act was prospective); In re Marriage of Cutler, 79 Cal.App.4th 460, 475 (2000) (concerning limited situation where court found there was no deprivation of substantive vested right because "[a] statute making procedural changes in the method of enforcing a judgment is purely remedial to an existing status, and such statutes, unless they provide to the contrary, have historically been held to apply to pending or existing matters."); Watkins v. Cnty. of Alameda, 177 Cal.App.4th 320, 343-44 (2009) (court stated that legislative history made clear new statute was meant to override the old one, and additionally pointed to existence of "notwithstanding clause" where new statute *specifically referenced* the old law underlying the plaintiffs' claims); People v. Acosta, 29 Cal.4th 105, 121-22 (2002) (internal quotations omitted) (court declined to find an implied repeal, explaining that "[a]bsent an express declaration of legislative intent, we will find an implied repeal only when no rational basis exists to harmonize the two potentially conflicting statutes, and the statutes are irreconcilable, clearly repugnant, and so inconsistent that they cannot operate concurrently" in case involving criminal one strike and three strike laws in which the "notwithstanding" clause appeared in the older statute as opposed to the newer one).

Legislature's intent. See Kerr's Catering Serv. v. Dep't of Indus. Rel., 57 Cal.2d 319, 326 (1962) ("California courts have recognized the public policy in favor of full and prompt payment of wages due to an employee.").

### C. The Business & Professions Code Contains a General Savings Clause that Applies to Proposition 22

A statute is not abated where the statute has a saving clause. Mann, 18 Cal.3d at 829. As the CELA brief explains, here, the general saving clause of Bus. & Prof. Code § 4 by virtue of § 12 applies to Prop. 22. See Dkt. 48, Ex. A at 16; Sobey v. Molony, 40 Cal.App.2d 381, 391 (1940); Peterson v. Ball, 211 Cal. 461, 464 (1931) (recognizing that "a general saving clause in the general body of the law is as effective as a special saving clause in a particular section."). Moreover, Prop. 22 also contains an implied saving clause. California courts have explained that a saving clause will be implied where, as is the case here, the new provision constitutes a change in the law that aims to further the intent of the Legislature (or voters) found in the earlier law. See Bourquez. v. Sup. Ct., 156 Cal.App.4th 1275, 1284 (2007) (quoting Sekt v. Justice's Ct., 26 Cal.2d 297 (1945) ("[t]o imply a saving clause in such a situation is simply to give effect to the obvious intent of the Legislature [and voters]."). Here, Uber pitched Prop. 22 to voters as a change to the wage and hour benefits and protections owed to app-based workers - thus, the Court should find an implied saving clause also exists within Prop. 22 in order to effectuate the voters' intent that it applies only prospectively. To hold otherwise would fly in the face of California's important policy interest of protecting workers by allowing Uber to evade liability for conduct that was plainly illegal under A.B. 5. See Bourquez, 156 Cal.App.4th at 1287-88.[4]

---

[4] Even if this Court determines that Prop. 22 does not contain a saving clause (which it does), the existence of a saving clause is only one of many ways that a court can ascertain the Legislature's intent to retain the rights of parties in pending litigation. Dulay v. Specialized Loan Serv., LLC, 2018 WL 3619641, at *4 (N.D. Cal. July 30, 2018) (quoting Bourquez, 156 Cal.App.4th at 1284 ("[a]n express saving clause in a repealing statute is not required in order to prevent the destruction of rights existing under a former statute, if the intention to preserve and continue such rights is otherwise clearly apparent."). In fact, *any* recognition that the Legislature did not intend the prior statute to be abated is sufficient. Traub v. Edwards, 38 Cal.App.2d 719, 721, 723 (1940) (recognizing that "[a]n express saving clause is not necessary because courts have no authority to dictate the form of the expression of legislative intent" and finding legislative intent to save rights afforded under old statute where new provision allowed plaintiffs a sixty day window to commence actions based on the old statute because it would be nonsensical to extinguish pending claims while allowing new plaintiffs to proceed with those same claims under the new statute).

### D. Plaintiff's Claims Are Based in Common Law And He Has a Vested Property Interest in His Earned, Unpaid Wages

A law will not be abated where the claims do not sound solely in statute. Mann, 18 Cal.3d at 829. In the same vein, the statutory repeal doctrine "does not apply to an existing right of action which has been accrued… by virtue of a statute codifying the common law." Callet v. Alioto, 210 Cal. 65, 68 (1930). As the CELA brief describes, Plaintiff's minimum wage and overtime claims are rooted in the common law, so abatement does not apply here. See Sims v. AT&T Mobility Servs. LLC, 955 F.Supp.2d 1110, 1117 (E.D. Cal. 2013) (explaining that the right to be paid a fair rate for labor or otherwise sue for reasonable compensation originated at common law; "The Labor Code's minimum wage and overtime provisions simply defined what the reasonable amount was").[5]

Uber's argument that Plaintiff does not have a vested property right to his earned wages because he was classified by Uber as an independent contractor is incorrect. A property interest is vested when the interest is not contingent or uncertain, or when the receipt of the interest is not speculative or discretionary. Angelotti v. Chiropractic, Inc. v. Baker, 791 F.3d 1075, 1081 (9th Cir. 2015) (quoting Bowers v. Whitman, 671 F.3d 905, 912-14 (9th Cir. 2012)). In this case, Plaintiff's property interest in his earned wages is vested because he already performed the work that is currently unpaid, Loehr v. Ventura Cty. Cmty. Coll. Dist., 147 Cal.App.3d 1071, 1080 (1983) ("Earned but unpaid salary or wages are vested property rights" under California law), and it is clear from multiple court rulings that Uber drivers are employees under the ABC test.[6] Thus, there is nothing contingent or speculative that Plaintiff would be owed wages prior to the enactment of Prop. 22. A determination that Plaintiff's property interest is not vested would only reward Uber's nefarious behavior of willfully violating prior law in misclassifying its drivers like Plaintiff.

---

[5] Similarly, the independent contractor misclassification analysis also has common law origins. See S.G. Borello & Sons, Inc. v. Dep't of Indus. Rel., 48 Cal.3d 341 (1989) (California's multi-factor common law misclassification test); see also James v. Uber Techs., Inc., 2021 WL 254303, at *4 (N.D. Cal. Jan. 26, 2021). Indeed, all three prongs of the Dynamex ABC test can be traced back to factors traditionally considered under the common law misclassification test, including the right of control. Compare Dynamex, 4 Cal.5th 903; Borello, 48 Cal.3d 341.

[6] See, e.g., People v. Uber Techs., Inc., 56 Cal.App.5th 266, 317 (2020) (finding strong likelihood of success on this issue); Rogers v. Lyft, 2020 WL 1684151, at *1 (N.D. Cal. Apr. 2020); Cal. v. Maplebear Inc., No. 37-2019-00048731 (Cal. Super. Ct. Feb. 13, 2020).

Respectfully submitted,
KENT HASSELL, on behalf of himself and all others similarly situated,

By his attorneys,
*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan, SBN 310719
Anne Kramer, SBN 315131
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
Email: sliss@llrlaw.com, akramer@llrlaw.com

Dated: May 26, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served by electronic filing on May 26, 2021, on all counsel of record.

/s/ *Shannon Liss-Riordan*
Shannon Liss-Riordan, Esq.